United States District Court
Southern District of Texas
FILED

MAR 0 5 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| friend of G.M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | **Jury Trial Requested** |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Agrigenetics, Inc., d/b/a Mycogen Seeds (hereinafter "Mycogen"), by counsel, hereby answers Plaintiffs' Original Complaint (hereinafter the "Complaint") as follows. Defendant notes that, for ease of future reference, Plaintiffs' Complaint allegations are set forth verbatim with Mycogen's responses immediately following each allegation.

### PRELIMINARY STATEMENT

1.1    This is an action brought by seven migrant agricultural workers against their agricultural employer and farm labor contractors. The Plaintiffs bring this action to secure and vindicate rights afforded them under the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225 ILCS 505/1 et seq., the Illinois Field Sanitation Act ("IFSA"), 210 ILCS 105/1 et seq., and common law.

**ANSWER:**    Mycogen admits that Plaintiffs have brought an action against Mycogen under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801 *et seq.* (hereinafter "AWPA");    the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (hereinafter "IWPCA"); the Illinois Farm Labor Contractor Certification Act, 225 ILCS 505/1 *et seq.* (hereinafter "IFLCCA"); the Illinois Field Sanitation Act, 210 ILCS 105/1 *et seq.* (hereinafter "IFSA"); and under common law, but denies that it violated any law and that it is liable to Plaintiffs for any reason.    Mycogen denies that it was an "agricultural employer" with respect to the Plaintiffs.    Mycogen is without sufficient information or knowledge to admit or deny the remaining allegations contained in rhetorical Paragraph 1.1 of the Complaint and, therefore, denies the same.

1.2    Plaintiffs seek money damages, declaratory relief, and injunctive relief to redress these violations of law.

**ANSWER:**    Mycogen admits that Plaintiffs seek relief under the statutes identified in rhetorical Paragraph 1.1 of the Complaint, but deny that Plaintiffs are entitled to any relief whatsoever.

JURISDICTION AND VENUE

2.1    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

**ANSWER:**    Mycogen admits this Court has subject matter jurisdiction over federal claims under the AWPA and the FLSA and admits that the Court may exercise jurisdiction over certain state law claims pursuant to 28 U.S.C. §1367, but denies that it violated any law and that

it is liable to Plaintiffs for any reason and further denies the remaining allegations in rhetorical Paragraph 2.1 of the Complaint.

2.2    The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 1854(a).

**ANSWER:**    Mycogen admits that Plaintiffs bring federal claims under the FLSA and the AWPA, but denies the remaining allegations in rhetorical Paragraph 2.2 of the Complaint.

2.3    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the plaintiff's claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

**ANSWER:**    Mycogen admits that the Court may exercise jurisdiction over Plaintiff's claims arising under state law claims pursuant to 28 U.S.C. §1367, but denies that it would be proper to do so in this case and otherwise denies the remaining allegations in rhetorical Paragraph 2.3 of the Complaint.

2.4    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Texas Civ. Prac. & Rem. Code arts. 37.001-011 and 735 ILCS 5/2-701.

**ANSWER:**    Mycogen admits that the Court is empowered to issue a declaratory judgment under circumstances provided for under state and federal law, but denies such relief is appropriate in this matter.

2.5    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a).

**ANSWER:**   Mycogen denies that venue is proper in this district and further denies any remaining allegations set forth in rhetorical Paragraph 2.5 of the Complaint.

## PARTIES

3.1   Plaintiffs ARMANDO ALONSO, SANTOS MARTINEZ as next friend of G.M., HUGO MARTINEZ, ROGELIO SANCHEZ, and HIGINIO SANCHEZ-RAMOS are natural persons having their permanent place of residence in Cameron County, Texas.

**ANSWER:**   Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 3.1 of the Complaint and, therefore, denies the same.

3.2   Plaintiffs JOSE AGUILON and MELAQUIADES RODRIGUEZ are natural persons having their permanent place of residence in Hidalgo County, Texas.

**ANSWER:**   Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 3.2 of the Complaint and, therefore, denies the same.

3.3   Defendant AGRIGENETICS, INC. d/b/a as Mycogen Seeds [hereinafter "AGRIGENETICS"] is a Deleware (sic) corporation in the business of, among other things, detasseling corn in Illinois.

**ANSWER:**   Mycogen admits it is a Delaware corporation and that it operated a field in Illinois in 2002, and that corn was detasseled at that site.   Mycogen denies the remaining allegations contained in rhetorical Paragraph 3.3 of the Complaint.

3.4    Defendant AGRIGENETICS also does business in the State of Texas, in that AGRIGENETICS recruited and hired workers in Texas in 2002.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 3.4 of the Complaint.

3.5    Process may be served upon AGRIGENETICS through its registered agent for service of process, C T Corporation System, at 208 South LaSalle St., Chicago, Illinois 60604-1136 in Cook County.

**ANSWER:**    Mycogen admits the allegations contained in rhetorical Paragraph 3.5 of the Complaint.

3.6    Defendant PABLO MARTINEZ [hereinafter "MARTINEZ"] owns and operates a business in Belle Glade, Florida and his farm labor contractor certificate lists an address in Dade City, Florida. Upon information and belief MARTINEZ also maintains a residence in Mercedes, Texas. Plaintiffs do not know of what state MARTINEZ is a resident.

**ANSWER:**    Mycogen admits that Defendant Pablo Martinez's farm labor contractor certificate lists an address in Belle Glade, Florida, but is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 3.6 of the Complaint, and, therefore, denies the same.

3.6    Defendant MARTINEZ did business in Illinois and Texas during the periods at issue herein, acting as AGRIGENETICS' agent for the recruitment, hiring, employment, and housing of migrant agricultural labor for AGRIGENETICS' detasseling operations in Illinois.[1]

**ANSWER:**    Mycogen admits that Pablo Martinez contracted with Mycogen to provide agricultural labor in 2002 for work performed at an agricultural site in Illinois, but is without sufficient information to admit or deny the allegations pertaining to where Martinez "did business . . . during the periods at issue herein," and, therefore, denies the same, and otherwise denies the remaining allegations set forth in the second rhetorical paragraph labeled as 3.6 in the Complaint.

3.7    Defendant EUGENE MARTELL [hereinafter "MARTELL"] is a resident of Weslaco, Texas.

**ANSWER:**    Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 3.7 of the Complaint, and, therefore, denies the same.

3.8    Defendant MARTELL did business in Illinois and Texas during the periods at issue herein, acting as AGRIGENETICS' agent for the recruitment, hiring, employment, and housing of migrant agricultural labor for AGRIGENETICS' detasseling operations in Illinois.

**ANSWER:**    Mycogen admits that it contracted with a farm labor contractor to provide agricultural labor in 2002 for work performed at an agricultural site in Illinois, but is without sufficient information to admit or deny the allegations pertaining to where Defendant Martell

---

[1] Plaintiffs' Complaint includes two rhetorical paragraphs numbered 3.6.

"did business . . . during the periods at issue herein," and, therefore, denies the same, and further denies the allegations contained in rhetorical Paragraph 3.8 of the Complaint.

## STATEMENT OF FACTS

4.1    At all times relevant to this action, Plaintiffs were "migrant agricultural workers" within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A).

**ANSWER:**    Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 4.1 of the Complaint, and, therefore, denies the same.

4.2    At all times relevant to this action, Defendant AGRIGENETICS was an "agricultural employer" within the meaning of 29 U.S.C. § 1802(2).

**ANSWER:**    Mycogen denies that it was an "agricultural employer" with respect to the Plaintiffs in this action.

4.3    At all times relevant to this action, Defendant MARTINEZ was a "farm labor contractor" within the meaning of 29 U.S.C. 1802(7). At all times relevant to this lawsuit he was registered with the United States Department of Labor as a farm labor contractor. He was licensed for driving, but not housing or transportation.

**ANSWER:**    Mycogen admits that Martinez was a "farm labor contractor" in 2002, that he was so registered with the United States Department of Labor, and that he was licensed for driving, but not housing or transportation, but is without sufficient information to admit or deny the allegations pertaining to any other period of time and, therefore, denies the same.

4.4    At all times relevant to this action, Defendant MARTELL was a "farm labor contractor" within the meaning of 29 U.S.C. § 1802(7). At no time relevant to this lawsuit was he registered with the United States Department of Labor as a farm labor contractor.

**ANSWER:**    Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 4.4 of the Complaint, and, therefore, denies the same.

4.5    During the summer of 2002, Plaintiffs engaged in agricultural employment in fields owned or controlled by Defendant AGRIGENETICS.

**ANSWER:**    Mycogen admits that at least some of the Plaintiffs performed agricultural labor in 2002 on fields owned by Mycogen, but denies the remaining allegations contained in rhetorical Paragraph 4.5 of the Complaint.

4.6    During the course of this employment, Plaintiffs were employed, and were jointly employed, by Defendants:

        a.    AGRIGENETICS, INC.;

        b.    PABLO MARTINEZ; and

        c.    EUGENE MARTELL

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.6 of the Complaint.

4.7    Defendants recruited Plaintiffs in Texas to work for the Defendants in Illinois.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.7 of the Complaint.

4.8     At the time Defendants recruited Plaintiffs in Texas, Defendants failed to provide written disclosures of the terms and conditions of employment as required by the AWPA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.8 of the Complaint.


4.9     The Defendants offered and Plaintiffs accepted agricultural employment with AGRIGENETICS during the summer of 2002.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.9 of the Complaint.


4.10    The employment offered by Defendants and accepted by Plaintiffs required the Plaintiffs to be absent overnight from their permanent place of residence.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.10 of the Complaint.


4.11    Defendants made a working arrangement with Plaintiffs in Texas.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.11 of the Complaint.


4.12    This working arrangement called for, among other things, the Plaintiffs to leave their places of residence in Texas and to travel from Texas to Iowa, where Plaintiffs were housed during their work in Illinois. The working arrangement called for Defendants to house Plaintiffs in housing that complied with applicable state and federal regulations. The working arrangement called for Plaintiffs to work for Defendants, and for the Defendants to provide work on the same

terms that were provided by Defendant MARTINEZ to Plaintiffs who worked for him in previous years; namely, approximately three weeks of work at sixty to seventy hours per week.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.12 of the Complaint.


4.13    At the time Defendants recruited Plaintiffs in Texas, they knowingly provided false and misleading information to Plaintiffs regarding the terms of employment, including information establishing the working arrangement. Additionally, in Illinois, Defendants knowingly provided false and misleading information to Plaintiffs concerning the specific piece rates Defendants would pay for specific rows Plaintiffs detasseled.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.13 of the Complaint.


4.14    Plaintiffs were at all times ready to comply with the terms of the working arrangement, and Plaintiffs did in fact comply with the terms of the working arrangement.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.14 of the Complaint.


4.15    Defendant violated without justification the working arrangement made with Plaintiffs by, among other things, providing substandard housing, failing to pay Plaintiffs on regular paydays, failing to pay Plaintiffs for all the work they performed, and failing to pay Plaintiffs the piece rate promised.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.15 of the Complaint.

4.16.    Defendants failed to provide Plaintiffs with pay statements containing all the information required by the AWPA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.16 of the Complaint.


4.17    Plaintiffs suffered injury as a result of Defendants' violation of the working arrangement.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.17 of the Complaint.


4.18    Defendants entered into a contract with Plaintiffs in Texas.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.18 of the Complaint.


4.19    The contract called for, among other things, the Plaintiffs to leave their places of residence in Texas and to travel from Texas to Iowa, where Plaintiffs were housed during their work in Illinois, to work for Defendants, and for the Defendants to provide work on the same terms that were provided by Defendant MARTINEZ to Plaintiffs who worked for him in previous years; namely, approximately three weeks of work at sixty to seventy hours per week.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.19 of the Complaint.


4.20    At the time Defendants recruited Plaintiffs in Texas, they knowingly provided false and misleading information to Plaintiffs regarding the terms and conditions of employment

being offered to Plaintiffs. Additionally, in Illinois, Defendants knowingly provided false and misleading information to Plaintiffs concerning the specific piece rates Defendants would pay for specific rows Plaintiffs detasseled.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.20 of the Complaint.

4.21    Plaintiffs were at all times ready to comply with the terms and conditions of the contract entered into with Defendants, and Plaintiffs did in fact comply with the terms and conditions of the contract.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.21 of the Complaint.

4.22    Defendant breached the contract they entered into with Plaintiffs by, among other things, failing to pay Plaintiffs on regular paydays, failing to pay Plaintiffs for all the work they performed, and failing to pay Plaintiffs the piece rate promised.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.22 of the Complaint.

4.23    During the course of their employment, Plaintiffs worked on crops that were produced for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

**ANSWER:**    Mycogen admits that the individuals who worked on fields in Illinois in 2002 operated by Mycogen worked on crops that were produced for movement in interstate

commerce, but otherwise denies the allegations contained in rhetorical Paragraph 4.23 of the Complaint.

4.24    Defendants failed to pay Plaintiffs on the regular payday at least the minimum wage as required by the FLSA and the IWPCA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.24 of the Complaint.

4.25    Defendants failed to make, keep, and preserve the pay records required by the AWPA and the IWPCA with respect to each Plaintiff.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.25 of the Complaint.

4.26    Defendants failed to provide each Plaintiff with an itemized pay statement containing the information required by the AWPA, the IWPCA, and the IFLCCA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.26 of the Complaint.

4.27    Defendants failed to post in a conspicuous place at the place of Plaintiffs' employment a poster in Spanish setting forth the Plaintiffs' rights and protections under the AWPA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.27 of the Complaint.

4.28    During the course of their employment, Plaintiffs were housed in Iowa in housing owned or controlled by Defendants.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.28 of the Complaint.

4.29    This housing failed to meet the minimum safety and health standards specified under the AWPA and under applicable state and federal law.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.29 of the Complaint.

4.30    Defendant failed to obtain the required certification that Plaintiffs' housing met the minimum safety and health standards specified under the AWPA and under applicable state and federal law.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.30 of the Complaint.

4.31    Defendants failed to post a certification of occupancy in the Plaintiffs' housing.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.31 of the Complaint.

4.32    Defendants failed to post at the housing a statement in Spanish of the terms and conditions of Plaintiffs' occupancy of the housing.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.32 of the Complaint.

4.33    In connection with Plaintiffs' employment, Defendants used or caused to be used certain vehicles for the transportation of Plaintiffs, without first ensuring that the vehicles met the minimum safety standards required under the AWPA. Plaintiffs were transported in these vehicles by Defendants for approximately three hours each day.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.33 of the Complaint.


4.34    Upon information and belief, in connection with Plaintiffs' employment, Defendants transported or caused the transportation of workers without ensuring that each driver had was authorized under the AWPA to transport and/or drive workers.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.34 of the Complaint.


4.35    Defendant MARTINEZ engaged in farm labor contracting activities without being properly registered and authorized to engage in such activities, as required by the AWPA and the IFLCCA.

**ANSWER:**    Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 4.35 of the Complaint and, therefore, denies the same.


4.36    Defendant MARTELL engaged in farm labor contracting activities without being properly registered and authorized to engage in such activities, as required by the AWPA and the IFLCCA.

**ANSWER:**    Mycogen is without sufficient information or knowledge to admit or deny the allegations contained in rhetorical Paragraph 4.36 of the Complaint and, therefore, denies the same.

4.37    At all times relevant to this lawsuit, Defendant MARTINEZ was an agent and/or employee of Defendant AGRIGENETICS. Upon information and belief he had the authority to enter into a working arrangement and employment contract with Plaintiffs, delimit the terms and conditions of such arrangement and contract, and was acting within the scope of his authority when he made all of the acts or omissions made the basis of this lawsuit.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.37 of the Complaint.

4.38    At all times relevant to this lawsuit, Defendant MARTELL was an agent and/or employee of Defendant AGRIGENETICS. Upon information and belief he had the authority to enter into a working arrangement and employment contract with Plaintiffs, delimit the terms and conditions of such arrangement and contract, and was acting within the scope of his authority when he made all of the acts or omissions made the basis of this lawsuit.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.38 of the Complaint.

4.39    All of the actions and omissions alleged in the paragraphs above were undertaken by the Defendants wither directly and/or through their agents.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 4.39 of the Complaint.

### FIRST CAUSE OF ACTION: AWPA

5.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 4.39 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 4.39 of the Complaint as if fully set forth herein.

5.2    Defendants intentionally violated Plaintiffs' rights under the AWPA, inter alia, by:

     a.    failing to disclose in writing, in Spanish, the terms and conditions of employment at the time Plaintiffs were recruited as required by 29 U.S.C. § 1821(a) and § 1821(g);

     b.    knowingly providing false and misleading information to Plaintiffs regarding the terms and conditions of employment in violation of 29 U.S.C.§ 1821(f);

     d.    failing to comply with the terms of the working arrangement in violation of 29 U.S.C. § 1822(c);

     e.    failing to pay each Plaintiff the wages owed to him or her when due in violation of 29 U.S.C. § 1822(a);

     f.    failing to make, keep, and preserve pay records, and failing to provide each Plaintiff with pay statements with the information required by the AWPA, 29 U.S.C. § 1821(d)(l);

     g.    failing to post in a conspicuous place at Plaintiffs' place of employment a poster setting forth Plaintiffs' rights and remedies under the AWPA, 29 U.S.C. § 1821(b);

    h.    failing to ensure that the housing provided to Plaintiffs complied with applicable substantive federal and state health and safety standards, housing Plaintiffs without first securing certification that the housing met minimum safety and health standards, and not posting a certification of the housing's occupancy in violation of 29 U.S.C. § 1823(b)(1);

    i.    failing to post a statement in Plaintiffs' housing stating the terms and conditions of Plaintiffs' occupancy of the housing in violation of 29 U.S.C. § 1821(c);

    j.    using or causing to be used certain vehicle(s) for the transportation of Plaintiffs without first ensuring that the vehicles met certain minimum federal safety standards in violation of 29 U.S.C. § 1841(b)(1)(A);

    k.    failing to comply with the standards, licensing, and insurance requirements related to transporting workers in violation of 29 U.S.C. § 1841(b); and

**ANSWER:**     Mycogen denies each and every allegation contained in rhetorical Paragraph 5.2 of the Complaint.

5.3     Defendant MARTINEZ intentionally violated Plaintiffs' rights under the AWPA inter alia, by:

    a.    engaging in farm labor contracting activities without being properly registered and authorized to engage in such activities in violation of 29 U.S.C. § 1811(a); and

        b.       failing to obtain at Plaintiffs' place of employment and make available for inspection by them a written statement of the conditions of Plaintiffs' employment by Defendants in violation of 29 U.S.C. § 1843.

**ANSWER:**    Paragraph 5.3 of the Complaint raises no allegations against Mycogen. Therefore, Mycogen makes no response to Paragraph 5.3. To the extent that any of the allegations contained in Paragraph 5.3 are directed to Mycogen, Mycogen denies any and all such allegations.

5.4    Defendant MARTELL intentionally violated Plaintiffs' rights under the AWPA, inter alia, by:

        a.       engaging in farm labor contracting activities without being properly registered and authorized to engage in such activities in violation of 29 U.S.C. § 1811(a); and

        b.       failing to obtain at Plaintiffs' place of employment and make available for inspection by them a written statement of the conditions of Plaintiffs' employment by Defendants in violation of 29 U.S.C. § 1843.

**ANSWER:**    Paragraph 5.4 of the Complaint raises no allegations against Mycogen. Therefore, Mycogen makes no response to Paragraph 5.4. To the extent that any of the allegations contained in Paragraph 5.4 are directed to Mycogen, Mycogen denies any and all such allegations.

5.5    Defendant AGRIGENETICS intentionally violated Plaintiffs' rights under the AWPA inter alia, by:

    a.    utilizing the services of farm labor contractors without taking reasonable steps to determine that the farm labor contractors possessed valid registration certificates, and without taking reasonable steps to determine that the vehicles, drivers and housing utilized are authorized, in violation of 29 U.S.C. § 1842.

**ANSWER:**    Mycogen denies each and every allegation contained in rhetorical Paragraph 5.5 of the Complaint.

5.6    For each such violation of the AWPA, Plaintiffs are entitled to recover their actual damages or up to $500 per violation in statutory damages. Plaintiffs further seek a declaratory judgment stating that Defendants violated Plaintiffs' rights under the AWPA.

**ANSWER:**    Mycogen admits that the AWPA allows recovery of actual damages or up to $500.00 in statutory damages for certain violations of the Act, but denies that it violated any of the Plaintiffs' rights under the AWPA and further denies that Plaintiffs are entitled to any type of relief whatsoever.

5.7    Prior to filing this lawsuit, Plaintiffs made a good faith attempt to resolve the issues in dispute.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 5.7 of the Complaint.

<u>SECOND CAUSE OF ACTION: FLSA</u>

6.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 5.7 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 5.7 of the Complaint as if fully set forth herein.


6.2    At all times relevant to this action, the Plaintiffs were employed by some or all of the Defendants within the meaning of the FLSA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 6.2 of the Complaint.


6.3    The Defendants violated 29 U.S.C. §§ 201 <u>et seq.</u> by failing to pay Plaintiffs the wages required by the FLSA for each discrete work week as required by the FLSA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 6.3 of the Complaint.


6.4    As a consequence of Defendants' violations of Plaintiffs' rights under the FLSA, Plaintiffs are entitled to liquidated damages in an amount equal to minimum wages not paid on the regular paydays and costs of court, pursuant to 29 U.S.C. § 216(b). Plaintiffs further seek a declaratory judgment stating that Defendants violated Plaintiffs' rights under the FLSA.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 6.4 of the Complaint.

<u>THIRD CAUSE OP ACTION: IWPCA</u>

7.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 6.4 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 6.4 of the Complaint as if fully set forth herein.

7.2    By failing to pay Plaintiffs all the wages they were promised Defendants violated Plaintiffs' rights under the IWPCA in that they failed to pay Plaintiffs all wages earned, in violation of 820 ILCS 115/3.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 7.2 of the Complaint.

7.3    By failing to pay Plaintiffs all the wages they were owed immediately upon termination, Defendants violated Plaintiffs' rights under the IWPCA in that they failed to pay Plaintiffs' final compensation at the time of separation of employment, in violation of 820 ILCS 115/5.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 7.3 of the Complaint.

7.4    By failing to notify Plaintiffs, at the time of their hiring, of the rate of pay and of the time and place of payment, and by failing to do so in writing, Defendants violated Plaintiffs' rights under the IWPCA in that Defendants violated 820 ILCS 115/10.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 7.4 of the Complaint.

7.5    Defendants are therefore liable to Plaintiffs for their unpaid wages and Plaintiffs further seek declaratory and injunctive relief.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 7.5 of the Complaint.

## FOURTH CAUSE OF ACTION: IFLCCA

8.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 7.5 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 7.5 of the Complaint as if fully set forth herein.

8.2    Defendant MARTINEZ by his acts and omissions described above violated the rights of Plaintiffs under the IFLCCA in that he:

a.    acted as a farm labor contractor in the State of Illinois without first obtaining a certificate of registration issued by the Director of the Illinois Department of Labor, in violation of 225 ILCS 505/3;

b.    failed to pay or distribute promptly when due, to Plaintiffs, all moneys entrusted to him by any third party for such purpose, in violation of 225 ILCS 505/8(b);

c.    failed to comply with the terms and provisions of agreements and arrangements he entered into in the course of doing business as a farm labor contractor with Plaintiffs and Defendant AGRIGENETICS, in violation of 225 ILCS 505/8(c);

    d.     failed to have prominently displayed at every site where work was performed, and on all vehicles used by him for the transportation of farm workers, a written statement in Spanish showing the rate of compensation the contractor was receiving and the rate of compensation he was paying to Plaintiffs in violation of 225 ILCS 505/8(d);

    e.     failed to keep records as required by 225 ILCS 505/8(e);

    f.     failed to file with the Illinois Department of Labor a statement containing information required by the IFLCCA, thereby violating 225 ILCS 505/9(a); and

    g.     failed to disclose the information required by the IFLCCA to be disclosed to Plaintiffs, at the time of their recruitment, thereby violating 225 ILCS 505/9(b).

**ANSWER:**    Paragraph 8.2 of the Complaint raises no allegations against Mycogen. Therefore, Mycogen makes no response to Paragraph 8.2.  To the extent that any of the allegations contained in Paragraph 8.2 are directed to Mycogen, Mycogen denies any and all such allegations.


    8.3    As a consequence of Defendant MARTINEZ's violations of Plaintiffs' rights under the IFLCCA, Plaintiffs seek a declaratory judgment, injunctive relief, and the greater of actual damages suffered by them or $500 in statutory damages for each violation for each Plaintiff.

**ANSWER:**    Paragraph 8.3 of the Complaint raises no allegations against Mycogen. Therefore, Mycogen makes no response to Paragraph 8.3.  To the extent that any of the

allegations contained in Paragraph 8.3 are directed to Mycogen, Mycogen denies any and all such allegations.

       8.4    Defendant MARTELL by his acts and omissions described above violated the rights of Plaintiffs under the IFLCCA in that he:

      a.    acted as a farm labor contractor in the State of Illinois without first obtaining a certificate of registration issued by the Director of the Illinois Department of Labor, in violation of 225 ILCS 505/3;

      b.    failed to pay or distribute promptly when due, to Plaintiffs, all moneys entrusted to him by any third party for such purpose, in violation of 225 ILCS 505/8(b);

      c.    failed to comply with the terms and provisions of agreements and arrangements he entered into in the course of doing business as a farm labor contractor with Plaintiffs and Defendant AGRIGENETICS, in violation of 225 ILCS 505/8(c);

      d.    failed to have prominently displayed at every site where work was performed, and on all vehicles used by him for the transportation of farm workers, a written statement in Spanish showing the rate of compensation the contractor was receiving and the rate of compensation he was paying to Plaintiffs in violation of 225 ILCS 505/8(d);

      e.    failed to keep records as required by 225 ILCS 505/8(e);

      f.    failed to file with the Illinois Department of Labor a statement containing information required by the IFLCCA, thereby violating 225 ILCS 505/9(a); and

g.    failed to disclose the information required by the IFLCCA to be disclosed to Plaintiffs, at the time of their recruitment, thereby violating 225 ILCS 505/9(b).

**ANSWER:**    Paragraph 8.4 of the Complaint raises no allegations against Mycogen. Therefore, Mycogen makes no response to Paragraph 8.4.  To the extent that any of the allegations contained in Paragraph 8.4 are directed to Mycogen, Mycogen denies any and all such allegations.

8.5    As a consequence of Defendant MARTELL's violations of Plaintiffs' rights under the IFLCCA, Plaintiffs seek a declaratory judgment, injunctive relief, and the greater of actual damages suffered by them or $500 in statutory damages for each violation for each Plaintiff.

**ANSWER:**    Paragraph 8.5 of the Complaint raises no allegations against Mycogen. Therefore, Mycogen makes no response to Paragraph 8.5.  To the extent that any of the allegations contained in Paragraph 8.5 are directed to Mycogen, Mycogen denies any and all such allegations.

## FIFTH CAUSE OF ACTION: IFSA

9.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 8.5 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 8.5 of the Complaint as if fully set forth herein.

9.2    Defendants violated the IFSA in:

  a.  failing to provide toilet facilities meeting the requirements of 210 ILCS 105/5;

  b.  failing to provide handwashing facilities meeting the requirements of 210 ILCS 105/6;

  c.  failing to provide drinking water facilities meeting the requirements of 210 ILCS 105/7;

  d.  failing to provide such facilities in a number sufficient to meet the requirements of 210 ILCS 105/8; and

  e.  failing to locate such facilities within one quarter of a mile from any worker as required by 210 ILCS 105/9.

  **ANSWER:**  Mycogen denies the allegations contained in rhetorical Paragraph 9.2 of the Complaint.

  9.3  Plaintiffs were aggrieved by these willful violations of the IFSA and seek declaratory, injunctive, and other relief as will do justice and enforce the purpose of the act.

  **ANSWER:**  Mycogen denies the allegations contained in rhetorical Paragraph 9.3 of the Complaint.

**SIXTH CAUSE OF ACTION: BREACH OF CONTRACT**

  10.1  Plaintiffs reincorporate and reallege paragraphs 1.1 through 9.3 of this complaint as if fully set forth herein.

  **ANSWER:**  Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 9.3 of the Complaint as if fully set forth herein.

10.2    Defendants entered into an employment contract with Plaintiffs.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 10.2 of the Complaint.

10.3    Defendants breached the contract of employment by failing to comply with the promised terms and conditions of employment.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 10.3 of the Complaint.

10.4    As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered substantial injury.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 10.4 of the Complaint.

10.5    Defendants are therefore liable to Plaintiffs for actual, incidental, and consequential damages, and for costs under Tex. Civ. Prac. & Rem. Code § 38.001.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 10.5 of the Complaint.

## SEVENTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

11.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 10.5 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 10.5 of the Complaint as if fully set forth herein.

11.2    Defendants, in the course of their business and/or in a transaction in which the Defendants had an interest, made false representations to Plaintiffs.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.2 of the Complaint.

11.3    Defendants supplied this false information for Plaintiffs' guidance.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.3 of the Complaint.

11.4    Defendants did not use reasonable care in obtaining or communicating this information.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.4 of the Complaint.

11.5    Defendants made these representations with malice as the term is defined by Tex. Civ. Prac. & Rem. Code § 41.001(7).

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.5 of the Complaint.

11.6    Plaintiffs justifiably relied on the representations made by Defendants.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.6 of the Complaint.

11.7    Defendants' negligent misrepresentation proximately caused injury to Plaintiffs.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.7 of the Complaint.

11.8    Defendants are therefore liable to Plaintiffs for their actual damages in the form of pecuniary loss.  In addition, the law allows the imposition of exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a)(2).

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 11.8 of the Complaint.

<u>EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, TRAINING, OR RETENTION OF AN EMPLOYEE</u>

12.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 11.8 of this complaint as if fully set forth herein.

**ANSWER:**    Mycogen reincorporates by reference its responses to Paragraphs 1.1 through 11.8 of the Complaint as if fully set forth herein.

12.2    Defendant AGRIGENETICS owed Plaintiffs as employees and members of the public at large, a duty to hire, supervise, train, and/or retain competent employees and independent contractors, where Defendant AGRIGENETICS retained the right to control the contractor's work.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 12.2 of the Complaint.

12.3    Defendant AGRIGENETICS breached that duty by failing to use ordinary care in hiring, supervising, training, and/or retaining Defendants MARTINEZ and MARTELL and

because Defendants MARTINEZ and MARTELL committed the toil of negligent misrepresentation and thereby injured Plaintiffs.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 12.3 of the Complaint.

12.4    Defendant's breach proximately caused Plaintiffs' injuries.

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 12.4 of the Complaint.

12.5    Defendant's breach was done with malice as the term is defined by Tex. Civ. Prac. & Rem. Code § 41.001(7).

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 12.5 of the Complaint.

12.6    Defendant is therefore liable to Plaintiffs for their actual damages. In addition, the law allows the imposition of exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a)(2).

**ANSWER:**    Mycogen denies the allegations contained in rhetorical Paragraph 12.6 of the Complaint.

PRAYER FOR RELIEF

13.1    WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

a.    Enter a declaratory judgment that Defendants AGRIGENETICS, PABLO MARTINEZ, and EUGENE MARTELL violated Plaintiffs' rights under the AWPA, FLSA, IWPCA, and IFSA and that Defendants committed negligent misrepresentation and that Defendants breached the employment contract with Plaintiffs;

b.    Enter a declaratory judgment that Defendant AGRIGENETICS, negligently hired, supervised, trained, or retained Defendants PABLO MARTINEZ and EUGENE MARTELL;

c.    Enter a declaratory judgment that Defendants PABLO MARTINEZ and EUGENE MARTELL violated Plaintiffs' rights under the IFLCCA;

d.    Award Plaintiffs their actual damages or, alternatively, statutory damages in the amount of $500 per person per violation for each violation of the AWPA by each Defendant;

e.    Award Plaintiffs, as liquidated damages, the amount of their minimum wages that went unpaid on their regular paydays, for Defendants' violations of the FLSA;

f.    Award Plaintiffs their unpaid wages under the IWPCA;

g.    Award Plaintiffs the greater of their actual damages or statutory damages of $500 per person per violation for Defendant PABLO MARTINEZ's violations of the IFLCCA;

h.    Award Plaintiffs the greater of their actual damages or statutory damages of $500 per person per violation for Defendant EUGENE MARTELL's violations of the IFLCCA;

i.      Enter a permanent injunction requiring Defendants to comply with the IWPCA and IFSA and enter a permanent injunction requiring Defendant PABLO MARTINEZ to comply with the IFLCCA;

j.      Award Plaintiffs their actual, incidental, and consequential damages resulting from Defendants' breach of contract;

k.      Award Plaintiffs their actual damages and award exemplary damages for Defendants' negligent misrepresentation;

l.      Award Plaintiffs their actual damages and award exemplary damages for Defendant AGRIGENETICS' negligent hiring, supervision, training, and/or retention of Defendants PABLO MARTINEZ and EUGENE MARTELL;

m.      Award Plaintiffs pre- and post-judgment interest as allowed by law;

n.      Award Plaintiffs their reasonable expenses and costs of court; and

o.      Award Plaintiffs such other relief as this Court deems just and proper.

**ANSWER:**    Mycogen denies that Plaintiffs are entitled to any type of relief whatsoever.

## Second Defense

The Court lacks personal jurisdiction over Defendant Mycogen.

## Third Defense

Venue in this Court is improper.

## Fourth Defense

The doctrine of *forum non conveniens* requires transfer of venue to a different Court.

## Fifth Defense

Subject to a reasonable opportunity for investigation and discovery, Defendant acted in good faith and had reasonable grounds to believe that its actions were lawful.

## Sixth Defense

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiffs' claims or allegations are barred by the applicable statutes of limitations.

## Seventh Defense

Subject to a reasonable opportunity for investigation and discovery, Plaintiffs failed to mitigate their damages.

## Eighth Defense

Subject to a reasonable opportunity for investigation and discovery, Plaintiffs' remedies are limited by the doctrine of after-acquired evidence.

## Ninth Defense

Some or all of the Plaintiffs' claims are barred by the equitable doctrine of waiver and estoppel.

## Tenth Defense

All of Mycogen's actions were legally justifiable under the circumstances.

## Eleventh Defense

All of Mycogen's actions were taken in good faith.

## Twelfth Defense

Subject to a reasonable opportunity for investigation and discovery, Plaintiffs failed to state claims upon which relief can be granted.

## Thirteenth Defense

Plaintiffs' claims are barred to the extent they failed to exhaust administrative remedies.

## Fourteenth Defense

All or a portion of Plaintiffs' claims are barred by the employment at will doctrine.

## Fifteenth Defense

Plaintiffs' request for exemplary or punitive damages is barred or limited by the state and/or federal Constitution.

## Sixteenth Defense

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**Seventeenth Defense**

Mycogen never employed any of the Plaintiffs.

WHEREFORE, Mycogen respectfully requests that the Court enter judgment in its favor and against Plaintiffs, that Plaintiffs take nothing by way of their Complaint, that costs and attorney's fees be assessed against the Plaintiffs, and that Mycogen be awarded all other appropriate relief.

Respectfully submitted,

Frank L. Hill
State Bar No. 09632500
Regina C. Williams
State Bar No. 21606100
THOMPSON & KNIGHT, L.L.P.
1900 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701
Telephone: (512) 469-6100
Facsimile: (512) 469-6180

ATTORNEYS FOR DEFENDANT,
AGRIGENETICS, INC. D/B/A
MYCOGEN SEEDS

OF COUNSEL:
Kenneth J. Yerkes (2084-49)
Mark W. Clark (18578-02)
BARNES & THORNBURG
11 South Meridian Street
Indianapolis, IN 46204
Telephone:    317-236-1313
Facsimile:    317-231-7433
E-mail: kyerkes@btlaw.com
E-mail: mclark@btlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this *4th*

day of March, 2004, by depositing a copy of the same in the United States mail, first class

postage prepaid and properly addressed to the following counsel of record:

       Nathaniel Norton
       Rodolfo D. Sanchez
       Texas Riogrande Legal Aid, Inc.
       300 South Texas
       Weslaco, TX  78596

                           Regina C. Williams