14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern Di      . Texas
Fi .

MAY 0 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Armando Alonso, et al. | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | Civil Action B-04-005 |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| et al. | § | |
| | § | |
| **Defendants.** | § | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**
**UNDER FRCP 26(f)**

1.      State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

        **The meeting was held on May 5, 2004 via telephone.  Nathaniel Norton and Rodolfo D. Sanchez, attorneys for Plaintiffs, and Eugene Martell, Defendant (*pro se*) participated from the offices of Texas RioGrande Legal Aid in Weslaco, Texas. Frank L. Hill and Mark W. Clark, attorneys for Defendant Agrigenetics, Inc., participated from their respective offices in Austin, Texas and Indianapolis, Indiana.**
        **Defendant Pablo Martinez did not participate in the meeting as he has not filed an answer or otherwise entered an appearance in this case.**

2.      List the cases related to this one that are pending in any state of federal court with the case number and the court.

        **None.**

3.      Specify the allegation of federal jurisdiction.

        **29 U.S.C. § 1854(a) (AWPA)**
        **29 U.S.C. § 216(b) (FLSA)**
        **28 U.S.C. § 1331 (federal question)**
        **28 U.S.C. § 1337 (interstate commerce)**
        **28 U.S.C. § 1367 (supplemental jurisdiction over state law claims)**

4.      Name the parties who disagree and the reasons.

**Plaintiffs and Defendant Agrigenetics, Inc. agree with the Plaintiffs' allegations of subject matter jurisdiction. Defendant Agrigenetics disagrees with Plaintiffs' allegations of personal jurisdiction and is the subject of a motion to dismiss. See answer to number 19.**

5.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Plaintiffs have other clients who worked with Plaintiffs and who have similar claims to those in this suit. Plaintiffs hope to add these clients as Plaintiffs within the next month. They are:**

**Everardo Garcia**
**Francisco Rodriguez**
**Rodolfo Rodriguez**
**Armando Cisneros**
**Agustin Martinez**
**Edilberto Martinez**
**Enrique Rodriguez**
**Jaime Pacheco**

6.    List anticipated interventions.

**There are none presently known.**

7.    Describe class-action issues.

**None.**

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a)

**If the Court allows it, the parties have agreed to waive Rule 26(a) initial disclosures and make disclosures through other discovery.**

9.    Describe the proposed agreed discovery plan, including:

a.    Responses to all the matters raised in Rule 26(f).

**None.**

b.    When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiffs intend to send interrogatories to each of the Defendants within 60 days after the Rule 26(f) meeting.**

c.   When and to whom the defendant anticipates it may send interrogatories.

**Defendants intend to send interrogatories to the Plaintiffs within 60 days after the Rule 26(f) meeting.**

d.   Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiffs anticipate that they will take oral depositions of one or more of the following persons: defendants, forepersons, employees, and corporate officers of Defendant Agrigenetics, Inc., and other persons whose identity is made known to Plaintiffs in the course of discovery. Plaintiffs anticipate completing oral depositions in this case within 300 days after the initial scheduling conference.**

e.   Of whom and by when the defendant anticipates taking oral depositions.

**Defendants anticipates that they will take oral depositions of each of the Plaintiffs and anticipate completing depositions within 300 days after the initial scheduling conference.**

f.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**At this time, the parties do not anticipate the need to use expert witnesses.**

g.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

**No experts anticipated at this time.**

h.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

**No experts anticipated at this time.**

10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties are agreed.**

11.   Specify the discovery beyond initial disclosures that has been undertaken to date.

**There has been none.**

12. State the date the planned discovery can reasonably be completed.

   **Plaintiffs believe that discovery can be completed 300 days after the initial scheduling conference.**

13. Describe the possibilities for a prompt settlement of resolution of the case that were discussed in your Rule 26(f) meeting.

   **Prior to filing this lawsuit, Plaintiffs sent written correspondence to the Defendants in an attempt to resolve these claims, but were unable to do so. Parties are willing to discuss the possibility of settlement as the case progresses.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **Prior to filing this lawsuit, Plaintiffs sent written correspondence to the Defendants in an attempt to resolve these claims, but were unable to do so. Parties are willing to discuss the possibility of settlement as the case progresses.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

   **The parties agree that alternative dispute resolution techniques may be appropriate if, after discovery, the parties are unable to reach a settlement. The parties will consider this topic again as the case progresses.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **The parties have agreed to examine this issue closely and make a decision on this by the time of the May 24, 2004 status conference.**

17. State whether a jury demand has been made and if it was made on time.

   **Plaintiffs have made a timely demand for a jury.**

18. Specify the number of hours it will take to present the evidence in this case.

   **The parties estimate that it will take 50 hours to try this case.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling

4

conference.

**- Defendant Agrigenetics, Inc.'s Motion to Dismiss or, in the Alternative to Transfer Venue**

**- Plaintiff's Response to Defendant Agrigenetics, Inc.'s Motion to Dismiss or, in the Alternative to Transfer Venue**

20.   List other motions pending.

**None.**

21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**- It is most likely that many of the Plaintiffs will migrate from their homes to work during part of this litigation.**

**- Defendant Martell indicates that he and Defendant Pablo Martinez will be out of the state in July and September.**

**- Please see answer to number 19.**

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiffs:**

**Nathaniel Norton**
**Texas Bar No. 24037196**
**S.D. No. 33422**
**TEXAS RURAL LEGAL AID, INC.**
**300 South Texas**
**Weslaco, TX 78596**
**Ph: 956-968-9574**
**Fax: 956-968-8823**
**Attorney-in-Charge for Plaintiffs**

**Rodolfo D. Sanchez**
**Texas Bar No. 17572100**
**S.D. No. 12600**
**TEXAS RURAL LEGAL AID, INC.**
**300 South Texas**
**Weslaco, TX 78596**
**Ph: 956-968-9574**
**Fax: 956-968-8823**
**Co-Counsel for Plaintiffs**

**Counsel for Defendants Agrigenetics, Inc.:**

**Kenneth Yerkes**
**Indiana Bar No. 2084-49**
**Barnes & Thornburg**
**11 S. Meridian St.**
**Indianapolis, IN 46204**
**Ph: 317-236-1313**
**Fax: 317-231-7433**

**Mark W. Clark**
**Indiana Bar No. 18578-02**
**Barnes & Thornburg**
**11 S. Meridian St.**
**Indianapolis, IN 46204**
**Ph: 317-236-1313**
**Fax: 317-231-7433**

**Frank L. Hill**
**State Bar No. 09631500**
**Thompson & Knight, LLP**
**98 San Jacinto Blvd., Ste. 1900**
**Austin, TX 78701**
**Ph: 512-469-6100**
**Fax: 512-469-6180**

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Ph: 956-968-9574
Fax: 956-968-8823
Attorney-in-Charge for Plaintiffs

Frank L. Hill w/ permission NN
Frank L. Hill
State Bar No. 09631500

6

Thompson & Knight, LLP
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701
Ph: 512-469-6100
Fax: 512-469-6180
Attorney-in-Charge for Defendant
Agrigenetics, Inc.

Eugene Martell
620 Nevada
Weslaco, TX 78596
ph: 956-968-2756
Defendant, *pro se*

CERTIFICATE OF SERVICE

I, Nathaniel Norton, certify that a true and correct copy of this Joint Discovery/Case Management Plan Under Rule 26(f) was served on the following people via certified mail / return receipt requested or hand-delivery, as noted below on May 6, 2004.

Frank L. Hill                          cm/rrr:  7002 2030 0005 5894 5756
Thompson & Knight, LLP
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Eugene Martell                         Hand-delivery
620 Nevada
Weslaco, TX 78596

Pablo Martinez                         cm/rrr:  7002 2030 0005 5894 5763
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Nathaniel Norton

8