17

United States District Court
Southern District of Texas
FILED

MAY 2 4 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| Friend of G. M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | Jury Trial Requested |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AGRIGENETICS, INC.'S REPLY TO
PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO TRANSFER VENUE**

Comes now Defendant Agrigenetics, Inc. d/b/a Mycogen Seed ("Mycogen") and files its

Reply to Plaintiffs' Response to Defendant's Motion to Transfer Venue, seeking to transfer this

action to the Rock Island Division of the Central District of Illinois for the convenience of the

parties and witnesses and in the interests of justice.

**I. INTRODUCTION**

Plaintiffs filed this action against Mycogen seeking damages for alleged breach of

contract and statutory violations of the Migrant and Seasonal Agricultural Worker Protection Act

(the "Worker Protection Act"), 29 U.S.C. §§ 1801, *et seq;* the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.;* the Illinois Wage Payment and Collection Act ("IWPCA"),

820 ILCS 115/1 *et seq.;* the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225

ILCS 505/1 *et seq.;* the Illinois Field Sanitation Act ("IFSA"), 210 ILCS 105/1 *et seq.;* and

common law. Although Plaintiffs filed suit in the Brownsville Division of the Southern District

of Texas, the majority of Plaintiffs' claims arise out of activities that took place in 2002 in

Henderson and Mercer Counties, Illinois or housing near these counties, which are located in the

Rock Island Division.[1] In addition, the operative facts that alleged constitute Plaintiffs' tendered

performance and Defendant's purported breach of contract occurred in and around Henderson

and Mercer Counties, Illinois.

Mycogen has moved this Court for a transfer of venue to the Rock Island Division of

Illinois based on the doctrine of *forum non conveniens*.[2] Because the great majority of the

alleged wrongs arose in that division, a substantial majority of the material non-party witnesses

reside in and around that division, the housing at issue is located near that division, and that

division is more convenient for the parties, this case should be transferred.

## II. VENUE UNDER THE WORKER PROTECTION ACT

In their Response to Defendant's Motion to Transfer Venue, Plaintiffs' overstate the

deference accorded to Plaintiffs' choice of forum. Plaintiffs   29 U.S.C. § 1854(a) does not

contain an exception to the general venue rule in 28 U.S.C. § 1391(b). Rather, that section of the

Worker Protection Act merely states that an aggrieved party "*may* file suit in any district court . .

---

[1]   *See,* Plaintiffs' Complaint, ¶ 4.12.

[2]   In addition to its request for transfer, Mycogen moved the Court to dismiss the action due to lack of personal jurisdiction and/or improper venue grounds. Plaintiffs argue in their response brief that absent an evidentiary hearing, they need only present a prima facie case with respect to personal jurisdiction at this early stage of the litigation. For the reasons set forth in the original motion, Mycogen disagrees that Plaintiffs have cleared even that hurdle. For example, Plaintiffs assume without discussion that Mr. Martinez and/or Mr. Martell were agents of Mycogen. However, the test for determining agency—as opposed to an independent contractor relationship—is a finding that the principal has both the right to assign the agent's task and the right to control the means and details by which the agent will accomplish the task. *See Flores v. A.C., Inc.,* 2003 U.S. Dist. Lexis 3693. Plaintiffs cannot establish this point or, more importantly, that Mycogen had any purposeful contacts with Texas relating to the allegations raised in Plaintiffs' Complaint. Regardless, Mycogen reserves the right to raise the issue again once additional facts relevant to this issue are further discovered and the need for an evidentiary hearing is established.

. having jurisdiction of the parties." 29 U.S.C. § 1854(a) (emphasis added).  Only one court, in a decision not published in the Federal Supplement, has deemed that provision an "exception" to the general venue statute.[3]  That court, as well as other courts interpreting the statute, went on to hold that the case could be transferred if a balance of conveniences favored such a transfer.[4]

The venue provision of the Worker Protection Act is by no means mandatory, as evidenced by Congress' choice of the word "may" rather than "shall" or "must."  Nothing in the statute requires that venue be wherever the Plaintiffs reside and nothing in the statute prevents a transfer from one district court to another based on *forum non conveniens.*

### III. *FORUM NON CONVENIENS* ANALYSIS

As addressed in depth in Defendant's Motion to Transfer Venue, courts consider eight factors in determining whether the convenience of the parties and witnesses and the interests of justice favor transfer.[5]  Some of those factors were addressed by Plaintiffs and will be responded to herein; an evaluation of all factors, as was set forth in Defendant's Motion, clearly favors a transfer of venue to the Rock Island Division.

### A.    The convenience of the parties.

Although many of the Plaintiffs reside in the Brownsville Division, a plaintiff's choice of forum should only be given "minimal consideration" when the location of the evidence,

---

[3]   *See Islas v. Adams,* 138 Lab. Cas. (CCH) P33,931, *3 (S.D. Tex. 1999).

[4]   *Id.; see also, Gurrola v. Griffin & Brand Sales Agency, Inc.,* 524 F. Supp. 115, 117 (S.D. Tex. 1980).

[5]   *See,* Defendant's Motion to Transfer Venue, 6-13, listing the factors of: (i) the convenience of the parties; (ii) the convenience of material witnesses; (iii) the availability of process to compel the presence of unwilling witnesses; (iv) the cost of obtaining the presence of witnesses; (v) the relative ease of access to sources of proof; (vi) calendar congestion; (vii) where the events in issue took place; and (viii) the interests of justice in general.

witnesses, and the alleged wrong all point to a venue other than the one selected.[6] The

appropriate venue in this case is the Rock Island Division of the Central District of Illinois.

Many of Plaintiffs' complaints arise from claims that Defendant provided substandard

housing to Plaintiffs near the Rock Island Division and engaged in other housing-related

violations of the Act. While Plaintiffs and their residence can migrate, housing can not. The

housing issues in this lawsuit will be vigorously contested. A resolution of such issues will

undoubtedly involve the testimony of disinterested parties; the lessors of the properties, who are

located in the Rock Island area; and other persons with knowledge regarding the required

postings and certification of housing or who observed the same. While witnesses can be

deposed, the forum chosen by Plaintiffs puts many of them outside subpoena range of the court.

All of the losses allegedly suffered by Plaintiffs stemming from failure to deliver promised work

occurred while they were in Henderson and Mercer Counties, Illinois. Because many of the

witnesses who are critical to the defense of these claims are located in or near those counties, the

Plaintiffs' forum selection should only be given minimal consideration, and the case should be

transferred to where it properly belongs: Rock Island.

**B.      The convenience of material witnesses.**

The convenience of material witnesses has been ranked as probably the most important in

---

[6] *See,* Defendant's Motion to Transfer Venue, 7. Plaintiffs attempt to refute this argument by pointing to the fact that, in all of the cases cited by Defendant for this assertion, the plaintiffs did not live in the district where suit had been brought. *See,* Plaintiffs' Response at 17, n52. The location of the plaintiff is neither a consideration under the general venue statute, 28 U.S.C. § 1391(b), nor under the factors to determine transfer under *forum non conveniens.*

DEFENDANT AGRIGENETICS, INC.'S REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE— **Page 4**      500149 000004 AUSTIN 210528.1

determining a motion under *forum non conveniens.*[7]  As mentioned, the lessors and other witnesses to the housing and work situation, including other Mycogen employees listed in Defendant's motion, are located in or near the Rock Island Division.  Plaintiffs conveniently ignore the fact that air travel to Brownsville is virtually non-existent.[8]  Therefore, maintaining the case in Brownsville would cause a tremendous inconvenience not only to Mycogen's representatives, who are among Defendant's key witnesses, and not only to its counsel, but most importantly to a large number of non-party witnesses.  Because the convenience of witnesses is the most important factor to consider, this case should be transferred to the Rock Island Division.

C.      **The interests of justice.**

The interests of justice require that this case be transferred to the division that has the most factual connection with the case and that, due to its geographical location, is the most convenient for all parties —Rock Island.

### IV. CONCLUSION

For the reasons stated herein, coupled with the reasons set forth in Defendant's Motion to Transfer Venue, this case should be transferred to the Rock Island Division of the Central District of Illinois.

---

[7]  *See* Defendant's Motion to Transfer Venue at 8, n26.

[8]  Defendant asks the Court to take judicial notice that commercial airlines do not regularly fly into Brownsville, Texas.

**DEFENDANT AGRIGENETICS, INC.'S REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE— Page 5**      500149 000004 AUSTIN 210528.1

Respectfully submitted,

By: _____
Frank L. Hill
State Bar No. 09631500

THOMPSON & KNIGHT, L.L.P.
1900 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701
(512) 469-6100
FAX (512) 469-6180

ATTORNEYS FOR AGRIGENETICS, INC.
d/b/a MYCOGEN SEEDS

OF COUNSEL:

Kenneth J. Yerkes
Indiana State Bar No. 2084-49
Mark W. Clark
Indiana State Bar No. 18578-02
BARNES & THORNBURG
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313
FAX (317) 231-7433

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by FedEx overnight delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

_____
Frank L. Hill

DEFENDANT AGRIGENETICS, INC.'S REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE— Page 6    500149 000004 AUSTIN 210528.1