20

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| friend of G. M., Hugo Martinez, | § | |
| Jose Aguillon, and Higinio Sanchez-Ramos | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | **Civil Action No. B-04-005** |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' OPPOSED MOTION TO ADD PARTIES AND
## FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT
## WITH SUPPORTING AUTHORITIES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs ask leave of court pursuant to Rules 15(a) and 20 of the Federal Rules of

Civil Procedure, to file the following amendment to their complaint, previously filed in

the above-entitled and numbered cause. The proposed amendment adds several

Plaintiffs, thereby changing the caption, and would amend paragraphs 3.1 and 3.2 as

follows:

> 3.1    Plaintiffs ARMANDO ALONSO, GABINO MARTINEZ, HUGO
> MARTINEZ, ROGELIO SANCHEZ, HIGINIO SANCHEZ-RAMOS,
> EDILBERTO MARTINEZ, JAIME PACHECO, ENRIQUE
> RODRIGUEZ, RODOLFO RODRIGUEZ, FRANCISCO RODRIGUEZ,
> and ARMANDO CISNEROS, are natural persons having their permanent
> place of residence in Cameron County, Texas.

> 3.2    Plaintiffs JOSE AGUILON, MELAQUIADES RODRIGUEZ,
> EVERARDO GARCIA, and AGUSTIN MARTINEZ are natural persons
> having their permanent place of residence in Hidalgo County, Texas.

In support of this motion Plaintiffs would show the following:

1.  Federal Rule of Civil Procedure 15 allows a party to amend its pleadings "by leave of court or by written consent of the adverse party," and it states that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Rule 15(a) "evinces a bias in favor of granting leave [to amend]" when justice so requires. State of La. v. Litton Mort. Co., 50 F.3d 1298, 1303 (5th Cir. 1995). In exercising its discretion, a court may consider such factors as (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) futility of amendment; and (5) undue prejudice to the opposing party by virtue of allowance of the amendment. Id. The Fifth Circuit has noted that a district court should err on the side of allowing amendment. Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982), cert. denied, 464 U.S. 814 (1983).

2.  Gabino Martinez has reached majority and no longer needs Santos Martinez to sue as next friend on his behalf.

3.  The deadline to file motions to add parties is July 30, 2004; therefore this motion is timely filed.

4.  The claims of Edilberto Martinez, Jaime Pacheco, Enrique Rodriguez, Rodolfo Rodriguez, Francisco Rodriguez, Armando Cisneros, Everardo Garcia, and Agustin Martinez against the defendants arise from the same transaction, occurrence, or series of transactions and occurrences. Moreover, most, if not all, questions of law and fact are common to all parties. Therefore, not only is joinder of these individuals in this action is

proper under Federal Rule of Civil Procedure 20, but it is also the most efficient procedure for resolving their claims.

5. Defendants Agrigenetics and Pablo Martinez, at least, have been aware of these individuals (except for possibly Jaime Pacheco) and their claims since prior to the filing of this lawsuit. Plaintiffs' counsel listed the above individuals along with the current Plaintiffs in demand letters sent to Defendants Agrigenetics and Pablo Martinez in January and February of 2003. Therefore, granting this motion will not prejudice Defendants and it will not cause undue delay.

6. This motion is not made in bad faith.

For the forgoing reasons and so that the interests of justice may be served, the Plaintiffs respectfully move the Court to grant them leave to add Edilberto Martinez, Jaime Pacheco, Enrique Rodriguez, Rodolfo Rodriguez, Francisco Rodriguez, Armando Cisneros, Everardo Garcia, and Agustin Martinez as plaintiffs to this action and to file Plaintiffs' First Amended Complaint which is attached as Exhibit A to this motion. The First Amended Complaint incorporates Edilberto Martinez, Jaime Pacheco, Enrique Rodriguez, Rodolfo Rodriguez, Francisco Rodriguez, Armando Cisneros, Everardo Garcia, and Agustin Martinez and their claims.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas

Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Co-Counsel for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 22, 2004, I conferred with counsel of record for Defendant Agrigenetics, Inc., Frank Hill, and he indicated that he was opposed to this motion.

Nathaniel Norton

## CERTIFICATE OF SERVICE

I hereby certify that on July 2ᵗʰ, 2004, a true and correct copy of the foregoing document was served on Defendants as listed below by first class U.S. mail.

Frank L. Hill
Thompson & Knight
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Eugene Martell
620 Nevada St.
Weslaco, TX 78596

Pablo Martinez
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Nathaniel Norton



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Gabino Martinez, | § | |
| Hugo Martinez, Jose Aguilon, | § | |
| Higinio Sanchez-Ramos, Edilberto Martinez, | § | Civil Action No. B-04-005 |
| Jaime Pacheco, Enrique Rodriguez, | § | |
| Rodolfo Rodriguez, Francisco Rodriguez, | § | |
| Armando Cisneros, Everardo Garcia, and | § | |
| Agustin Martinez | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | Jury Trial Requested |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

PLAINTIFFS' FIRST AMENDED COMPLAINT

PRELIMINARY STATEMENT

1.1.    This is an action brought by seven migrant agricultural workers against

their agricultural employer and farm labor contractors.  The Plaintiffs bring this action to

secure and vindicate rights afforded them under the Agricultural Worker Protection Act

("AWPA"), 29 U.S.C. §§ 1801 et seq., the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820

ILCS 115/1 et seq., the Illinois Farm Labor Contractor Certification Act ("IFLCCA"),

225 ILCS 505/1 et seq., the Illinois Field Sanitation Act ("IFSA"), 210 ILCS 105/1 et

seq., and common law.

1.2.    Plaintiffs seek money damages, declaratory relief, and injunctive relief to redress these violations of law.

JURISDICTION AND VENUE

2.1    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

2.2    The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 1854(a).

2.3    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the plaintiff's claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

2.4    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Texas Civ. Prac. & Rem. Code arts. 37.001-.011 and 735 ILCS 5/2-701.

2.5    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1854(a).

PARTIES

3.1    Plaintiffs ARMANDO ALONSO, GABINO MARTINEZ, HUGO MARTINEZ, ROGELIO SANCHEZ, HIGINIO SANCHEZ-RAMOS, EDILBERTO MARTINEZ, JAIME PACHECO, ENRIQUE RODRIGUEZ, RODOLFO RODRIGUEZ, FRANCISCO RODRIGUEZ, and ARMANDO CISNEROS, are natural persons having their permanent place of residence in Cameron County, Texas.

3.2     Plaintiffs JOSE AGUILON, MELAQUIADES RODRIGUEZ, EVERARDO GARCIA, and AGUSTIN MARTINEZ are natural persons having their permanent place of residence in Hidalgo County, Texas

3.3     Defendant AGRIGENETICS, INC. d/b/a as Mycogen Seeds [hereinafter "AGRIGENETICS"] is a Deleware corporation in the business of, among other things, detasseling corn in Illinois.

3.4     Defendant AGRIGENETICS also does business in the State of Texas, in that AGRIGENETICS recruited and hired workers in Texas in 2002.

3.5     Process may be served upon AGRIGENETICS through its registered agent for service of process, C T Corporation System, at 208 South LaSalle St., Chicago, Illinois 60604-1136 in Cook County.

3.6     Defendant PABLO MARTINEZ [hereinafter "MARTINEZ"] owns and operates a business in Belle Glade, Florida and his farm labor contractor certificate lists an address in Dade City, Florida. Upon information and belief MARTINEZ also maintains a residence in Mercedes, Texas. Plaintiffs do not know of what state MARTINEZ is a resident.

3.6     Defendant MARTINEZ did business in Illinois and Texas during the periods at issue herein, acting as AGRIGENETICS' agent for the recruitment, hiring, employment, and housing of migrant agricultural labor for AGRIGENETICS' detasseling operations in Illinois.

3.7     Defendant EUGENE MARTELL [hereinafter "MARTELL"] is a resident of Weslaco, Texas.

3.8     Defendant MARTELL did business in Illinois and Texas during the

periods at issue herein, acting as AGRIGENETICS' agent for the recruitment, hiring, employment, and housing of migrant agricultural labor for AGRIGENETICS' detasseling operations in Illinois.

## STATEMENT OF FACTS

4.1     At all times relevant to this action, Plaintiffs were "migrant agricultural workers" within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A).

4.2     At all times relevant to this action, Defendant AGRIGENETICS was an "agricultural employer" within the meaning of 29 U.S.C. § 1802(2).

4.3     At all times relevant to this action, Defendant MARTINEZ was a "farm labor contractor" within the meaning of 29 U.S.C. § 1802(7).  At all times relevant to this lawsuit he was registered with the United States Department of Labor as a farm labor contractor.  He was licensed for driving, but not housing or transportation.

4.4     At all times relevant to this action, Defendant MARTELL was a "farm labor contractor" within the meaning of 29 U.S.C. § 1802(7).  At no time relevant to this lawsuit was he registered with the United States Department of Labor as a farm labor contractor.

4.5     During the summer of 2002, Plaintiffs engaged in agricultural employment in fields owned or controlled by Defendant AGRIGENETICS.

4.6     During the course of this employment, Plaintiffs were employed, and were jointly employed, by Defendants:

        a.     AGRIGENETICS, INC.;

        b.     PABLO MARTINEZ; and

c.    EUGENE MARTELL

4.7    Defendants recruited Plaintiffs in Texas to work for the Defendants in Illinois.

4.8    At the time Defendants recruited Plaintiffs in Texas, Defendants failed to provide written disclosures of the terms and conditions of employment as required by the AWPA.

4.9    The Defendants offered and Plaintiffs accepted agricultural employment with AGRIGENETICS during the summer of 2002.

4.10    The employment offered by Defendants and accepted by Plaintiffs required the Plaintiffs to be absent overnight from their permanent place of residence.

4.11    Defendants made a working arrangement with Plaintiffs in Texas.

4.12    This working arrangement called for, among other things, the Plaintiffs to leave their places of residence in Texas and to travel from Texas to Iowa, where Plaintiffs were housed during their work in Illinois.  The working arrangement called for Defendants to house Plaintiffs in housing that complied with applicable state and federal regulations.  The working arrangement called for Plaintiffs to work for Defendants, and for the Defendants to provide work on the same terms that were provided by Defendant MARTINEZ to Plaintiffs who worked for him in previous years; namely, approximately three weeks of work at sixty to seventy hours per week.

4.13    At the time Defendants recruited Plaintiffs in Texas, they knowingly provided false and misleading information to Plaintiffs regarding the terms of employment, including information establishing the working arrangement.  Additionally, in Illinois, Defendants knowingly provided false and misleading information to Plaintiffs

concerning the specific piece rates Defendants would pay for specific rows Plaintiffs detasseled.

4.14    Plaintiffs were at all times ready to comply with the terms of the working arrangement, and Plaintiffs did in fact comply with the terms of the working arrangement.

4.15    Defendant violated without justification the working arrangement made with Plaintiffs by, among other things, providing substandard housing, failing to pay Plaintiffs on regular paydays, failing to pay Plaintiffs for all the work they performed, and failing to pay Plaintiffs the piece rate promised.

4.16.    Defendants failed to provide Plaintiffs with pay statements containing all the information required by the AWPA.

4.17    Plaintiffs suffered injury as a result of Defendants' violation of the working arrangement.

4.18    Defendants entered into a contract with Plaintiffs in Texas.

4.19    The contract called for, among other things, the Plaintiffs to leave their places of residence in Texas and to travel from Texas to Iowa, where Plaintiffs were housed during their work in Illinois, to work for Defendants, and for the Defendants to provide work on the same terms that were provided by Defendant MARTINEZ to Plaintiffs who worked for him in previous years; namely, approximately three weeks of work at sixty to seventy hours per week.

4.20    At the time Defendants recruited Plaintiffs in Texas, they knowingly provided false and misleading information to Plaintiffs regarding the terms and conditions of employment being offered to Plaintiffs.  Additionally, in Illinois,

Defendants knowingly provided false and misleading information to Plaintiffs concerning the specific piece rates Defendants would pay for specific rows Plaintiffs detasseled.

4.21    Plaintiffs were at all times ready to comply with the terms and conditions of the contract entered into with Defendants, and Plaintiffs did in fact comply with the terms and conditions of the contract

4.22    Defendant breached the contract they entered into with Plaintiffs by, among other things, failing to pay Plaintiffs on regular paydays, failing to pay Plaintiffs for all the work they performed, and failing to pay Plaintiffs the piece rate promised.

4.23    During the course of their employment, Plaintiffs worked on crops that were produced for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

4.24    Defendants failed to pay Plaintiffs on the regular payday at least the minimum wage as required by the FLSA and the IWPCA.

4.25    Defendants failed to make, keep, and preserve the pay records required by the AWPA and the IWPCA with respect to each Plaintiff.

4.26    Defendants failed to provide each Plaintiff with an itemized pay statement containing the information required by the AWPA, the IWPCA, and the IFLCCA.

4.27    Defendants failed to post in a conspicuous place at the place of Plaintiffs' employment a poster in Spanish setting forth the Plaintiffs' rights and protections under the AWPA.

4.28    During the course of their employment, Plaintiffs were housed in Iowa in housing owned or controlled by Defendants.

4.29    This housing failed to meet the minimum safety and health standards specified under the AWPA and under applicable state and federal law.

4.30    Defendant failed to obtain the required certification that Plaintiffs' housing met the minimum safety and health standards specified under the AWPA and under applicable state and federal law.

4.31    Defendants failed to post a certification of occupancy in the Plaintiffs' housing.

4.32    Defendants failed to post at the housing a statement in Spanish of the terms and conditions of Plaintiffs' occupancy of the housing.

4.33    In connection with Plaintiffs' employment, Defendants used or caused to be used certain vehicles for the transportation of Plaintiffs, without first ensuring that the vehicles met the minimum safety standards required under the AWPA.  Plaintiffs were transported in these vehicles by Defendants for approximately three hours each day.

4.34    Upon information and belief, in connection with Plaintiffs' employment, Defendants transported or caused the transportation of workers without ensuring that each driver had was authorized under the AWPA to transport and/or drive workers.

4.35    Defendant MARTINEZ engaged in farm labor contracting activities without being properly registered and authorized to engage in such activities, as required by the AWPA and the IFLCCA.

4.36    Defendant MARTELL engaged in farm labor contracting activities without being properly registered and authorized to engage in such activities, as required by the AWPA and the IFLCCA

4.37    At all times relevant to this lawsuit, Defendant MARTINEZ was an agent and/or employee of Defendant AGRIGENETICS. Upon information and belief he had the authority to enter into a working arrangement and employment contract with Plaintiffs, delimit the terms and conditions of such arrangement and contract, and was acting within the scope of his authority when he made all of the acts or omissions made the basis of this lawsuit.

4.38    At all times relevant to this lawsuit, Defendant MARTELL was an agent and/or employee of Defendant AGRIGENETICS. Upon information and belief he had the authority to enter into a working arrangement and employment contract with Plaintiffs, delimit the terms and conditions of such arrangement and contract, and was acting within the scope of his authority when he made all of the acts or omissions made the basis of this lawsuit.

4.39    All of the actions and omissions alleged in the paragraphs above were undertaken by the Defendants wither directly and/or through their agents.

## FIRST CAUSE OF ACTION: AWPA

5.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 4.39 of this complaint as if fully set forth herein.

5.2    Defendants intentionally violated Plaintiffs' rights under the AWPA, inter alia, by:

        a.      failing to disclose in writing, in Spanish, the terms and conditions of employment at the time Plaintiffs were recruited as required by 29 U.S.C. § 1821(a) and § 1821(g);

b.    knowingly providing false and misleading information to Plaintiffs

regarding the terms and conditions of employment in violation of

29 U.S.C. § 1821(f);

d.    failing to comply with the terms of the working arrangement in

violation of 29 U.S.C. § 1822(c);

e.    failing to pay each Plaintiff the wages owed to him or her when

due in violation of 29 U.S.C. § 1822(a);

f.    failing to make, keep, and preserve pay records, and failing to

provide each Plaintiff with pay statements with the information

required by the AWPA, 29 U.S.C. § 1821(d)(1);

g.    failing to post in a conspicuous place at Plaintiffs' place of

employment a poster setting forth Plaintiffs' rights and remedies

under the AWPA, 29 U.S.C. § 1821(b);

h.    failing to ensure that the housing provided to Plaintiffs complied

with applicable substantive federal and state health and safety

standards, housing Plaintiffs without first securing certification that

the housing met minimum safety and health standards, and not

posting a certification of the housing's occupancy in violation of

29 U.S.C. § 1823(b)(1);

i.    failing to post a statement in Plaintiffs' housing stating the terms

and conditions of Plaintiffs' occupancy of the housing in violation

of 29 U.S.C. § 1821(c);

      j.      using or causing to be used certain vehicle(s) for the transportation

of Plaintiffs without first ensuring that the vehicles met certain

minimum federal safety standards in violation of 29 U.S.C. §

1841(b)(1)(A);

      k.      failing to comply with the standards, licensing, and insurance

requirements related to transporting workers in violation of

29 U.S.C. § 1841(b); and

    5.3    Defendant MARTINEZ intentionally violated Plaintiffs' rights under the

AWPA, inter alia, by:

      a.      engaging in farm labor contracting activities without being

properly registered and authorized to engage in such activities in

violation of 29 U.S.C. § 1811(a); and

      b.      failing to obtain at Plaintiffs' place of employment and make

available for inspection by them a written statement of the

conditions of Plaintiffs' employment by Defendants in violation of

29 U.S.C. § 1843.

    5.4    Defendant MARTELL intentionally violated Plaintiffs' rights under the

AWPA, inter alia, by:

      a.      engaging in farm labor contracting activities without being

properly registered and authorized to engage in such activities in

violation of 29 U.S.C. § 1811(a); and

      b.      failing to obtain at Plaintiffs' place of employment and make

available for inspection by them a written statement of the

conditions of Plaintiffs' employment by Defendants in violation of 29 U.S.C. § 1843.

5.5    Defendant AGRIGENETICS intentionally violated Plaintiffs' rights under the AWPA, inter alia, by:

   a.    utilizing the services of farm labor contractors without taking reasonable steps to determine that the farm labor contractors possessed valid registration certificates, and without taking reasonable steps to determine that the vehicles, drivers and housing utilized are authorized, in violation of 29 U.S.C. § 1842.

5.6    For each such violation of the AWPA, Plaintiffs are entitled to recover their actual damages or up to $500 per violation in statutory damages.  Plaintiffs further seek a declaratory judgment stating that Defendants violated Plaintiffs' rights under the AWPA.

5.7    Prior to filing this lawsuit, Plaintiffs made a good faith attempt to resolve the issues in dispute.


## SECOND CAUSE OF ACTION: FLSA

6.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 5.7 of this complaint as if fully set forth herein.

6.2    At all times relevant to this action, the Plaintiffs were employed by some or all of the Defendants within the meaning of the FLSA.

6.3    The Defendants violated 29 U.S.C. §§ 201 et seq. by failing to pay Plaintiffs the wages required by the FLSA for each discrete work week as required by the FLSA.

6.4    As a consequence of Defendants' violations of Plaintiffs' rights under the FLSA, Plaintiffs are entitled to liquidated damages in an amount equal to minimum wages not paid on the regular paydays and costs of court, pursuant to 29 U.S.C. § 216(b). Plaintiffs further seek a declaratory judgment stating that Defendants violated Plaintiffs' rights under the FLSA.

### THIRD CAUSE OF ACTION: IWPCA

7.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 6.4 of this complaint as if fully set forth herein.

7.2    By failing to pay Plaintiffs all the wages they were promised Defendants violated Plaintiffs' rights under the IWPCA in that they failed to pay Plaintiffs all wages earned, in violation of 820 ILCS 115/3.

7.3    By failing to pay Plaintiffs all the wages they were owed immediately upon termination, Defendants violated Plaintiffs' rights under the IWPCA in that they failed to pay Plaintiffs' final compensation at the time of separation of employment, in violation of 820 ILCS 115/5.

7.4    By failing to notify Plaintiffs, at the time of their hiring, of the rate of pay and of the time and place of payment, and by failing to do so in writing, Defendants violated Plaintiffs' rights under the IWPCA in that Defendants violated 820 ILCS 115/10.

7.5    Defendants are therefore liable to Plaintiffs for their unpaid wages and Plaintiffs further seek declaratory and injunctive relief.

## FOURTH CAUSE OF ACTION: IFLCCA

8.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 7.5 of this complaint as if fully set forth herein.

8.2    Defendant MARTINEZ by his acts and omissions described above violated the rights of Plaintiffs under the IFLCCA in that he:

a.  acted as a farm labor contractor in the State of Illinois without first obtaining a certificate of registration issued by the Director of the Illinois Department of Labor, in violation of 225 ILCS 505/3;

b.  failed to pay or distribute promptly when due, to Plaintiffs, all moneys entrusted to him by any third party for such purpose, in violation of 225 ILCS 505/8(b);

c.  failed to comply with the terms and provisions of agreements and arrangements he entered into in the course of doing business as a farm labor contractor with Plaintiffs and Defendant AGRIGENETICS, in violation of 225 ILCS 505/8(c);

d.  failed to have prominently displayed at every site where work was performed, and on all vehicles used by him for the transportation of farmworkers, a written statement in Spanish showing the rate of compensation the contractor was receiving  and the rate of

compensation he was paying to Plaintiffs in violation of 225 ILCS 505/8(d);

    e.   failed to keep records as required by 225 ILCS 505/8(e);

    f.   failed to file with the Illinois Department of Labor a statement containing information required by the IFLCCA, thereby violating 225 ILCS 505/9(a); and

    g.   failed to disclose the information required by the IFLCCA to be disclosed to Plaintiffs, at the time of their recruitment, thereby violating 225 ILCS 505/9(b).

    8.3    As a consequence of Defendant MARTINEZ's violations of Plaintiffs' rights under the IFLCCA, Plaintiffs seek a declaratory judgment, injunctive relief, and the greater of actual damages suffered by them or $500 in statutory damages for each violation for each Plaintiff.

    8.4    Defendant MARTELL by his acts and omissions described above violated the rights of Plaintiffs under the IFLCCA in that he:

    a.   acted as a farm labor contractor in the State of Illinois without first obtaining a certificate of registration issued by the Director of the Illinois Department of Labor, in violation of 225 ILCS 505/3;

    b.   failed to pay or distribute promptly when due, to Plaintiffs, all moneys entrusted to him by any third party for such purpose, in violation of 225 ILCS 505/8(b);

    c.   failed to comply with the terms and provisions of agreements and arrangements he entered into in the course of doing business as a farm

labor contractor with Plaintiffs and Defendant AGRIGENETICS, in

violation of 225 ILCS 505/8(c);

d.  failed to have prominently displayed at every site where work was

performed, and on all vehicles used by him for the transportation of

farmworkers, a written statement in Spanish showing the rate of

compensation the contractor was receiving  and the rate of

compensation he was paying to Plaintiffs in violation of 225 ILCS

505/8(d);

e.  failed to keep records as required by 225 ILCS 505/8(e);

f.   failed to file with the Illinois Department of Labor a statement

containing information required by the IFLCCA, thereby violating 225

ILCS 505/9(a); and

g.  failed to disclose the information required by the IFLCCA to be

disclosed to Plaintiffs, at the time of their recruitment, thereby

violating 225 ILCS 505/9(b).

8.5    As a consequence of Defendant MARTELL's violations of Plaintiffs'

rights under the IFLCCA, Plaintiffs seek a declaratory judgment, injunctive relief, and

the greater of actual damages suffered by them or $500 in statutory damages for each

violation for each Plaintiff.

## FIFTH CAUSE OF ACTION: IFSA

9.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 8.5 of this

complaint as if fully set forth herein.

9.2    Defendants violated the IFSA in:

    a.  failing to provide toilet facilities meeting the requirements of 210 ILCS 105/5;

    b.  failing to provide handwashing facilities meeting the requirements of 210 ILCS 105/6;

    c.  failing to provide drinking water facilities meeting the requirements of 210 ILCS 105/7;

    d.  failing to provide such facilities in a number sufficient to meet the requirements of 210 ILCS 105/8; and

    e.  failing to locate such facilities within one quarter of a mile from any worker as required by 210 ILCS 105/9.

9.3    Plaintiffs were aggrieved by these willful violations of the IFSA and seek declaratory, injunctive, and other relief as will do justice and enforce the purpose of the act.

## SIXTH CAUSE OF ACTION: BREACH OF CONTRACT

10.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 9.3 of this complaint as if fully set forth herein.

10.2    Defendants entered into an employment contract with Plaintiffs.

10.3    Defendants breached the contract of employment by failing to comply with the promised terms and conditions of employment.

10.4    As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered substantial injury.

10.5    Defendants are therefore liable to Plaintiffs for actual, incidental, and consequential damages, and for costs under Tex. Civ. Prac. & Rem. Code § 38.001.


## SEVENTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

11.1    Plaintiffs reincorporate and reallege paragraphs 1.1 through 10.5 of this complaint as if fully set forth herein.

11.2    Defendants, in the course of their business and/or in a transaction in which the Defendants had an interest, made false representations to Plaintiffs.

11.3    Defendants supplied this false information for Plaintiffs' guidance.

11.4    Defendants did not use reasonable care in obtaining or communicating this information.

11.5    Defendants made these representations with malice as the term is defined by Tex. Civ. Prac. & Rem. Code § 41.001(7).

11.6    Plaintiffs justifiably relied on the representations made by Defendants.

11.7    Defendants' negligent misrepresentation proximately caused injury to Plaintiffs.

11.8    Defendants are therefore liable to Plaintiffs for their actual damages in the form of pecuniary loss.  In addition, the law allows the imposition of exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a)(2).


## EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, TRAINING, OR RETENTION OF AN EMPLOYEE

12.1   Plaintiffs reincorporate and reallege paragraphs 1.1 through 11.8 of this complaint as if fully set forth herein.

12.2   Defendant AGRIGENETICS owed Plaintiffs as employees and members of the public at large, a duty to hire, supervise, train, and/or retain competent employees and independent contractors, where Defendant AGRIGENETICS retained the right to control the contractor's work.

12.3   Defendant AGRIGENETICS breached that duty by failing to use ordinary care in hiring, supervising, training, and/or retaining Defendants MARTINEZ and MARTELL and because Defendants MARTINEZ and MARTELL committed the tort of negligent misrepresentation and thereby injured Plaintiffs.

12.4   Defendant's breach proximately caused Plaintiffs' injuries.

12.5   Defendant's breach was done with malice as the term is defined by Tex. Civ. Prac. & Rem. Code § 41.001(7).

12.6   Defendant is therefore liable to Plaintiffs for their actual damages. In addition, the law allows the imposition of exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a)(2).

PRAYER FOR RELIEF

13.1   WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

a.   Enter a declaratory judgment that Defendants AGRIGENETICS, PABLO MARTINEZ, and EUGENE MARTELL violated Plaintiffs' rights under the AWPA, FLSA, IWPCA, and IFSA and

that Defendants committed negligent misrepresentation and that Defendants breached the employment contract with Plaintiffs;

b.       Enter a declaratory judgment that Defendant AGRIGENETICS, negligently hired, supervised, trained, or retained Defendants PABLO MARTINEZ and EUGENE MARTELL;

c.       Enter a declaratory judgment that Defendants PABLO MARTINEZ and EUGENE MARTELL violated Plaintiffs' rights under the IFLCCA;

d.       Award Plaintiffs their actual damages or, alternatively, statutory damages in the amount of $500 per person per violation for each violation of the AWPA by each Defendant;

e.       Award Plaintiffs, as liquidated damages, the amount of their minimum wages that went unpaid on their regular paydays, for Defendants' violations of the FLSA;

f.       Award Plaintiffs their unpaid wages under the IWPCA;

g.       Award Plaintiffs the greater of their actual damages or statutory damages of $500 per person per violation for Defendant PABLO MARTINEZ's violations of the IFLCCA;

h.       Award Plaintiffs the greater of their actual damages or statutory damages of $500 per person per violation for Defendant EUGENE MARTELL's violations of the IFLCCA;

i.      Enter a permanent injunction requiring Defendants to comply with the IWPCA and IFSA and enter a permanent injunction requiring Defendant PABLO MARTINEZ to comply with the IFLCCA;

j.      Award Plaintiffs their actual, incidental, and consequential damages resulting from Defendants' breach of contract;

k.      Award Plaintiffs their actual damages and award exemplary damages for Defendants' negligent misrepresentation;

l.      Award Plaintiffs their actual damages and award exemplary damages for Defendant AGRIGENETICS' negligent hiring, supervision, training, and/or retention of Defendants PABLO MARTINEZ and EUGENE MARTELL;

m.     Award Plaintiffs pre- and post-judgment interest as allowed by law;

n.      Award Plaintiffs their reasonable expenses and costs of court; and

o.      Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs