# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| Friend of G. M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | Jury Trial Requested |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT EUGENE MARTELL'S RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Plaintiffs, by and through their attorney of record, Nathaniel Norton and Rodolfo D. Sanchez, Texas RioGrande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted,

By:    _____
Eugene Martell, Defendant
620 N. Nevada
Weslaco, TX 78596

**DEFENDANT EUGENE MARTELL'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS – Page 1**
500149 000004 AUSTIN 211617.1



## CERTIFICATE OF SERVICE

I hereby certify that on August 12ᵗʰ, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

Eugene Martell

**DEFENDANT EUGENE MARTELL'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS – Page 2**
500149 000004 AUSTIN 211617.1

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, furnishing or employment of any Plaintiff by you in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

### REQUEST FOR PRODUCTION NO. 2

Please produce any documents that reflect the hiring policy and/or qualifications for agricultural laborers in effect during 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

### REQUEST FOR PRODUCTION NO. 3

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff, from 2002 to the present.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

### REQUEST FOR PRODUCTION NO. 4

Please produce all documents relating to or evidencing all amounts of monies or other valuables paid, advanced, loaned or otherwise provided to any Plaintiff in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 5

Please produce all written documents provided by you or anyone acting on your behalf to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2002, including all employee manuals and rules.

### RESPONSE:

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 6

Please produce all documents that contain information provided to you by any Plaintiff during the period 2002 to the present.

### RESPONSE:

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 7

Please produce all documents written or signed by any Plaintiff.

### RESPONSE:

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 8

Please produce any document that you contend is or contains an admission of any Plaintiff.

### RESPONSE:

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 9

Please produce all employment records and personnel files that you made or kept concerning each Plaintiff in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 10

Please produce all correspondence, written statements, notes of conversations, memoranda and other documents relating to Agrigenetics, Inc., doing business as Mycogen Seeds, or it predecessor, Cargill, from 1999 to the present.

**RESPONSE:**

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 11

Please produce all documents relating to or evidencing all amounts of monies or other valuables paid, advanced, loaned or otherwise provided by Mycogen to you or Pablo Martinez from 1999 to the present.

**RESPONSE:**

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 12

Please produce any documents that describe or state your job duties and responsibilities for your work with Agrigenetics, Inc., doing business as Mycogen Seeds, or it predecessor, Cargill, from 1999 to the present.

**RESPONSE:**

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 13**

Please produce all farm labor contractor certificates for you and Pablo Martinez from 1999 through the present.

**RESPONSE:**

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 14**

Please produce all documents pertaining to the number of days and hours each Plaintiff worked for Agrigenetics in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 15**

Please produce all payroll records that you or Pablo Martinez made or kept concerning any Plaintiff.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 16**

Please produce every form W-2, W-4, I-9, application, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to any Plaintiff in this action.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 17**

Please produce all unemployment insurance documents relating to any Plaintiff in this action.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 18**

Please produce a copy of any posters or statements that you claim were posted by any defendant in 2002 that set forth the rights and protections afforded to migrant and seasonal agricultural workers under AWPA or any other state or federal employment law.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 19**

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 20**

Please produce all documents related to the business structure of your farm labor contracting operation or business, including those showing the identity of all persons who own or operate the business, all persons employed by the business, and/or all persons who recruit, solicit, hire, employ, furnish or transport migrant agricultural workers for the business.

**RESPONSE:**

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

DEFENDANT EUGENE MARTELL'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS – Page 7
500149 000004 AUSTIN 211617.1

## REQUEST FOR PRODUCTION NO. 21

Please produce all photos, drawings, diagrams or other visual depictions of the housing occupied by Plaintiffs in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 22

Please produce all documents relating to any inspection or certification by a federal, state, or local agency, of the housing that was occupied by Plaintiffs during their 2002 employment with you.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 23

Please produce all written documents you used in 2002 to inform Plaintiffs about the terms and/or conditions of occupancy of the housing where Plaintiffs resided during their employment with Agrigenetics in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 24

Please produce all correspondence, written statements, affidavits, notes of conversations, memoranda, or other documents that in any way relate to communications between you and any Plaintiff concerning the terms and/or conditions of the housing where Plaintiffs resided during their employment with Agrigenetics in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 25

Please produce all documents that reflect or evidence any payment made by any defendant to any housing facility in which any migrant agricultural worker employed by Agrigenetics resided in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 26

Please produce all documents relating to the portable toilets available at Plaintiffs' work site during their employment with you in 2002. These records should include, but not be limited to: rental, maintenance or service agreements and payments to providers of such services.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 27

Please produce all documents relating to handwashing facilities available at Plaintiffs' work site during their employment with you in 2002. These records should include, but not be limited to: rental, maintenance or service agreements and payments to providers of such services.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 28

For the period of May through July 2002, please produce all documents relating to the housing assignments made in the housing occupied by Plaintiffs. These records should include, but not be limited to, documents reflecting the names of and numbers of individuals housed in the same structure as the Plaintiffs.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 29**

Please produce all documents which reflect the number of people employed by Agrigenetics from March 1, 2002 to October 1, 2002, the identify of each worker, the number of hours worked by each worker on a daily or weekly basis, the type of work done by each worker, and the amount of pay earned by each worker.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 30**

Please produce all documents which reflect the number of people recruited or employed by you from March 1, 2002 to October 1, 2002, the identify of each worker, the number of hours worked by each worker on a daily or weekly basis, the type of work done by each worker, and the amount of pay earned by each worker.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 31**

Please produce any letter, notice or memorandum of termination prepared by any defendant regarding employment of any Plaintiff.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 32**

Please produce all documents that reflect or state reasons why the Plaintiffs' 2002 employment with Agrigenetics ended.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 33**

Please produce all documents that reflect the job performance of Plaintiffs in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 34**

Please produce all written policies, rules or other documents reflecting performance standards for agricultural workers employed by Agrigenetics in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 35**

Please produce all documents in your custody or control that you assert are related to any issue in this case.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 36**

Please produce any document consulted or referred to in responding to Plaintiffs' First Set of Interrogatories to Defendant Eugene Martell.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 37**

· Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

**RESPONSE:**

None.

## REQUEST FOR PRODUCTION NO. 38

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

**RESPONSE:**

None.

## REQUEST FOR PRODUCTION NO. 39

Please produce all documents that relate to transporting agricultural workers from their home states to Illinois, Iowa, or other states to perform agricultural work.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 40

Please produce all documents that relate to transporting agricultural workers from their migrant housing to your facilities or the fields where they perform agricultural work.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 41

Please produce all documents relating to the costs of providing transportation to agricultural workers, including, but not limited to, rental agreements, purchase agreements, insurance policies, vehicle maintenance, repair, and fuel statements, licensing documents, and drivers' pay records.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 42**

Please produce all documents relating to the inspection and maintenance of vehicles used to transport agricultural workers.

**RESPONSE:**

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 43**

Please produce any and all documents relating to any investigation of you, any of your businesses, any of their affiliates, or any of your employees by the United States Department of Labor, any state employment or job service, or other agency of government, for compliance with employment related laws and regulations during the last 5 years.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

**REQUEST FOR PRODUCTION NO. 44**

Please produce your 2000, 2001, and 2002 tax returns, including all attachments, schedules, and supporting documents.

**RESPONSE:**

Respondent objects as such a request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION NO. 45**

Please produce any maps, measurements, and descriptions of all fields in which Plaintiffs worked during the 2002 detasseling season.

**DEFENDANT EUGENE MARTELL'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS – Page 13**
500149 000004 AUSTIN 211617.1

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 46

Please produce all documents you provided to any other defendant in 2002.

**RESPONSE:**

Respondent objects as such request invades the joint defense privilege and party communication.

## REQUEST FOR PRODUCTION NO. 47

Please produce all documents relating to the drinking water and disposable cups available at Plaintiffs' work site during their employment with you in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 48

Please produce all orientation videos and other videos, photographs, or other materials Plaintiffs were shown in 2002.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 49

Please produce any document identified in the answers to Plaintiffs' First Set of Interrogatories to Defendant Eugene Martell.

**RESPONSE:**

To the extent such documents exist and are in Defendant's possession, they are attached.

## REQUEST FOR PRODUCTION NO. 50

Please produce any documents that describe or state Pablo Martinez's job duties and responsibilities for his work with Agrigenetics, Inc., doing business as Mycogen Seeds, or it predecessor, Cargill, from 1999 to the present.

### RESPONSE:

Respondent objects to any year other than 2002 since that is the year in question. Subject to that objection, to the extent such documents exist and are in Defendant's possession, they are attached.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| Friend of G. M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | Jury Trial Requested |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:     Plaintiffs, by and through their attorney of record, Nathaniel Norton and Rodolfo D. Sanchez, Texas RioGrande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted,

By:

Eugene Martell, Defendant
620 N. Nevada
Weslaco, TX 78596

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

Eugene Martell

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 1**
500149 000004 AUSTIN 211608.1



## INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories.

**ANSWER:**

Eugene D. Martell.

**INTERROGATORY NO. 2**

Please state your 2002 job title(s) with Agrigenetics and Pablo Martinez and describe the duties, rate of pay, and source of pay that accompanied the job(s).

**ANSWER:**

I worked for Pablo Martinez. I did paperwork and helped with registration.

INTERROGATORY NO. 3

Please identify each document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Agrigenetics in 2002.

**ANSWER:**

Any such document has been produced.

INTERROGATORY NO. 4

Please identify every communication you have had with Agrigenetics, its employees, agents, or attorneys, or with Pablo Martinez concerning the subject matter of this lawsuit.

**ANSWER:**

Respondent objects as such a request invades the party communication and joint defense privilege.

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 2**
500149 000004 AUSTIN 211608.1

**INTERROGATORY NO. 5**

Please describe in detail your role in the recruitment and/or hiring. of each Plaintiff for employment in 2002 with you or Agrigenetics.

**ANSWER:**

None.

**INTERROGATORY NO. 6**

For each individual plaintiff, please identify each specific apartment unit, hotel room, or other housing unit provided by you at any time in 2002 in connection with said Plaintiff's employment with you or Agrigenetics. In your answer, please provide the address of the housing unit, the name of the housing facility if there is one, the type of housing, and your relationship to the housing facility in 2002.

**ANSWER:**

I never employed any Plaintiff or housed any Plaintiff.

INTERROGATORY NO. 7

Please describe each specific housing unit provided by you in 200 2 to each plaintiff. In your answer please state the condition and number of rooms in the apartment, the square footage of each room, the condition and number of beds in the unit, the condition and number of mattresses in the unit, the condition and type of furnishings provided, the condition and type of furnishings provided, the number of lights provided in each room, the identity of each occupant in each housing unit, and whether or not such housing was licensed as migrant farmworker housing by appropriate state and/or federal agencies, and if so, by which agencies.

**ANSWER:**

I never employed any Plaintiff or housed any Plaintiff.

**INTERROGATORY NO. 8**

Please describe your role in obtaining housing for any Plaintiff in 2002. If your role included paying for housing for any Plaintiffs please list each payment you made for the housing and the date, amount, and payee for each Plaintiff's housing.

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 3**
500149 000004 AUSTIN 211608.1

**ANSWER:**

None.

## INTERROGATORY NO. 9

Please describe in detail any role you played in 2002 in transporting the Plaintiffs to, from, and between Agrigenetics's cornfields or other work sites.

**ANSWER:**

None.

## INTERROGATORY NO. 10

Please describe how each Plaintiff was transported to, from, and between Agrigenetics' s cornfields or other Agrigenetics work sites in 2002. In your response, please state the following: the name of each transportation provider and your relationship, if any, to the transportation provider; the name of each person or company who provided any vehicle used to transport any worker, and your relationship, if any, to the vehicle provider; the identity of each person who drove or operated any vehicle used to transport any worker, and your relationship, if any, to the driver or operator; procedures for verifying drivers' certification to provide such transportation; and the amount, kind and dates of payments made for such transportation services.

**ANSWER:**

None.

## INTERROGATORY NO. 11

Please explain in detail how, why, and when each Plaintiff s employment was terminated in 2002.

**ANSWER:**

Job completed.

## INTERROGATORY NO. 12

Please describe in detail your relationship to Agrigenetics, Inc.

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 4**
500149 000004 AUSTIN 211608.1

**ANSWER:**

None.

## INTERROGATORY NO. 13

Please describe in detail your relationship to each Plaintiff. Please include a description of how each Plaintiff came to be associated with you and/or hired to work for Agrigenetics in 2002.

### ANSWER:

Plaintiffs were hired by Mr. Martinez.

## INTERROGATORY NO. 14

Provide a description of each Plaintiff's job duties with Agrigenetics in 2002.

### ANSWER:

None. They had no job duties with Agrigenetics.

## INTERROGATORY NO. 15

Please identify each communication you had with any Plaintiff from May 2002 through September 2002. In your response please state the method, date, subject matter of each communication, and whether the communication was in person.

### ANSWER:

My communications with Plaintiffs involved the job.

## INTERROGATORY NO. 16

Please describe in detail the 2002 business structure of your farm labor contracting business or of any business you were associated with in 2002 that performed farm labor contracting activities. In your response please describe your relationship to each business.

### ANSWER:

None.

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 5**
500149 000004 AUSTIN 211608.1

**INTERROGATORY NO. 17**

Please describe in detail what federal and state licensing and/or certification you and Pablo Martinez had in 2002 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity each person was licensed or certified to perform and whether each person was licensed or certified for each such activity by the federal government, by the State of Illinois, or by both.

**ANSWER:**

I had no certificates. Pablo Martinez had a federal and Illinois license.

**INTERROGATORY NO. 18**

Please identify each person who was recruited by you to perform corn detasseling or corn rogueing in 2002.

**ANSWER:**

None.

**INTERROGATORY NO. 19**

Please describe each communication you had with any other defendant in 2002 concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Agrigenetics in Iowa or Illinois.

**ANSWER:**

Objection. Such a request invades the party communication and joint defense privilege.

**INTERROGATORY NO. 20**

Describe any role you played in any of the termination of employment of any Plaintiff with Agrigenetics in 2002.

**ANSWER:**

I don't understand. Plaintiffs were not employed by Agrigenetics.

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 6**
500149 000004 AUSTIN 211608.1

## INTERROGATORY NO. 21

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

### ANSWER:

| | | |
|---|---|---|
| Armando Alonso | | Plaintiff |
| Gabino Martinez | | Plaintiff |
| Hugo Martinez | | Plaintiff |
| Rogelio Sanchez | | Plaintiff |
| Higinio Sanchez-Ramoz | | Plaintiff |
| Edilberto Martinez | | Plaintiff |
| Jaime Pacheco | | Plaintiff |
| Enrique Rodriguez | | Plaintiff |
| Rodolfo Rodriguez | | Plaintiff |
| Francisco Rodriguez | | Plaintiff |
| Armando Cisneros | | Plaintiff |
| Jose Aguilon | | Plaintiff |
| Melaquiades Rodriguez | | Plaintiff |
| Everardo Garcia | | Plaintiff |
| Agustin Martinez | | Plaintiff |
| | | |
| Pablo Martinez | | Defendant |
| Eugene D. Martell | | Defendant |
| | | |
| Pedro Puente: | 956-782-5139 | Agriculture Worker |
| Celestino Lopez: | 956-316-1060 | Agriculture Worker |
| Rene Quintanilla: | Edinburg, Florida | Agriculture Worker |
| Juan Ruiz: | 956-565-6054 | Agriculture Worker |
| Daniel Lopez: | 956-542-2384 | Agriculture Worker |
| Leonardo de la Cruz: | Florida | Agriculture Worker |
| Daniel Alvarez: | Weslaco | Agriculture Worker |
| Arnulfo Garcia: | McAllen | Agriculture Worker |
| Jose Leyva: | Mercedes | Agriculture Worker |
| Jose Escobedo: | Alamo | Agriculture Worker |
| Ramiro Martinez: | Alamo | Agriculture Worker |
| Gorge Cantu: | Weslaco | Agriculture Worker |

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 7**
500149 000004 AUSTIN 211608.1

## INTERROGATORY NO. 21

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

### ANSWER:

| | | |
|---|---|---|
| Armando Alonso | | Plaintiff |
| Gabino Martinez | | Plaintiff |
| Hugo Martinez | | Plaintiff |
| Rogelio Sanchez | | Plaintiff |
| Higinio Sanchez-Ramoz | | Plaintiff |
| Edilberto Martinez | | Plaintiff |
| Jaime Pacheco | | Plaintiff |
| Enrique Rodriguez | | Plaintiff |
| Rodolfo Rodriguez | | Plaintiff |
| Francisco Rodriguez | | Plaintiff |
| Armando Cisneros | | Plaintiff |
| Jose Aguilon | | Plaintiff |
| Melaquiades Rodriguez | | Plaintiff |
| Everardo Garcia | | Plaintiff |
| Agustin Martinez | | Plaintiff |
| | | |
| Pablo Martinez | | Defendant |
| Eugene D. Martell | | Defendant |
| | | |
| Pedro Puente: | 956-782-5139 | Agriculture Worker |
| Celestino Lopez: | 956-316-1060 | Agriculture Worker |
| Rene Quintanilla: | Edinburg, Florida | Agriculture Worker |
| Juan Ruiz: | 956-565-6054 | Agriculture Worker |
| Daniel Lopez: | 956-542-2384 | Agriculture Worker |
| Leonardo de la Cruz: | Florida | Agriculture Worker |
| Daniel Alvarez: | Weslaco | Agriculture Worker |
| Arnulfo Garcia: | McAllen | Agriculture Worker |
| Jose Leyva: | Mercedes | Agriculture Worker |
| Jose Escobedo: | Alamo | Agriculture Worker |
| Ramiro Martinez: | Alamo | Agriculture Worker |
| Gorge Cantu: | Weslaco | Agriculture Worker |

**DEFENDANT EUGENE MARTELL'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 8**

## DECLARATION OF EUGENE MARTEL

I, Eugene Martel hereby declare as follows:

1.     I am of sound mind and I am competent to make the following declaration under penalty of perjury. I have personal knowledge of the facts recited herein, and if called and sworn as a witness, could and would competently testify thereto.

2.     I am a defendant in this case. The foregoing answers to interrogatories are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __12th__ day of ~~July~~ August, 2003 in Weslaco, Texas.

_Eugene Martel_
Eugene Martel

**≕LSC**

**LAW OFFICE OF**
**TEXAS RIOGRANDE LEGAL AID, INC.**
WESLACO
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

Via U.S. Mail and
CM/RRR: 7002 2030 0005 5901 7407

August 18, 2004

Eugene Martell
620 N. Nevada
Weslaco, TX 78596

Re:    Alonso, et al. v. Agrigenetics, Inc., et al.

Dear Mr. Martell:

Thank you for providing your responses and objections to Plaintiffs' first sets of interrogatories, request for admissions, and requests for production of documents. I also received a copy of your original answer. I have reviewed the answer and your responses to discovery and I am writing to see if we can resolve several problems we have with them.

First, I believe that your answer is improper under Federal Rules of Civil Procedure ("FRCP") 8(b) and 11. Copies of these rules are attached for your convenience. The rules permit a general denial such as the one you filed only if you are in good faith denying each and every contention made in Plaintiffs' complaint. As you admit several of the contentions made in the complaint in your response to our request for admissions, I believe a general denial is inappropriate and I am requesting that you amend your answer to specifically state by paragraph number which contentions in Plaintiffs' amended complaint that you dispute.

Second, your responses to the interrogatories and requests for production are problematic. As I believe that almost all of your responses are evasive and/or incomplete and many of your objections are improper, I would like you to clarify and supplement your responses. If we cannot resolve the concerns raised in this letter, I intend to present our dispute to the Court so that the Court can consider our respective positions. In this respect, I believe that your responses are deficient in the following ways:

<u>Responses to Interrogatories</u>

Inerrogatory 2:    The interrogatory asks for the duties that accompanied your job with Agrigenetics and Pablo Martinez. You answer that you worked for Martinez and helped with paperwork and registration. You did not answer completely as you did not provide your rate of pay or the source of your pay. You also have not stated your job duties with regard to the recruitment and hiring of workers. You have previously sworn that you met



and talked to workers with Martinez in Texas about the employment with Mycogen in 2002.

Interrogatory 3:   The interrogatory asks you to identify certain documents. You state that any such document has been produced. It seems that this is an incomplete answer as you can identify them whether or not they presently exist. For instance, if you claim you posted a certain document, but you do not presently have it, you need to identify that document as required by the rules and the definitions provided with the Interrogatories. As you state that you did paperwork and helped with registration and we do not have registration documents for each Plaintiff, you have not identified all documents you made. Please identify any responsive documents, and state whether these documents exist. In response to the requests for production you are required to provide them if they do exist.

Interrogatory 4:   The interrogatory asks you to identify the communications you have had with Agrigenetics and their employees or agents and with Pablo Martinez concerning the subject matter of this lawsuit. You object, do not answer, and assert the "party communication and joint defense privilege." Please explain this privilege, provide authority for it, and explain how it applies in this case. I do not believe this is a valid privilege in this case. If you cannot provide this information, please fully answer the interrogatory.

Interrogatory 5:   The interrogatory asks for you to describe in detail your role in the recruitment and/or hiring of each Plaintiff. You state, "None." You should be aware that this contradicts a previous sworn statement you made in this case where you stated that you met with and talked to workers in Texas about the employment with Mycogen. I ask that you reconsider your response and if necessary I would like you to provide an amended answer.

Interrogatory 10:   The interrogatory asks you how each Plaintiff was transported. You answer, "None." This is non-responsive. Whether or not you claim you provided transportation to each Plaintiff, you must respond to the interrogatory.

Interrogatory 11:   The interrogatory asks for a detailed explanation of how, why and when each Plaintiff's employment was terminated. You provide the why, but not the how or when.

Interrogatory 13:   In response to a request for a detailed description of your relationship to each Plaintiff and how each came to be associated with you and hired, you state simply that Mr. Martinez hired the Plaintiffs. You have not responded to the interrogatory as you have not given a detailed description of your relationship to each Plaintiff. You have also not explained where, how, or when you met each Plaintiff.

Interrogatory 14:   The interrogatory asks for the duties that accompanied each Plaintiff's job with Agrigenetics. The fact that you contest that they were employees of Agrigenetics does not relieve you from the duty to respond with a description of their job duties, as a "job," as defined by the Merriam-Webster dictionary, is simply a "piece of

work" which may be performed as employees of yours, of Mr. Martinez, or of Agrigenetics or as independent contractors.

Interrogatory 15:  The interrogatory asks you to identify each communication you had with any Plaintiff over a specified period of time and state the method, date, subject matter of each communication, and state whether the communication was in person. You responded only, "My communications with Plaintiffs involved the job." Beside the fact that the subject matter "job" is not sufficiently specific, you have not answered the interrogatory at all with regard to the method, date, where it took place, and whether each such communication was in writing.  Please also see the definition of "identify" that was provided with the Interrogatories.

Interrogatory 16:  The interrogatory asks for a detailed description of the business structure of your farm labor contracting business (or any that you were associated with that performed farm labor contracting activities) and your relationship to any such business in 2002. You responded, "None." However, you have already acknowledged that you were an employee of Mr. Martinez who is in the business of farm labor contracting and that you were employed in relation to that business.  Please amend your answer.

Interrogatory 17:  You answer is not complete as it does not include a statement of each specific farm labor contracting activity Pablo Martinez was licensed or certified to perform and whether, for each such activity, he was licensed or certified by the federal government, the State of Illinois, or both.

Interrogatory 18:  You have previously signed a sworn statement that you met with and talked to workers in Texas about employment with Mycogen in 2002.  Please amend your answer.

Interrogatory 19:  My concerns with this interrogatory are the same as those given above for Interrogatory 4.

Interrogatory 20:  In response you state you don't understand and therefore do not answer.  For clarification, by "employment" in this interrogatory I mean any role you had in terminating any Plaintiff who detasseled Agrigenetics' seed corn as part of Mr. Martinez's crew.  Please respond to the interrogatory.

Interrogatory 21:  The interrogatory asks you to identify by name, address, and phone number any person who may have knowledge of relevant facts or discoverable information and to state the substance of the information you believe each has.  You have not provided complete information for any person you have identified.  For the final twelve names on the list you have not provided any complete addresses (no addresses for several of them) or any statement of what information you believe each person has.  You have provided telephone numbers for four of them, but not the other eight.  Please provide complete information for the final twelve names on the list.  If you do not have certain information for a certain individual please state what information you do not have. You also need to identify other people who may have knowledge of relevant facts such as

individuals employed by Agrigenetics that or Mr. Martinez dealt with or individuals at the Heidelberg Motel.

Responses to Requests for Production

For most of your responses you state, "To the extent that such documents exist and are in Defendant's possession, they are attached." I received no documents. Please provide the documents you reference or state that they do not exist.

Further, under FRCP 34(a)(1), you are required to produce the documents and things requested that are in your possession, custody, or control, not only those documents in your possession. This thereby includes not only documents and things in your physical possession, but also documents and things that you have constructive possessive of or those that you have the right to obtain the possession of from others. Please produce all responsive documents within this broader requirement. A copy of rule 34 is attached for your convenience.

For several requests you object "to any year other than 2002 since that is the year in question." This is not a proper objection under FRCP 26. A copy of this rule is attached for your convenience. To the extent you may have raised a valid objection, the requested documents from years other than 2002 are discoverable in that they are not privileged and they are relevant to a claim or defense in this case. The requested documents are relevant in that your relationships with Agrigenetics, Mr. Martinez, and the individual Plaintiffs and the structure of you farm labor contracting business are issues in this case as the employer-employee relationship between and among the parties is contested. The requested documents will support Plaintiffs' contentions that they were jointly employed by all of the Defendants. Documents for years prior to 2002 will show not only that this joint employment existed prior to 2002, but also bolster Plaintiffs' claim that it continued to exist in 2002.

In further response to your objections to Requests for Production 13 and 42, documents for years prior to 2002 may also show a pattern of violations that continued through 2002. This is relevant not only to prove violations alleged in this complaint, but also to support Plaintiffs' request for maximum statutory damages for Defendants' violations of law.

In your response to Request for Production 44 you object that the request is overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Your tax returns for the years 2000 through 2002 are relevant for the same reasons listed two paragraphs above and also to support Plaintiffs' request for maximum statutory damages for Defendants' violations of law.

For Request for Production 46 you again assert the party communication and joint defense privilege. Again, please see the concerns given above for Interrogatory 4.

August 18, 2004
Page 5 of 5

<u>Answers to Requests for Admission</u>

Plaintiffs will reserve their challenges to the sufficiency of your responses to requests for admission to be taken up by the Court.

Please amend your answer and your responses the Plaintiffs' discovery requests in light of the deficiencies outlined above within ten days. If you do not provide amended responses or an explanation of why your responses are accurate and complete, I will assume that you are not willing to discuss this matter further and I will seek guidance from the Court.

Sincerely,

Nathaniel Norton
Attorney for Plaintiffs

f the next day
d days. When
ed is less than
lays, and legal
nputation. As
"legal holiday".
Martin Luther
norial Day, In-
us Day, Veter-
; Day, and any
ie President or
by the state in

rules or by a
court an act is
.hin a specified
any time in its
ir notice order
is made before
rescribed or as
; upon motion
ed period per-
to act was the
iles 50(b) and
, except to the
n them.

.rm [Rescind-

.ritten motion,
ex parte, and
.rved not later
ir the hearing,
se rules or by
nay for cause
ion. When a
idavit shall be
as otherwise
lavits may be
.earing, unless
it some other

Under Rule
party has the
:r take some
after the ser-
party and the
y under Rule
added to the

arch 19, 1948;
ruary 28, 1966,
fective July 1,
April 28, 1983,
:tive August 1,
April 29, 1999,
ective Decem-

# III.  PLEADINGS AND MOTIONS

## RULE 7.  PLEADINGS ALLOWED; FORM OF MOTIONS

(a) **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

(b) **Motions and Other Papers.**

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

(3) All motions shall be signed in accordance with Rule 11.

(c) **Demurrers, Pleas, etc., Abolished.** Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; April 28, 1983, effective August 1, 1983.]

## RULE 7.1  DISCLOSURE STATEMENT

(a) **Who Must File: Nongovernmental Corporate Party.** A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) **Time for Filing; Supplemental Filing.** A party must:

(1) file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

(2) promptly file a supplemental statement upon any change in the information that the statement requires.

[Adopted April 29, 2002, effective December 1, 2002.]

## RULE 8.  GENERAL RULES OF PLEADING

(a) **Claims for Relief.** A pleading which sets a claim for relief, whether an original claim, co claim, cross-claim, or third-party claim, shall co (1) a short and plain statement of the grounds which the court's jurisdiction depends, unles court already has jurisdiction and the claim nee new grounds of jurisdiction to support it, (2) a and plain statement of the claim showing tha pleader is entitled to relief, and (3) a demand judgment for the relief the pleader seeks. Reli the alternative or of several different types ma demanded.

(b) **Defenses; Form of Denials.** A party state in short and plain terms the party's defense each claim asserted and shall admit or deny averments upon which the adverse party relies. party is without knowledge or information sufficien form a belief as to the truth of an averment, the pa shall so state and this has the effect of a de Denials shall fairly meet the substance of the a ments denied. When a pleader intends in good f to deny only a part or a qualification of an averme the pleader shall specify so much of it as is true a material and shall deny only the remainder. Unle the pleader intends in good faith to controvert all t averments of the preceding pleading, the pleader m make denials as specific denials of designated ave ments or paragraphs or may generally deny all t. averments except such designated averments or par graphs as the pleader expressly admits; but, when t. pleader does so intend to controvert all its averment including averments of the grounds upon which th court's jurisdiction depends, the pleader may do so b general denial subject to the obligations set forth i Rule 11.

(c) **Affirmative Defenses.** In pleading to a pre ceding pleading, a party shall set forth affirmativel accord and satisfaction, arbitration and award, as sumption of risk, contributory negligence, discharge ir bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, li cense, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative de fense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

(d) **Effect of Failure to Deny.** Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive plead-

11

ing is required or perı̅̅̅̅̅d shall be taken as denied or avoided.

**(e) Pleading to Be Concise and Direct; Consistency.**

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

**(f) Construction of Pleadings.** All pleadings shall be so construed as to do substantial justice.

[Amended February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987.]

## RULE 9.   PLEADING SPECIAL MATTERS

**(a) Capacity.** It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

**(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

**(c) Conditions Precedent.** In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

**(d) Official Document or Act.** In pleading an official document or official act it is sufficient to aver that the document was issued or the act done in compliance with law.

**(e) Judgment.** In pleading a judgment or decision of a domestic or foreign court, judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decision without setting forth matter showing jurisdiction to render it.

**(f) Time and Place.** For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.

**(g) Special Damage.** When items of special damage are claimed, they shall be specifically stated.

**(h) Admiralty and Maritime Claims.** A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292(a)(3).

[Amended February 28, 1966, effective July 1, 1966; December 4, 1967, effective July 1, 1968; March 30, 1970, effective July 1, 1970; March 2, 1987, effective August 1, 1987; April 11, 1997, effective December 1, 1997.]

## RULE 10.   FORM OF PLEADINGS

**(a) Caption; Names of Parties.** Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

**(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

**(c) Adoption by Reference; Exhibits.** Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

12

# RULE 11. SIGNING OF PLEADINGS, MOTIONS, AND OTHER PAPERS; REPRESENTATIONS TO COURT; SANCTIONS

(a) **Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

(A) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If

warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) *On Court's Initiative.* On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order.* When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) **Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

[Amended April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

# RULE 12. DEFENSES AND OBJECTIONS—WHEN AND HOW PRESENTED—BY PLEADING OR MOTION—MOTION FOR JUDGMENT ON THE PLEADINGS

(a) **When Presented.**

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

13

exercising discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action in which the United States or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C. § 2403. When the constitutionality of any statute of a State affecting the public interest is drawn in question in any action in which that State or any agency, officer, or employee thereof is not a party, the court shall notify the attorney general of the State as provided in Title 28, U.S.C. § 2403. A party challenging the constitutionality of legislation should call the attention of the court to its consequential duty, but failure to do so is not a waiver of any constitutional right otherwise timely asserted.

[Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991.]

## RULE 25. SUBSTITUTION OF PARTIES

(a) **Death.**

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later

than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

(b) **Incompetency.** If a party becomes incompetent, the court upon motion served as provided in subdivision (a) of this rule may allow the action to be continued by or against the party's representative.

(c) **Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

(d) **Public Officers; Death or Separation From Office.**

(1) When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

(2) A public officer who sues or is sued in an official capacity may be described as a party by the officer's official title rather than by name; but the court may require the officer's name to be added.

[Amended December 29, 1948, effective October 20, 1949; April 17, 1961, effective July 19, 1961; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987.]

# V. DEPOSITIONS AND DISCOVERY

## RULE 26. GENERAL PROVISIONS GOVERNING DISCOVERY; DUTY OF DISCLOSURE

(a) **Required Disclosures; Methods to Discover Additional Matter.**

(1) *Initial Disclosures.* Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent

otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(iv) an action to enforce or quash an administrative summons or subpoena;

(v) an action by the United States to recover benefit payments;

(vi) an action by the United States to collect on a student loan guaranteed by the united States;

(vii) a proceeding ancillary to proceedings in other courts; and

(viii) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures—if any—are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) *Disclosure of Expert Testimony.*

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

(3) *Pretrial Disclosures.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of other

24

evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and promptly file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B) and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.

(4) *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served.

(5) *Methods to Discover Additional Matter.* Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.

(b) **Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

(2) *Limitations.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to

obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(4) *Trial Preparation: Experts.*

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in

Case 1:04-cv-00005   Document 24-4   Filed in TXSD on 09/02/2004   Page 36 of 38

Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(5) *Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

(c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(d) **Timing and Sequence of Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

(e) **Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(f) **Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature

and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing of Disclosures, Discovery Requests, Responses, and Objections.**

(1) Every disclosure made pursuant to subdivision (a)(1) or subdivision (a)(3) shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the disclosure and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, the disclosure is complete and correct as of the time it is made.

(2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party

constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

(3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000.]

## RULE 27. DEPOSITIONS BEFORE ACTION OR PENDING APPEAL

### (a) Before Action.

(1) *Petition.* A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or a description of the persons the petitioner expects will be adverse parties

# RULE 34.  PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES

(a) Scope.  Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure.  The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity.  The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts.  Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.  The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(c) Persons Not Parties.  A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

[Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 22, 1993, effective December 1, 1993.]

# RULE 35.  PHYSICAL AND MENTAL EXAMINATIONS OF PERSONS

(a) Order for Examination.  When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control.  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(b) Report of Examiner.

(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition.  After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that the party is unable to obtain it.  The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if an examiner fails or refuses to make a report the court may exclude the examiner's testimony if offered at trial.

(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege the party may have in that action or any other involving the same controversy, regarding the testimony of every other person who has examined or may thereafter examine the party in respect of the same mental or physical condition.

(3) This subdivision applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise.  This subdivision does not preclude discovery of a report of an examiner or