UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Di...
Southern Distr:
FILE
SEP 2 2 ?...
Michael N. M...y
Clerk of Court

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Santos Martinez as next Friend of G. M., Hugo Martinez, Jose Aguilon, and Higinio Sanchez-Ramos | § § § § § | |
| Plaintiffs, | § § | Civil Action No. B-04-005 |
| versus | § § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, Pablo Martinez and Eugene Martell | § § § | Jury Trial Requested |
| Defendants. | § | |

### DEFENDANT PABLO MARTINEZ'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

I, Pablo Martinez, respond as follows to Plaintiffs' Motion to Compel.

Respectfully submitted,

By: _____
Pablo Martinez, Defendant
c/o Country Store
1800 E. Canal Street
Belle Glade, FL 33430

### CERTIFICATE OF SERVICE

I hereby certify that on September 21st, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by ~~hand delivery~~ certified mail to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

_____
Pablo Martinez

# I.
# SUMMARY OF RESPONSE

Defendant is a farm labor contractor who is representing himself *pro se* in this litigation. Before this lawsuit was filed, Defendant met with Plaintiffs' counsel on two occasions and provided them with the documents that they requested. Defendant met with Plaintiffs' counsel once more after the suit was filed and provided them with even more documents. Plaintiffs have now served him with 50 requests for production and 22 interrogatories. Defendant has responded to this discovery to the best of his ability, given his resources. Defendant is willing to offer a deposition if Plaintiffs require further information.

# II.
# PLAINTIFFS' MOTION TO COMPEL DISCOVERY SHOULD BE DENIED

**A.     Defendant produced documents in response to Plaintiffs' Requests for Production.**

Plaintiffs complain that Defendant produced no documents in response to their Requests for Production. To the contrary, Defendant produced DEF 0001-0092 which is what Defendant had in his possession.

**B.     Defendants' objections to Plaintiffs' Requests for Production are proper, as the requests seek records from years not at issue in this lawsuit.**

Plaintiffs complain that Defendants wrongfully objected to Requests for Production Nos. 10, 11, 12, 13, 20, 42, and 50, which sought records from years other than 2002 - the year at issue in this lawsuit. These requests seek certain information "from 1999 to the present." Defendant properly objected to the extent the requests sought information outside of the year 2002, since that is the year at issue in this lawsuit. Information from prior or subsequent years is not relevant to Plaintiffs'

claims and places an undue burden and expense on Defendant - a *pro se* litigant with limited resources.

In determining whether a discovery request is proper, the Court should take into account the burden that the request would place on the responding party, as well as the benefit that a response would bring to the requesting party. Fed. R. Civ. P. 26(b)(2)(iii). If the burden outweighs the benefit, the Court should limit the discovery request appropriately. *Id.* In weighing the burden and benefit of the proposed discovery, the Court should consider the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the case. *Id.* Each of these factors favors Defendant, a *pro se* litigant with limited resources. Furthermore, five of these requests were propounded to Agrigenetics. Defendants should not be made to produce documents that have already been produced by Agrigenetics. Plaintiffs' request for information and records generated prior to the date of the transaction made the basis of this lawsuit amounts to a fishing expedition, and Defendant properly objected to the request to the extent it sought documents outside of the year 2002.

C. **Defendant responded to all but two of Plaintiffs' interrogatories to the best of his ability. He properly objected to the remaining two interrogatories on grounds that they invaded the party communication and joint defense privileges.**

Plaintiffs complain that Defendant inadequately responded to Interrogatory Nos. 2-8 and 10-22. Nos. 6, 7, 8 and 10 contain multiple discrete subparts. Therefore, Plaintiffs have in effect propounded more than the allowed 25 interrogatories to Defendant. Fed. R. Civ. P. 33(a). Nevertheless, Defendant has answered all but two of these interrogatories to the best of his ability. Defendant is willing to offer Plaintiffs a deposition if they seek further information.

Defendant has atempted in good faith to provide Plaintiffs' counsel with relevant information. Defendant respectfully submits that Plaintiffs' counsel has had complete access to information that is relevant to this suit. Unfortunately, Plaintiffs' counsel is attempting to gain advantage over pro se Defendant by overbearing and technical discovery.

**DEFENDANT PABLO MARTINEZ'S RESPONSE
TO PLAINTIFFS' MOTION TO COMPEL – Page 4**
500149 000004 AUSTIN 212716.1