United States District Court
Southern District of Texas
ENTERED

NOV 1 5 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO ALONSO, ET AL. | § | |
| Plaintiffs, | § § § | |
| v. | § | Civil Action B-04-005 |
| AGRIGENETICS, INC. D/B/A MYCOGEN SEEDS, ET AL. | § § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on November 15, 2004, the Court considered the following motions: (1) "Plaintiffs' Motion to Compel Discovery and an Amended Answer From Defendant Pablo Martinez" [Dkt. No. 23], and (2) "Plaintiffs' Motion to Compel Discovery From Defendant Eugene Martell" [Dkt. No. 24]. For the following reasons, the Motions are hereby **GRANTED**.

### I.   Standard of Review

The pleadings of a *pro se* litigant must be construed liberally. Haines v. Kerner, 104 U.S. 519, 520-21 (1972); Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). Nevertheless, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004); Murray v. City of Tahlequah, OK., 312 F.3d 1196, 1199 (10th Cir. 2002). Consequently, this Court "need not accept as true legal conclusions or unwarranted factual inferences." Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003); see also Taylor v. Books A Million, Inc., 296 F.3d 376, 378 ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice . . . .").

1

## II.    Request for Amended Pleading

As an initial matter, pursuant to Federal Rules of Civil Procedure ("FRCP") 8(b), if a defendant "intends in good faith to controvert all the averments" of the plaintiffs' complaint, that defendant may make a general denial. Here, defendant Pablo Martinez ("Martinez") has made such a general denial. The plaintiffs contend, however, that the answer was not made in good faith and therefore inappropriate since Martinez, in his responses to requests for admission, has admitted to several of the contentions made in the plaintiffs' complaint. Martinez has not responded to the plaintiffs' assertion.

The Court agrees with the plaintiffs. The complaint asserts that Martinez is a farm labor contractor. Martinez's response to an interrogatory admits as much. Nonetheless, Martinez's answer to the plaintiffs' complaint consists of: "I deny any wrongdoing alleged by Plaintiffs in their lawsuit against me." This is unacceptable pursuant to FRCP 8(b). Martinez will be required to conform his answer to the plaintiffs' complaint pursuant to the FRCP 8(b) guidelines.

## III.   Request to Compel Discovery

In answering interrogatories, a party shall answer each "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." FRCP 33(b)(1). Objections to an interrogatory "shall be stated with specificity." Id. 33(b)(4).

A party may serve another party a request to produce "any designated documents" that are in its "possession, custody or control . . . ." FRCP 34(a). "The response shall state . . . that inspection . . . will be permitted as requested, unless the request is objected to . . . ." Id. at 34(b). Any such objections shall be specific and any portion of the document not objected to shall be permitted inspection. Id.

If the served party fails to respond, or the responses are so evasive or incomplete as to render them failures to respond under Rule 37(a)(3), the serving party may, after reasonable notice, motion the court to compel a response or production. Id. at 37(a), (a)(2)(B). Additionally, the motioning party must include in its motion a certificate of good faith conferral with the served party demonstrating an attempt to obtain the sought after

information without court action. Id. at 37(a)(2)(B).

On July 16, 2004, plaintiffs served their first request for production of documents and interrogatories on *pro se* defendants Martinez and Eugene Martell ("Martell") separately. On August 12, the defendants served their responses. The responses are identical except for a few minor differences. Furthermore, other than where the defendants object, the interrogatories have not been answered to any degree of completeness or specificity.

The responses to requests for production mirror that of the interrogatories. Besides the objections, the defendants respond to requests for documents with, "To the extent such documents exist and are in Defendant's possession, they are attached." Nonetheless, not a single document was produced.

On August 17 and 18, 2004, the plaintiffs sent a letter to Martinez and Martell, respectively, requesting that each amend their responses. Furthermore, the letters were very precise in addressing each interrogatory or request for production and the specific issue presented with each response. The defendants did not respond to these letters.

The defendants' objections to the interrogatories cite the party communication and joint defense privileges. The objections to production aver that the requests are irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of relevant evidence. A few of the production objections again assert the party communication and joint defense privileges.

The defendants' objections are improper. An objection to an interrogatory or request for production must be specific. Simply stating an objection theory is insufficient. Wagner v. Dryvit sys. Inc., 208 F.R.D. 606, 610 (D.Neb. 2001). Furthermore, objections must be accompanied by affidavits or other evidence revealing the nature of why the discovery is objectionable. Id. This Court will not supply the defendant's pleadings and motions with factual allegations. See Palmer v. U.S. West Comm'n, Inc., 36 Fed.Appx. 644, 648 (10th Cir. 2002) (concluding that the Court would not "supply additional factual allegations to round out [the *pro se* plaintiff's] complaint").

3

Martinez responded[1] to the plaintiffs' motion [Dkt. No. 25] arguing that the requested documents have already been provided, that the requests for documents are irrelevant, and that such requests are overly burdensome on a *pro se* defendant. Again, Martinez provides no evidence to that effect. Therefore, the Court will not consider these arguments. See id.

In conclusion, the Court has examined the proposed interrogatories and requests for documents and finds that they are not irrelevant. See FRCP 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."). Nor are the production requests, this Court concludes, unduly burdensome.

### IV.   Conclusion

The Court is mindful that the defendants are proceeding *pro se*. This Court is also cognizant, however, that Martinez has been sued at least twice before in federal courts. Additionally, it appears that both defendants, as evidenced in their responsive pleadings, have at least a functional knowledge of the Federal Rules of Civil Procedure. Simply choosing to proceed *pro se* does not alleviate a party's obligation to produce or reveal discoverable information, or follow the Rules of Civil Procedure. See Wynder, 360 F.3d at 79; Murray, 312 F.3d at 1199. Hence, due to the aforementioned reasons, the plaintiffs' motions are hereby **GRANTED** [Dkt. Nos. 23 & 24].

Accordingly, the Court hereby **ORDERS** defendant Pablo Martinez to respond to the plaintiffs' complaint in accordance with the requirements of FRCP 8(b). The pleading shall be filed with this Court and served upon plaintiff within ten (10) days of the date of this Order.

The Court hereby **ORDERS** defendant Pablo Martinez to provide complete and accurate answers to plaintiffs' first set of interrogatories 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13,

---

[1] It appears Martell supplied the plaintiffs with a response to the motion to compel since the plaintiffs have filed a response [Dkt. No. 29]. However, the Court's record is devoid of such a pleading.

14, 15, 16, 17, 18, 19, 20, 21, and 22.

The Court hereby **ORDERS** defendant Eugene Martell to provide <u>complete</u> and <u>accurate</u> answers to plaintiffs' first set of interrogatories 2, 3, 4, 5, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, and 21.

Additionally, Martinez <u>and</u> Martell are **ORDERED** to provide plaintiffs with <u>specific</u> responses to the requests for documents from plaintiffs' first request for production of documents.

Martinez <u>and</u> Martell are **ORDERED** to comply with the discovery requests no later than fifteen (15) days from the date of this Order.

Lastly, the plaintiffs' request for costs and fees in resolving this discovery dispute against Martell and Martinez is hereby **GRANTED**.

The defendants are admonished that if the discovery requests are not satisfied in the allotted time period, this Court may impose additional costs, sanctions, or take other actions in order to remedy the defendants' failures. See <u>Fed.R.Civ.Pro.</u> 37(d). Additionally, "[p]roviding false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party . . . to sanctions." <u>Wagner</u>, 208 F.R.D. at 610.

DONE at Brownsville, Texas, this ____ day of November, 2004.

Hilda G. Tagle
United States District Judge