UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Armando Alonso, et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | Civil Action No. B-04-005 |
| | § | |
| **Agrigenetics, Inc., et al.** | § | |
| | § | |
| **Defendants.** | § | |

**MOTION FOR SANCTIONS AGAINST
DEFENDANT PABLO MARTINEZ AND DEFENDANT EUGENE MARTELL**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Armando Alonso, *et al.*, the Plaintiffs in the above-captioned matter, to move the Court for Sanctions against Defendant Pablo Martinez and Defendant Eugene Martell for their failure to comply with the Court's November 15, 2004 Order compelling discovery from these Defendants.

## I. STATEMENT OF RELEVANT FACTS

On November 15, 2004, the Court ordered Defendants Martinez and Martell to "provide <u>complete</u> and <u>accurate</u> answers" to specified interrogatories and to provide plaintiffs with "<u>specific</u> responses" to the requests in Plaintiffs' First Request for Production before December 1, 2004. The Order is on file with the Court. The Order also required Defendant Martinez to file answer in accordance with the requirements of Rule 8(b) of the Federal Rules of Civil Procedure ("FRCP").[1]

---

[1] Plaintiffs' attempts to resolve these matters without the Court's intervention are detailed in these motions to compel, in Plaintiffs' replies to Defendants' responses to the motions, and in exhibits attached to these pleadings. These pleadings are on file with the Clerk and are hereby incorporated by reference.

On December 1, 2004, Plaintiffs received Defendants' Answer to Plaintiffs' First Amended Complaint, Defendants Pablo Martinez and Eugene Martell's Supplemental Responses and Objections to Plaintiffs' First Request for Production of Documents, Defendant Eugene Martell's Supplemental Answers to Plaintiffs' First Set of Interrogatories, and Defendant Pablo Martinez's Supplemental Answers to Plaintiffs' First Set of Interrogatories.

## II. ARGUMENT

The pleading and discovery responses referred to above do not comply with the Court's November 15, 2004 Order. On December 15, 2004, Plaintiffs' counsel sent Defendants a detailed letter explaining the deficiencies in each document and asking Defendants to immediately cure the defects. A copy of this letter is attached as Exhibit A and is hereby incorporated by reference. Defendants have violated the Court's Order in the manner set forth below.

### A.    Answer

The Court's Order requires Defendant Martinez to file answer admitting or denying each averment made in Plaintiffs' amended complaint in accordance with the requirements of FRCP 8(b). Defendants' Answer made no responses at all to paragraphs 4.2 through 4.20 of the complaint. This answer is attached as Exhibit B. Further, it purports to provide an answer for Defendants Martinez and Martell, but the status of the document in this regard is unclear. Defendant Martinez has apparently only signed a faxed copy of the Certificate of Service.

### B. Requests for Production

Defendants Pablo Martinez and Eugene Martell's Supplemental Responses and Objections to Plaintiffs' First Request for Production of Documents were also deficient. They filed a joint response to separate requests sent to each Defendant. This supplemental response is attached as Exhibit C. The response read, "RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1-50: See DEF 0093-0105." The documents referenced (i.e., DEF 0093-0105) were provided in a .pdf file attached to an e-mail from Frank Hill, counsel for Defendant Agrigenetics, on October 13, 2004.

This response does not comply with the Court's Order for several reasons. First, the Defendants were ordered to provide <u>specific</u> responses to our discovery requests. They did not provide a specific answer to each request for production stating specifically which documents provided are responsive to each request. Second, the response suggests that every one of documents DEF 0093 through DEF 0105 is responsive to each and every request for production. This is not the case as those documents are all records from a payroll company and many of the requests have nothing to do with pay or pay records. Third, no additional documents were provided. Fourth, there are still requests to which Defendants have provided no response or relevant documents. For instance, request number 44 asks for 2000, 2001, and 2002 tax returns, including all attachments, schedules, and supporting documents. No tax documents were provided.

The Defendants' failures to provide documents in compliance with the Court's Order present the most serious problem for Plaintiffs. The Defendants' depositions were scheduled for December 20th and 21st in Florida. As a result of Defendants' failure to comply with the Order, Plaintiffs' counsel went into the depositions without all of the

documents they would have liked to use to question Defendants. Many documents that were responsive to Plaintiffs' requests for production, but that have not been produced, were referenced by Defendants Martinez and Martell during their depositions.

Defendant Martell's took place on December 20, 2004. In his deposition he referenced the following documents that are in his or Defendant Martinez's possession or control, which are responsive and have not been produced: Defendant Martell's notebook for the 2002 detasseling season containing the names of workers, the amount of work done by each per day, the field where such work was done, the amount paid to each worker, relevant telephone numbers, and other information; the business card of the Defendants' contact at the payroll company; the business card of the manager and/or owner of the motel where Plaintiffs were housed; documents showing advances in 2002 other than the advances for which Plaintiffs already have documentation; complete versions of forms provided by the payroll company in 2002; written records made in the fields in 2002 indicating which workers detasseled which rows; and a document, other than those produced, showing the correct employee number for each worker in 2002.

Defendant Martell also referenced the following documents that are in the possession or control of Defendant Martell, Defendant Martinez, and/or Defendant Agrigenetics, which are responsive and have not been produced: photocopies of Plaintiffs' identifications made at an Agrigenetics' facility and provided to Agrigenetics; 2002 field maps; applications filled out by Plaintiffs and submitted to Agrigenetics; and worker disclosure statements signed by Plaintiffs.[2]

---

[2] These lists come from notes of the deposition of Eugene Martell written by counsel for Plaintiffs, Nathaniel Norton. The deposition transcript is not yet available but appropriate pages from it will be provided to the Court upon request once Plaintiffs' counsel receives the transcript.

Defendant Martinez's deposition took place on December 21, 2004. In his deposition he referenced the following documents that are in his or Defendant Martell's possession or control, which are responsive and have not been produced: documents showing the name amount and hours of work done, pay rate, and bonus paid for each worker in 2002; documents showing the amount and hours of work done by each worker each day in 2002; and documents showing payments of rent to the motel where the Plaintiffs were housed.

Defendant Martinez referenced the following documents that are in the possession or control of Defendant Martinez, Defendant Martell, and/or Defendant Agrigenetics, which are responsive and have not been produced: disclosure forms signed by each worker in 2002; records showing the name, address, and social security numbers of all workers in 2002; and farm labor contractor certificates for Roberto Renderos.[3]

### C.     Interrogatories

Defendant Eugene Martell's Supplemental Answers to Plaintiffs' First Set of Interrogatories is deficient for each of the interrogatories, other than numbers 14, 17, and 20, to which he was ordered to provide "complete and accurate answers." See November 15th Order. These supplemental answers are attached as Exhibit D. A detailed explanation of how each of Defendant Martell's responses is deficient can be found in Exhibit A.

Defendant Pablo Martinez's Supplemental Answers to Plaintiffs' First Set of Interrogatories is similarly deficient. He has also only provided Plaintiffs with a faxed copy of his verification. Defendant Martinez's supplemental answers are attached as

---

[3] These lists come from notes of the deposition of Pablo Martinez written by counsel for Plaintiffs, Nathaniel Norton. The deposition transcript is not yet available but appropriate pages from it will be provided to the Court upon request once Plaintiffs' counsel receives the transcript.

Exhibit E. A detailed explanation of how each of Defendant Martinez's responses is deficient can be found in Exhibit A.

### III. CONCLUSION

Defendants have failed to comply with the Court's November 15, 2004 Order and with FRCP 8(b) and the various discovery rules of the Federal Rules of Civil Procedure. The Court, in the same order, granted Plaintiffs' request for costs and fees incurred in resolving this dispute up to the time the Order was issued. In order to ensure Defendants' compliance with the Court's Order and with the Rules, and to punish Defendants' disobedience, Plaintiffs believe it is necessary for the Court to impose greater sanctions on Defendants.

If the Court finds that the Defendants have failed to obey the November 15th Order, FRCP 37(b)(2) allows the Court to impose the following further sanctions, among others: A) order that the matters regarding which the November 15th Order was made or any other facts be taken as established; B) issue an order refusing to allow Defendants Martinez and Martell to support or oppose designated claims or defenses, or prohibiting them from introducing designated matters in evidence; C) issue an order striking out pleadings or parts thereof, or staying further proceedings until the Order is obeyed, or dismissing any part of the action, or rendering a default judgment against Defendants Martinez and Martell; D) issue an order treating Defendants' failure to obey the November 15th Order as contempt of court. See FRCP 37(b)(2)(A)-(D). FRCP 37(b)(2) would also require the Court to order the Defendants to pay reasonable expenses, including attorney's fees, caused by their failures to obey the Order, unless the Court

finds that the failures were substantially justified or that other circumstances would make an award of expenses unjust.

## IV. PRAYER

WHEREFORE, Plaintiffs' respectfully request that this Court issue an order granting the following relief pursuant to FRCP 37:

a. find Defendants Martinez and Martell in contempt for their failures to obey the Court's November 15, 2004 Order;

b. award Plaintiffs their expenses and fees incurred as a result of Defendants' failures to obey the Court's November 15, 2004 Order; and

c. grant such further relief under FRCP 37(b)(2) as the Court decrees just and necessary.

Respectfully submitted,

_____
Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2005, a true and correct copy of the foregoing document with attached exhibits was served on Defendants as listed below by first class U.S. mail.

Frank L. Hill
Thompson & Knight
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Eugene Martell
620 N. Nevada St.
Weslaco, TX 78596

Pablo Martinez
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

_____
Nathaniel Norton