LAW OFFICE OF
**TEXAS RIOGRANDE LEGAL AID, INC.**
WESLACO
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

December 15, 2004

Pablo Martinez                    cm/rrr: 7002 2030 0005 5870 4100
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Eugene Martell
620 N. Nevada
Weslaco, TX 78596

    Re: Alonso, et al. v. Agrigenetics, Inc., et al.

Dear Gentlemen:

    We have received Mr. Martell's supplemental responses to our first sets of interrogatories and requests for production and his answer to Plaintiffs' First Amended Complaint. We have also received un-verified and/or unsigned supplemental responses and an unsigned answer to the amended complaint from Mr. Martinez. Beyond the fact that some are unsigned and/or unverified, the responses and answers are deficient and do not comply with the Court's November 15th order for the following reasons.

Answer:

    The Court's order requires you to comply with FRCP 8(b). This rule requires that you admit or deny each or deny each averment in the complaint by paragraph. You make no response at all to paragraphs 4.2 through 4.20 of the complaint. Please provide us with and file with the Clerk, signed answers which specifically respond to each and every averment in the amended complaint.

Requests for Production:

    Your supplemental response to our requests for production is, "RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1-50: See DEF 0093-0105." You have been ordered to provide <u>specific</u> responses to our discovery requests. This means you must provide a specific answer to each request for production stating specifically which documents provided are responsive to each request. Your response suggests that every one of documents DEF 0093 through DEF 0105 is responsive to each and every request for production. This is, of course, not the case as each of these documents is some sort of wage record and most of the requests have nothing to do with wages or wage records.

EXHIBIT A

December 15, 2004
Page 2 of 5

    Further, you still have provided any response to several requests. For instance, Request No. 44 asks for your 2000, 2001, and 2002 tax returns, including all attachments, schedules, and supporting documents. You have produced no tax documents. I remind you that the Court has overruled your objections, found that the information sought is relevant, and ordered you to provide specific responses to our requests. Please provide specific responses to each and every request for production. These responses should specifically state which documents are responsive to each request and should also provide documents for requests to which you have not yet done so.

    Also, if responsive documents are identified in your depositions and they have not yet been produced pursuant to our request for production of documents, we will ask the Court for permission to conduct another deposition of each of you.

<u>Interrogatories</u>:

    The Court has ordered you to provide <u>complete</u> and <u>accurate</u> answers to our interrogatories. Your answers are deficient in the following ways.

    <u>To Eugene Martell</u>:

Interrogatory 2: You have not provided a rate of pay or a source of pay.

Interrogatory 3: You claim to have produced all existing documents of which you are aware. The interrogatory asks you to identify all responsive documents. As one can identify documents whether or not they currently exist, your response is incomplete.

Interrogatory 4: Your response identifies not a single communication, specifically or generally, with Pablo Martinez or with anyone at Agrigenetics. It is completely nonresponsive. You assert that you have previously explained several things to Plaintiffs' counsel. Whether or not you believe this is true, you need to explain these things again in writing and respond to the interrogatory.

Interrogatory 5: You have not described your recruitment and/or hiring of each Plaintiff <u>in detail</u>. You state that Plaintiffs contacted you when they learned of the work. Is this true for each and every Plaintiff? Even if it is, you have not described when, where, and how this contact happened.

Interrogatory 6: You have not provided the address of the housing.

Interrogatory 7: You have not provided the identity of each occupant in each housing unit.

Interrogatory 11: You have not described in detail how and when each Plaintiff's employment was terminated.

Interrogatory 13: You have still not explained where, how, or when you met each Plaintiff.

December 15, 2004
Page 3 of 5

Interrogatory 15: You do not identify even one specific communication with any Plaintiff.

Interrogatory 16: You have not described in detail the business structure of any business that performed farm labor contracting activities with which you were associated in 2002. Elsewhere you claim that Pablo Martinez was in business for himself, as opposed to an employee of Agrigenetics, and that you were his employee. Pablo Martinez's business therefore is one with which you were associated and which admitted performed farm labor contracting activities.

Interrogatory 18: In your response you claim that no person was recruited by you in 2002. Your response to this interrogatory is inconsistent with your response to Interrogatory 5 in which you admit to providing Plaintiffs with information related to their employment. This is recruitment.

Interrogatory 19: Your response directs us to your response to Interrogatory 4 which is not responsive to this interrogatory. It does not identify any conversation with any defendant about the terms and conditions that you admittedly helped explain to Plaintiffs. Furthermore, it is hard to believe that you cannot describe a single responsive conversation after you have admitted that you helped with registration (Interrogatory 2), did paperwork (Interrogatory 4), provided Plaintiffs with information about the job (Interrogatory 5), were a contact person for workers interested in the job (Interrogatory 13), and woke up Plaintiffs in the morning for work (Interrogatory 15).

Interrogatory 21: You still have not identified any individuals not employed by Mr. Martinez, but employed by Agrigenetics, or any individuals at the Heidelberg Motel. You sometimes refer in general terms to these people elsewhere, but do not identify them here.

To Pablo Martinez:

Interrogatory 3: You claim to have produced all existing documents of which you are aware. The interrogatory asks you to identify all responsive documents. As one can identify documents whether or not they currently exist, your response is incomplete.

Interrogatory 4: Your response identifies not a single communication, specifically or generally, with Eugene Martell or with anyone at Agrigenetics. It is completely nonresponsive. You assert that you have previously explained several things to Plaintiffs' counsel. Whether or not you believe this is true, you need to explain these things again in writing and respond to the interrogatory.

Interrogatory 5: You have not described your role in recruiting and/or hiring each Plaintiff in sufficient detail. You have not described your role for each Plaintiff.

Interrogatory 7: You have not provided the identity of each occupant in each housing unit.

Interrogatory 10: Responding to an interrogatory by stating that you have previously explained the information is an insufficient response. You must respond to interrogatories in writing. You have also not stated the amount, kinds, and dates of payments to Mycogen and Roberto Randeros.

Interrogatory 11: Your response does not explain in detail how each Plaintiff's employment was terminated. Saying that it was "automatic" does not explain, for instance, how each Plaintiff came to know it was terminated.

Interrogatory 13: You have still not explained where or when you met each Plaintiff.

Interrogatory 15: You do not identify even one specific communication with any Plaintiff.

Interrogatory 17: You have not given a source of pay for anyone who worked for your business. You have not given a rate of pay for any worker other than Mr. Martell. In fact, it is unclear whether you have given Mr. Martell's rate of pay or just his gross pay given that you only gave gross pay for the other workers and that you state his pay was approximately $2000 for the season.

Interrogatory 18: You do not state what federal and/or state licensing or certification was held by Mr. Martell.

Interrogatory 19: You purport to answer this interrogatory by pointing to documents DEF 0093-105. These records contain the names of workers, but do not fully identify them in accordance with the definitions that accompanied the interrogatories. They do not state the present or last know business address, home address, business and home telephone numbers, title or position and place of employment, or date of hire and termination.

Interrogatory 20: Your response directs us to your response to Interrogatory 4 which is not responsive to this interrogatory. It does not identify any conversation with any defendant about the terms and conditions that you admittedly helped explain to Plaintiffs.

Interrogatory 22: You still have not identified any individuals not employed by you, but employed by Agrigenetics, or any individuals at the Heidelberg Motel. You sometimes refer in general terms to these people elsewhere, but do not identify them here.

Again, I remind you that you are not in compliance with the Court's November 15th order. If you do not take immediate steps to come into compliance with the order by amending and supplementing your answers and discovery responses to cure the defects as I have outlined them above, we may take this matter to the Court with no further notice to you. If the Court finds that you have violated the order it may impose sanctions on you. For instance, the Court may order you to pay more fees and costs to Plaintiffs, order that facts be deemed admitted by you, prevent you from opposing Plaintiffs' claims, render a default judgment against you, and/or find you in contempt of Court.

December 15, 2004
Page 5 of 5

                                    Sincerely,

                                    Nathaniel Norton
                                    Attorney for Plaintiffs