UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Santos Martinez as next friend of G.M., Hugo Martinez, Jose Aguilon, and Higinio Sanchez-Ramos <br><br> Plaintiffs, <br><br> *versus* <br><br> Agrigenetics, Inc. d/b/a Mycogen Seeds, Pablo Martinez and Eugene Martell <br><br> Defendants. | Civil Action No. B-04-005 <br><br><br> Jury Trial Requested |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Pablo Martinez and Eugene Martell, (hereinafter "Defendants"), hereby answer Plaintiffs' First Amended Complaint (hereinafter the "Complaint") as follows.

1.1  Defendants admit that Plaintiffs have brought this suit, but deny that Defendants violated any law or that they are liable to Plaintiffs for any reason. Defendants admit that Pablo Martinez was a Farm Labor Contractor and deny that Eugene Martell was a Farm Labor Contractor.

1.2  Defendants admit that Plaintiffs seek relief, but deny that Plaintiffs are entitled to any relief.

2.1  Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.1 of the Complaint.

2.2  Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.2 of the Complaint.



DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT – PAGE 1
500149 000004 AUSTIN 214378.1

2.3    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.3 of the Complaint.

2.4    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.4 of the Complaint.

2.5    Defendants admit the allegations contained in Paragraph 2.5 of the Complaint.

3.1    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.1 of the Complaint.

3.2    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.1 of the Complaint.

3.3    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.3 of the Complaint.

3.4    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.4 of the Complaint.

3.5    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.5 of the Complaint.

3.6    Defendants admit the allegations in the first Paragraph 3.6 of the Complaint. Defendants admit that Pablo Martinez did business in Texas and Illinois and contracted with Mycogen as an independent contractor to provide agricultural labor in 2002 for work performed at an agricultural site in Illinois. Defendants otherwise deny the remaining allegations set forth in the second Paragraph 3.6 in the Complaint.

3.7.   Defendants admit the allegations in Paragraph 3.7 of the Complaint.

3.8    Defendants deny the allegations contained in Paragraph 3.8 of the Complaint.

4.1    Defendants admit the allegations contained in Paragraph 4.1 of the Complaint.

4.21    Defendants deny the allegations contained in Paragraph 4.21 of the Complaint.

4.22    Defendants deny the allegations contained in Paragraph 4.22 of the Complaint.

4.23    Defendants admit the allegations contained in Paragraph 4.23 of the Complaint.

4.24    Defendants deny the allegations contained in Paragraph 4.24 of the Complaint.

4.25    Defendants deny the allegations contained in Paragraph 4.25 of the Complaint.

4.26    Defendants deny the allegations contained in Paragraph 4.26 of the Complaint.

4.27    Defendants deny the allegations contained in Paragraph 4.27 of the Complaint.

4.28    Defendants admit that Plaintiffs were housed in Iowa in public accommodations that were owned and controlled by others. Defendants deny that they owned or controlled the housing.

4.29    Defendants deny the allegations contained in Paragraph 4.29 of the Complaint.

4.30    Defendants admit that no housing certification was obtained, but deny that such was required.

4.31    Defendants admit the allegations contained in Paragraph 4.31 of the Complaint, but deny that such a posting was required at public housing.

4.32.   Defendants admit the allegations contained in Paragraph 4.32 of the Complaint, but deny that such a posting was required at public housing.

4.33    Defendants deny the allegations contained in Paragraph 4.33 of the Complaint.

4.34    Defendants deny the allegations contained in Paragraph 4.34 of the Complaint.

4.35    Defendants deny the allegations contained in Paragraph 4.35 of the Complaint.

4.36    Defendants deny the allegations contained in Paragraph 4.36 of the Complaint.

4.37    Defendants deny the allegations contained in Paragraph 4.37 of the Complaint.

4.38    Defendants deny the allegations contained in Paragraph 4.38 of the Complaint.

4.39   Defendants deny the allegations contained in Paragraph 4.39 of the Complaint.

5.1   Defendants reincorporate by reference their responses to Paragraphs 1.1 through 4.39 of the Complaint as if fully set forth herein.

5.2   Defendants deny each and every allegation contained in Paragraph 5.2 of the Complaint.

5.3   Defendants deny each and every allegation contained in Paragraph 5.3 of the Complaint.

5.4   Defendants deny each and every allegation contained in Paragraph 5.4 of the Complaint.

5.5   Defendants deny each and every allegation contained in Paragraph 5.5 of the Complaint.

5.6   Defendants admit that the AWPA allows for recovery of actual damages or up to $500.00 in statutory damages for certain violations of the Act, but deny that they violated any of the Plaintiffs' rights under the AWPA and further deny that Plaintiffs are entitled to any type of relief.

5.7   Defendants deny the allegations contained in Paragraph 5.7 of the Complaint.

6.1   Defendants reincorporate by reference their responses to Paragraphs 1.1 through 5.7 of the Complaint as if fully set forth herein.

6.2   Defendants admit the allegations contained in Paragraph 6.2 of the Complaint as to Pablo Martinez. Defendants deny the allegations as to Eugene Martel and Agrigenetics.

6.3   Defendants deny the allegations contained in Paragraph 6.3 of the Complaint.

6.4.   Defendants deny the allegations contained in Paragraph 6.4

7.1   Defendants reincorporate by reference their responses to Paragraphs 1.1 through 6.4 of the Complaint as if fully set forth herein.

7.2   Defendants deny the allegations contained in Paragraph 7.2 of the Complaint.

7.3   Defendants deny the allegations contained in Paragraph 7.3 of the Complaint.

7.4   Defendants deny the allegations contained in Paragraph 7.4 of the Complaint.

7.5   Defendants deny the allegations contained in Paragraph 7.5 of the Complaint.

8.1   Defendants reincorporate by reference their responses to Paragraphs 1.1 through 7.5 of the Complaint as if fully set forth herein.

8.2   Defendants deny any and all allegations contained in Paragraph 8.2 of the Complaint.

8.3   Defendants deny any and all allegations contained in Paragraph 8.3 of the Complaint.

8.4   Defendants deny any and all allegations contained in Paragraph 8.4 of the Complaint.

8.5   Defendants deny any and all allegations contained in Paragraph 8.5 of the Complaint.

9.1   Defendants reincorporate by reference their responses to Paragraphs 1.1 through 8.5 of the Complaint as if fully set forth herein.

9.2   Defendants deny the allegations contained in Paragraph 9.2 of the Complaint.

9.3   Defendants deny the allegations contained in Paragraph 9.3 of the Complaint.

10.1   Defendants reincorporate by reference their responses to Paragraphs 1.1 through 9.3 of the Complaint as if fully set forth herein.

10.2    Defendants deny the allegations contained in Paragraph 10.2 of the Complaint except as to Pablo Martinez.

10.3    Defendants deny the allegations contained in Paragraph 10.3 of the Complaint.

10.4    Defendants deny the allegations contained in Paragraph 10.4 of the Complaint.

10.5    Defendants deny the allegations contained in Paragraph 10.5 of the Complaint.

11.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 10.5 of the Complaint as if fully set forth herein.

11.2    Defendants deny the allegations contained in Paragraph 11.2 of the Complaint.

11.3    Defendants deny the allegations contained in Paragraph 11.3 of the Complaint.

11.4    Defendants deny the allegations contained in Paragraph 11.4 of the Complaint.

11.5    Defendants deny the allegations contained in Paragraph 11.5 of the Complaint.

11.6    Defendants deny the allegations contained in Paragraph 11.6 of the Complaint.

11.7    Defendants deny the allegations contained in Paragraph 11.7 of the Complaint.

11.8    Defendants deny the allegations contained in Paragraph 11.8 of the Complaint.

12.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 11.8 of the Complaint as if fully set forth herein.

12.2    Defendants deny the allegations contained in Paragraph 12.2 of the Complaint.

12.3 Defendants deny the allegations contained in Paragraph 12.3 of the Complaint.

12.4    Defendants deny the allegations contained in Paragraph 12.4 of the Complaint.

12.5    Defendants deny the allegations contained in Paragraph 12.5 of the Complaint.

12.6    Defendants deny the allegations contained in Paragraph 12.6 of the Complaint.

13.1    Defendants deny that Plaintiffs are entitled to any type of relief whatsoever.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs and that Plaintiffs take nothing by way of their Complaint.

Respectfully submitted,

x_____
Pablo Martinez, Defendant
c/o County Store
1800 East Canal Street
Belle Glade, Florida  33430

_____
Eugene Martell, Defendant
620 N. Nevada
Weslaco, Texas  78596

## CERTIFICATE OF SERVICE

I hereby certify that on November ____, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by certified United States mail to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

x_____
Pablo Martinez

500149 000004 AUSTIN 214378.1

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs and that Plaintiffs take nothing by way of their Complaint.

Respectfully submitted,

x _____
Pablo Martinez, Defendant
c/o County Store
1800 East Canal Street
Belle Glade, Florida 33430

_____
Eugene Martell, Defendant
620 N. Nevada
Weslaco, Texas 78596

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by certified United States mail to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

x _____
Pablo Martinez