## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Santos Martinez as next Friend of G. M., Hugo Martinez, Jose Aguilon, and Higinio Sanchez-Ramos | § § § § § | |
| Plaintiffs, | § § | Civil Action No. B-04-005 |
| versus | § § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, Pablo Martinez and Eugene Martell | § § § | Jury Trial Requested |
| Defendants. | § § | |

## DEFENDANT EUGENE MARTELL'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:     Plaintiffs, by and through their attorney of record, Nathaniel Norton and Rodolfo D. Sanchez, Texas Rio Grande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted,

By:     _Eugene Martell_

Eugene Martell, Defendant
620 N. Nevada
Weslaco, TX 78596

## CERTIFICATE OF SERVICE

I hereby certify that on November ___, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

_Eugene Martell_

Eugene Martell

**DEFENDANT EUGENE MARTELL'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 1**
500149 000004 AUSTIN 211608.1

EXHIBIT
D

## INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories.

**SUPPLEMENTAL ANSWER:**

Eugene D. Martell and Pablo Martinez.

**INTERROGATORY NO. 2**

Please state your 2002 job title(s) with Agrigenetics and Pablo Martinez and describe the duties, rate of pay, and source of pay that accompanied the job(s).

**SUPPLEMENTAL ANSWER:**

I worked for Pablo Martinez and had no job title. I did paperwork and helped him with registration. I was paid approximately $2000.00 for the 2002 season. However, with respect to Mr. Martell, he was an independent contractor and farm labor contractor for Agrigenetics ("Mycogen") as reflected in MYC 0023-0036 and DEF 0003-0016. He employed Plaintiffs to detassel corn and supervised their work. Later in the year, he acted as a farm labor contractor for sorting work done at the Congerville facility. However, for that work, Plaintiffs were hourly employees of Mycogen and were not employees of Mr. Martinez.

**INTERROGATORY NO. 3**

Please identify each document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Agrigenetics in 2002.

**SUPPLEMENTAL ANSWER:**

None. I never employed Plaintiffs. However, with respect to Mr. Martinez, he is attempting to obtain returned paychecks from his bank that Plaintiffs received and a copy of the check he used to pay the hotel bill. Otherwise, I am unaware of any existing documents that have not previously been produced by the Defendants in this litigation.

.

**DEFENDANT EUGENE MARTELL'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 2**
500149 000004 AUSTIN 211608.1

## INTERROGATORY NO. 4

Please identify every communication you have had with Agrigenetics, its employees, agents, or attorneys, or with Pablo Martinez concerning the subject matter of this lawsuit.

## SUPPLEMENTAL ANSWER:

My conversations with Mycogen's counsel and Pablo Martinez are the same as I told Plaintiffs' counsel at their offices before this suit was commenced. It is impossible for me to identify every communication, but I've related how I worked as a farm laborer myself for many years, I helped Mr. Martinez as his assistant to keep up with paperwork. Plaintiffs met us in Iowa at a hotel and Mr. Martinez paid for their stay there. Plaintiffs arranged their own transportation to Iowa. I've explained how I kept track of time and rows and that Plaintiffs were paid either minimum wage, or more, based upon the rows that they detasseled. That is what I can remember about my conversations.

## INTERROGATORY NO. 5

Please describe in detail your role in the recruitment and/or hiring. of each Plaintiff for employment in 2002 with you or Agrigenetics.

## SUPPLEMENTAL ANSWER:

Plaintiffs contacted me when they learned that Pablo Martinez had work. I provide Plaintiffs with information related to their employment with Pablo Martinez. See DEF 0001 - 0002.

## INTERROGATORY NO. 6

For each individual plaintiff, please identify each specific apartment unit, hotel room, or other housing unit provided by you at any time in 2002 in connection with said Plaintiff's employment with you or Agrigenetics. In your answer, please provide the address of the housing unit, the name of the housing facility if there is one, the type of housing, and your relationship to the housing facility in 2002.

## SUPPLEMENTAL ANSWER:

I never employed any Plaintiff or housed any Plaintiff. I don't know the room numbers where Plaintiffs stayed. I do know that the Heidelberg Hotel is owned by a man of Asian descent. I had no connection with the Heidelberg Hotel other my stay there.

**DEFENDANT EUGENE MARTELL'S SUPPLEMENTAL ANSWERS**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 3**
500149 000004 AUSTIN 211608.1

**INTERROGATORY NO. 7**

Please describe each specific housing unit provided by you in 200 2 to each plaintiff. In your answer please state the condition and number of rooms in the apartment, the square footage of each room, the condition and number of beds in the unit, the condition and number of mattresses in the unit, the condition and type of furnishings provided, the condition and type of furnishings provided, the number of lights provided in each room, the identity of each occupant in each housing unit, and whether or not such housing was licensed as migrant farm worker housing by appropriate state and/or federal agencies, and if so, by which agencies.

**SUPPLEMENTAL ANSWER:**

I never employed or housed any Plaintiff. I don' know whether the Heidelberg Hotel was licensed by state or federal agencies. The rooms had two large beds, air conditioner, color TV, towels, soap, toilet, sink, toilet paper, daily room service, a desk. The condition of the mattresses that I saw were good. I never counted the number of lights, but there was adequate lighting. I do not know the square footage. The rooms had desks and chests of drawers and lamp stands. I stayed in the hotel myself and felt comfortable there.

**INTERROGATORY NO. 8**

Please describe your role in obtaining housing for any Plaintiff in 2002. If your role included paying for housing for any Plaintiffs please list each payment you made for the housing and the date, amount, and payee for each Plaintiff's housing.

**SUPPLEMENTAL ANSWER:**

None.

**INTERROGATORY NO. 9**

Please describe in detail any role you played in 2002 in transporting the Plaintiffs to, from, and between Agrigenetics's cornfields or other work sites.

**SUPPLEMENTAL ANSWER:**

None.

**INTERROGATORY NO. 10**

Please describe how each Plaintiff was transported to, from, and between Agrigenetics' s cornfields or other Agrigenetics work sites in 2002. In your response, please state the following: the

**DEFENDANT EUGENE MARTELL'S SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 4**
500149 000004 AUSTIN 211608.1

name of each transportation provider and your relationship, if any, to the transportation provider; the name of each person or company who provided any vehicle used to transport any worker, and your relationship, if any, to the vehicle provider; the identity of each person who drove or operated any vehicle used to transport any worker, and your relationship, if any, to the driver or operator; procedures for verifying drivers' certification to provide such transportation; and the amount, kind and dates of payments made for such transportation services.

**SUPPLEMENTAL ANSWER:**

Pablo Martinez rented a bus from Mycogen and hired Roberto Randeros to drive it. He had a Florida commercial drivers license. I had no relationship with Roberto Randeros other than as co-worker. The bus seemed to be in good condition, but I do not recall more about it.

**INTERROGATORY NO. 11**

Please explain in detail how, why, and when each Plaintiff s employment was terminated in 2002.

**SUPPLEMENTAL ANSWER:**

The detasseling work was completed so Pablo no longer needed employees.

**INTERROGATORY NO. 12**

Please describe in detail your relationship to Agrigenetics, Inc.

**SUPPLEMENTAL ANSWER**

None.   I was employed by Pablo Martinez for 2002 detasseling.

**INTERROGATORY NO. 13**

Please describe in detail your relationship to each Plaintiff. Please include a description of how each Plaintiff came to be associated with you and/or hired to work for Agrigenetics in 2002.

**SUPPLEMENTAL ANSWER:**

We were co-employees of Mr. Martinez. Many Plaintiffs had worked with Mr. Martinez in the past. I believe that word of mouth spread that Mr. Martinez had work and that I worked for him, so Plaintiffs contacted me.

**INTERROGATORY NO. 14**

Provide a description of each Plaintiff's job duties with Agrigenetics in 2002.

***SUPPLEMENTAL ANSWER*:**

Plaintiffs walked up and down rows of corn and detasseled the female corn. There were 4 rows of female corn and one row of male corn. To enhance fertility, the Plaintiffs pulled the tassel out of the ear and dropped it to the ground.

**INTERROGATORY NO. 15**

Please identify each communication you had with any Plaintiff from May 2002 through September 2002. In your response please state the method, date, subject matter of each communication, and whether the communication was in person.

**SUPPLEMENTAL ANSWER:**

My communications with Plaintiffs generally involved the job. Basically, Pablo Martinez or I would wake Plaintiffs up in the morning and they would get on the bus and be driven to the fields in Illinois. Plaintiffs would provide their own food. Sometimes, Plaintiffs would have a question and I would communicate directly with them. Sometimes, Plaintiffs and I chatted as friends, but I do not recall any specific conversations at this time.

**INTERROGATORY NO. 16**

Please describe in detail the 2002 business structure of your farm labor contracting business or of any business you were associated with in 2002 that performed farm labor contracting activities. In your response please describe your relationship to each business.

**SUPPLEMENTAL ANSWER:**

None. I was an employee of Mr. Martinez.

## INTERROGATORY NO. 17

Please describe in detail what federal and state licensing and/or certification you and Pablo Martinez had in 2002 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity each person was licensed or certified to perform and whether each person was licensed or certified for each such activity by the federal government, by the State of Illinois, or by both.

## SUPPLEMENTAL ANSWER:

I held no certificates. I understand that Mr. Martinez held a federal and Illinois certificate but do not know the specifics.

## INTERROGATORY NO. 18

Please identify each person who was recruited by you to perform corn detasseling or corn roguing in 2002.

## SUPPLEMENTAL ANSWER:

None. As to Pablo Martinez, see Def 93-105.

## INTERROGATORY NO. 19

Please describe each communication you had with any other defendant in 2002 concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Agrigenetics in Iowa or Illinois.

## SUPPLEMENTAL ANSWER:

See Defendant's response to Interrogatory No. 4.

## INTERROGATORY NO. 20

Describe any role you played in any of the termination of employment of any Plaintiff with Agrigenetics in 2002.

## SUPPLEMENTAL ANSWER:

None.

**DEFENDANT EUGENE MARTELL'S SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 7**
500149 000004 AUSTIN 211608.1

## INTERROGATORY NO. 21

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

## SUPPLEMENTAL ANSWER:

I will attempt to locate the telephone number and address of the following persons with knowledge.

| | | |
|---|---|---|
| Pedro Puente: | 956-782-5139 | Agriculture Worker |
| Celestino Lopez: | 956-316-1060 | Agriculture Worker |
| Rene Quintanilla: | Edinburg, Florida | Agriculture Worker |
| Juan Ruiz: | 956-565-6054 | Agriculture Worker |
| Daniel Lopez: | 956-542-2384 | Agriculture Worker |
| Leonardo de la Cruz: | Florida | Agriculture Worker |
| Daniel Alvarez: | Weslaco | Agriculture Worker |
| Arnulfo Garcia: | McAllen | Agriculture Worker |
| Jose Leyva: | Mercedes | Agriculture Worker |
| Jose Escobedo: | Alamo | Agriculture Worker |
| Ramiro Martinez: | Alamo | Agriculture Worker |
| Gorge Cantu: | Weslaco | Agriculture Worker |