UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| Friend of G. M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | Jury Trial Requested |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Plaintiffs, by and through their attorney of record, Nathaniel Norton and Rodolfo D. Sanchez, Texas Rio Grande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted,

By:   X_____
      Pablo Martinez, Defendant
      c/o Country Store
      1800 E. Canal Street
      Belle Glade, FL 33430

## CERTIFICATE OF SERVICE

I hereby certify that on November ___, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

X_____
Pablo Martinez

DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 1
500149 000004 AUSTIN 211606.1

EXHIBIT
E

11/30/2004  12:04    9569683400              LAW OFFICE OF SAENZ                    PAGE  02/03

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| Friend of G. M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | Jury Trial Requested |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS
## TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Plaintiffs, by and through their attorney of record, Nathaniel Norton and Rodolfo D. Sanchez, Texas Rio Grande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted.

By:   _____

Pablo Martinez, Defendant
c/o Country Store
1800 E. Canal Street
Belle Glade, Fl. 33430

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

_____

Pablo Martinez

DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 1

## Supplemental Answers to Interrogatories

**INTERROGATORY NO. 2**

Please state your 2002 job title with Agrigenetics and describe the duties that accompanied that job.

**SUPPLEMENTAL ANSWER:**

I was an independent contractor and farm labor contractor for Agrigenetics ("Mycogen"). My relationship and duties are reflected in MYC 0023-0036 and DEF 0003-0016. I supervised detasseling pursuant to my contract with Mycogen and this included employing Plaintiffs to detassel corn and supervising their work. Later in the year, I acted at a farm labor contractor for sorting work done at the Congerville facility. However, for that work, Plaintiffs were hourly employees of Mycogen and not my employees. I was paid a recruiting fee and a production bonus by Mycogen for Congerville work.

**INTERROGATORY NO. 3**

Please identify each document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Agrigenetics in 2002.

**SUPPLEMENTAL ANSWER:**

I am attempting to obtain returned paychecks from my bank that Plaintiffs received and a copy of the check I used to pay the hotel bill. I will produce these documents once they are obtained. Otherwise, I am unaware of existing document that have not previously been produced by the Defendants in this litigation.

**INTERROGATORY NO. 4**

Please identify every communication you have had with Agrigenetics, its employees, agents, or attorneys, or with Eugene Martell concerning the subject matter of this lawsuit.

**SUPPLEMENTAL ANSWER:**

My conversations with Mycogen's counsel and Eugene Martell are the same as I told Plaintiffs' counsel at their offices before this suit was commenced. It is impossible for me to identify every communication, but I've related how I worked as a farm laborer myself for many years, and

then as a Farm Labor Contractor. I performed Farm Labor Contractor work for Cargill in Illinois for about 10 years until Cargill sold its operation to Mycogen in 2002. The 2002 season was my first work for Mycogen. Eugene Martell was my assistant to keep up with paperwork. He was not a Farm Labor Contractor and never claimed to be. Plaintiffs met me in Iowa at a hotel and I paid for their stay there. Plaintiffs arranged their own transportation there. Some of the Plaintiffs had traveled with me before to Illinois to work in Cargill's fields. I've explained how detasseling worked (walking down rows and pulling the tassels on female corn and dropping it on the ground) and how Plaintiffs were paid either minimum wage, or more, based upon the rows that they detasseled. That is what I can remember about my conversations.

## INTERROGATORY NO. 5

Please describe in detail your role in the recruitment and/or hiring of each Plaintiff for employment in 2002 with you or Agrigenetics.

## SUPPLEMENTAL ANSWER:

I recruited and hired Plaintiffs. Most is by word of mouth. As previously stated, some of the Plaintiffs had traveled with me to Illinois before. Once I got the detasseling contract, I informed the workers who had previously worked with me and the word quickly spread about the availability of work. Eugene Martell provided the workers with the required disclosures. See DEF 0001-2.

## INTERROGATORY NO. 6

For each individual plaintiff, please identify each specific apartment unit, hotel room, or other housing unit provided by you at any time in 2002 in connection with said Plaintiff's employment with you or Agrigenetics. In your answer, please provide the address of the housing unit, the name of the housing facility if there is one, the type of housing, and your relationship to the housing facility in 2002.

## ANSWER:

Heidelberg Motel
Hwy. 34-East
Mount Pleasant, Iowa 52641
(319) 385-8968

**SUPPLEMENTAL ANSWER:** I don't know the room numbers. The Heidelberg Hotel is owned by a man of Asian descent. I had no connection with the Heidelberg Hotel other than housing workers there and paying for the housing.

DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 3
500149 000004 AUSTIN 211606.1

**INTERROGATORY NO. 7**

Please describe each specific housing unit provided by you in 2002 to each plaintiff. In your answer please state the condition and number of rooms in the apartment, the square footage of each room, the condition and number of beds in the unit, the condition and number of mattresses in the unit, the condition and type of furnishings provided, the condition and type of furnishings provided, the number of lights provided in each room, the identity of each occupant in each housing unit, and whether or not such housing was licensed as migrant farm worker housing by appropriate state and/or federal agencies, and if so, by which agencies.

**SUPPLEMENTAL ANSWER:**

I don' know whether the Heidelberg Hotel was licensed by state or federal agencies. I never obtained any such certification. The rooms had two large beds, air conditioner, color TV, towels, soap, toilet, sink, toilet paper, daily room service, a desk. The condition of the mattresses that I saw were good. I never counted the number of lights, but there was adequate lighting. I do not know the square footage. The rooms had desks and chests of drawers and lamp stands. I stayed in the hotel myself and felt comfortable there.

**INTERROGATORY NO. 8**

Please describe your role in obtaining housing for any Plaintiff in 2002. If your role included paying for housing for any Plaintiffs please list each payment you made for the housing and the date, amount, and payee for each Plaintiff's housing.

**SUPPLEMENTAL ANSWER:**

I obtained housing for Plaintiffs. I do not recall the cost but am looking for a copy of the check to the Heidelberg Hotel and it will be produced located.

**INTERROGATORY NO. 10**

Please describe how each Plaintiff was transported to, from, and between Agrigenetics's cornfields or other Agrigenetics work sites in 2002. In your response, please state the following: the name of each transportation provider and your relationship, if any, to the transportation provider; the name of each person or company who provided any vehicle used to transport any worker, and your relationship, if any, to the vehicle provider; the identity of each person who drove or operated any vehicle used to transport any worker, and your relationship, if any, to the driver or operator; procedures for verifying drivers' certification to provide such transportation; and the amount, kind and dates of payments made for such transportation services.

**DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 4**
500149 000004 AUSTIN 211606.1

**SUPPLEMENTAL ANSWER:**

I rented a bus from Mycogen and hired Roberto Randeros to drive it. He had a Florida commercial drivers license. I've previously described my relationship to Mycogen. I do not remember what I paid for the bus. It seemed to be in good condition, but I do not recall much more about it. I knew that Roberto Randeros held a Florida commercial drivers license and I required no further certification and did no further investigation on whether additional certification was needed.

**INTERROGATORY NO. 11**

Please explain in detail how, why, and when each Plaintiff's employment was terminated in 2002.

**SUPPLEMENTAL ANSWER:**

When the detasseling work was completed, the job automatically terminated. I believe that the last day of work was approximately July 29, 2002.

**INTERROGATORY NO. 12**

Please describe in detail your relationship to Agrigenetics, Inc.

**ANSWER:**

I had no relationship until 2002. For my relationship beginning in 2002, See Answer to Interrogatory No. 2. I had the same type of arrangement with Mycogen in 2003. I only performed detasseling work for Mycogen in 2004.

**INTERROGATORY NO. 13**

Please describe in detail your relationship to each Plaintiff. Please include a description of how each Plaintiff came to be associated with you and/or hired to work for Agrigenetics in 2002.

**SUPPLEMENTAL ANSWER:**

I employed Plaintiffs. I don't remember how I became associated with each Plaintiff. However, some workers had gone up to Illinois with me for many years to do work in Cargill's fields. . For instance, Daniel Lopez had worked in Illinois with me for approximately ten years. Generally, I was known in the community as a Farm Labor Contractor and, when I had work, I contacted previous workers or they contacted me. The availability of work was quickly spread by word of mouth. The same was the case in 2002.

**DEFENDANT PABLO MARTINEZ'S SUPPLEMENTAL ANSWERS**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 5**
500149 000004 AUSTIN 211606.1

## INTERROGATORY NO. 14

Provide a description of each Plaintiff's job duties with Agrigenetics in 2002.

## SUPPLEMENTAL ANSWER:

Plaintiffs were employed by me to walk up and down rows of corn and detasseled the female corn. There were 4 rows of female corn and one row of male corn. To enhance fertility, the Plaintiffs pulled the tassel out of the ear and dropped it to the ground.

## INTERROGATORY NO. 15

Please identify each communication you had with any Plaintiff from May 2002 through September 2002. In your response please state the method, date, subject matter of each communication, and whether the communication was in person.

## SUPPLEMENTAL ANSWER:

My communications with Plaintiffs generally involved the job. Basically, Eugene Martell or I would wake Plaintiffs up in the morning and they would get on the bus and be driven to the fields in Illinois. Plaintiffs would provide their own food. Sometimes, Plaintiffs would indicate that they needed to take a break or have a question and I would communicate directly with them. Mycogen would tell me which fields to detassel and I would communicate with Plaintiffs to transport them to the proper field and get the job done. I communicated with Plaintiffs about safety when there was a concern. Sometimes, Plaintiffs and I chatted as friends, but I do not recall any specific conversations at this time.

## INTERROGATORY NO. 16

Please describe in detail the 2002 business structure of your farm labor contracting business or of any business you were associated with in 2002 that performed farm labor contracting activities. In your response please describe your relationship to each business.

## SUPPLEMENTAL ANSWER:

I was a Farm Labor Contractor. I have always been a sole proprietor. I hired Eugene Martell to do my paperwork.

## INTERROGATORY NO. 17

Please describe in detail the job title, job duties, rate of pay, and source of pay during 2002, of Eugene Martell and each and every person who worked for your farm labor contracting business.

## SUPPLEMENTAL ANSWER:

Mr. Martell did paperwork and registration. His rate of pay was approximately $2,000 for the 2002 session. I have produced documents indicating payments made to all employees in 2002. See Def 93-105. I will also produce Plaintiffs' cancelled checks once I retrieve them from the Bank.

## INTERROGATORY NO. 18

Please describe in detail what federal and state licensing and/or certification you and Eugene Martell had in 2002 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity each person was licensed or certified to perform and whether each person was licensed or certified for each such activity by the federal government, by the State of Illinois, or by both.

## SUPPLEMENTAL ANSWER:

I had a federal and Illinois license as a Farm Labor Contractor. See DEF 0051. I was licenced by the federal government to recruit, solicit, furnish, hire, employee and drive. The State of Illinois license was a general certificate.

## INTERROGATORY NO. 19

Please identify each person who was recruited by you to perform corn detaseling or corn roguing in 2002.

## SUPPLEMENTAL ANSWER:

*See* DEF 0093-105..

## INTERROGATORY NO. 20

Please describe each communication you had with any other defendant in 2002 concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Agrigenetics in Iowa or Illinois.

## SUPPLEMENTAL ANSWER:

. See Defendant's response to Interrogatory No. 4.

## INTERROGATORY NO. 21

Describe any role you played in any of the termination of employment of any Plaintiff with

Agrigenetics in 2002.

## SUPPLEMENTAL ANSWER:

None. Plaintiffs were not employed by Mycogen. I informed Plaintiffs when the detasseling work ran out.

## INTERROGATORY NO. 22

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

## SUPPLEMENTAL ANSWER:

I will attempt to locate the telephone number and address of the following persons with knowledge.

| | | |
|---|---|---|
| Pedro Puente: | 956-782-5139 | Agriculture Worker |
| Celestino Lopez: | 956-316-1060 | Agriculture Worker |
| Rene Quintanilla: | Edinburg, Florida | Agriculture Worker |
| Juan Ruiz: | 956-565-6054 | Agriculture Worker |
| Daniel Lopez: | 956-542-2384 | Agriculture Worker |
| Leonardo de la Cruz: | Florida | Agriculture Worker |
| Daniel Alvarez: | Weslaco | Agriculture Worker |
| Arnulfo Garcia: | McAllen | Agriculture Worker |
| Jose Leyva: | Mercedes | Agriculture Worker |
| Jose Escobedo: | Alamo | Agriculture Worker |
| Ramiro Martinez: | Alamo | Agriculture Worker |
| Gorge Cantu: | Weslaco | Agriculture Worker |