UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Santos Martinez as next friend of G.M., Hugo Martinez, Jose Aguilon and Higinio Sanchez- Ramos, § § § § § § Plaintiffs, § § vs. § § Agrigenetics, Inc. d/b/a Mycogen Seeds, § Pablo Martinez and Eugene Martell, § § Defendants. § | | Civil Action No. B-04-005 |

### DECLARATION OF PABLO MARTINEZ IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND ATTORNEYS' FEES

BEFORE ME, the undersigned authority, on this day personally appeared Pablo Martinez, who, after being duly sworn, stated the following:

1. My name is Pablo Martinez. I am of legal age and sound mind, and I am competent to give this declaration. Except where expressly stated to the contrary, all of my statements herein are based on my own personal knowledge.

2. I am a defendant in this case. I am 49 years old and have worked in the fields, harvesting crops, since I was 16. I speak, read, and write only minimal English. My highest level of education is the sixth grade, which I attended in Mexico. Three Florida hurricanes in 2004 greatly interfered with my ability to work in the Florida lettuce fields and this put me in a financial crisis.

**EXHIBIT B**

3. My house in Weslaco is mortgaged and I can barely make enough payments to keep the bank from foreclosing. I would hire an attorney to defend me in this case if I could afford one.

4. In 2002, I hired Martell as my assistant. Primarily, Martell did the English paperwork necessary for my business as a Farm Labor Contractor. More than once, I have told Plaintiffs' counsel that I am the Farm Labor Contractor and not Martell. There is no reason to sue Martell because he was only my employee and I am responsible for the Farm Labor Contractor business.

5. I was in Florida when I learned of the *Alonso* suit. Martell first met with Legal Aid, and I sent word that I wanted to meet with them and resolve any problem as soon as I returned to Texas. I do not recall the date, but I met with Plaintiffs' counsel around the time that the suit was filed and fully explained to them what happened and provided them with documents they requested. Since Martell speaks English, he supplied them with an Affidavit. We have told Plaintiffs' counsel what happened more than once, but they do not hear us. Whenever we get mail from Plaintiffs' counsel, Martell tries to interpret and we both try to understand. We try our best to understand, but it is difficult. We have never tried to hide anything.

6. When we kept getting paperwork from Plaintiffs' counsel, Martell and I decided to go to Legal Aid to provide information in June 2004. In Spanish, I did my best to explain what had transpired in 2002 and I

answered every question that was asked of me by Plaintiffs' attorney and Mycogen's attorney who was also there. When I could not find words, I drew diagrams to explain how I kept track of the corn rows being detasseled so that I could pay Plaintiffs what was owed them. In December 2004, I gave a deposition lasting all day and I answered every question that was asked of me.

7. I disagree with the statement that I identified documents at my deposition that are in my possession and which were not provided to Plaintiffs' counsel. Generally, what I recall doing at my deposition is trying to identify the current location of the original documents that Martel and I have already provided to Plaintiffs' counsel, and identifying documents that I know existed at one time, but that are no longer in my possession, such as the worker application forms which were filled out by the workers and which we did not keep copies of.

8. I declare under penalty of perjury that the foregoing is true and correct. Executed on the 20 day of January, 2005.

Pablo Martinez

DECLARATION OF PABLO MARTINEZ IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SANCTIONS AND ATTORNEYS' FEES – PAGE 3         500149 000004 AUSTIN 215349.1