UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Santos Martinez as next friend of G.M., Hugo Martinez, Jose Aguilon and Higinio Sanchez- Ramos, | § § § § § § | |
| Plaintiffs, | § § § | Civil Action No. B-04-005 |
| vs. | § § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, Pablo Martinez and Eugene Martell, | § § § | |
| Defendants. | § § | |

## DECLARATION OF EUGENE MARTELL IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND ATTORNEYS' FEES

BEFORE ME, the undersigned authority, on this day personally appeared Eugene Martell, who, after being duly sworn, stated the following:

1.    My name is Eugene Martell.  I am of legal age and sound mind, and I am competent to give this declaration.  Except where expressly stated to the contrary, all of my statements herein are based on my own personal knowledge.

2.    I am a defendant in this case, am 55 years old, and speak English and Spanish.  I started working in the fields as a migrant farm worker when I was ten years of age.  My highest level of education is a high school degree.  My total income in 2004 was less than $4,000.00.  My wife works in a school cafeteria and all of her income is devoted to paying household

**EXHIBIT D**

bills and helping my daughter attend college at South Texas Community College. I cannot afford to hire an attorney to defend this case.

3.    In 2002, Pablo Martinez hired me as an assistant to help with his farm labor contractor business. Primarily, my work was to prepare the necessary paperwork in English I helped the workers fill out their W-2 tax withholding forms and the paperwork required by Mycogen Seeds. I submitted payroll information to Martinez's payroll company so that it could withhold taxes and issue checks to the workers.

4.    I have visited with Plaintiffs' counsel numerous times about this suit and have never withheld information. Before I was even aware that a suit was filed, I was contacted by a paralegal working for Plaintiffs' counsel named Jose Torres, and asked to come to their office and discuss the case with them, which I did the very next day. Martinez sent word, through me, that he was also willing to meet with Plaintiffs' counsel.

5.    When the matter did not resolve, I again went to the office of Plaintiffs' counsel and gave them my affidavit which is dated April 29, 2004. When Martinez returned from Florida, he and I met with Plaintiffs' counsel together and fully explained to them what happened and we provided them with documents that they requested.

6.    Martinez and I have had great difficulty understanding and responding to the legal papers that are continually being sent by Plaintiffs' counsel. Whenever we get mail from Plaintiffs' counsel, Martinez and I try to understand what it means and respond to it, but we have problems with the

unfamiliar words and ideas. However, we have been straightforward and have not tried to withhold information.

7.    In June 2004, when we kept getting paperwork from Plaintiffs' counsel, Martinez and I decided to go again to Legal Aid to provide them with information. Again, Martinez and I explained the facts and we both answered every question that was asked of us. Martinez drew diagrams to explain the fields. In December 2004, I gave a deposition lasting all day and I answered every question that was asked of me.

8.    I disagree with the statement that I identified documents at my deposition that are in my possession and which were not provided to Plaintiffs' counsel. Generally, what I recall doing at my deposition, is identifying the location of the original documents that Martinez and I have already provided to Plaintiffs' counsel, and identifying documents that I know did exist at one time, but that are no longer in our possession, such as the worker application forms which were filled out by the workers and which we did not keep copies of.

9.    I declare under penalty of perjury that the foregoing is true and correct. Executed on the _20_ day of January 2005.

Eugene Martell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Armando Alonso, et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | **Civil Action No. B-04-005** |
| | § | |
| **Agrigenetics, Inc., et al.** | § | |
| | § | |
| **Defendants.** | § | |

## MOTION FOR SANCTIONS AGAINST
## DEFENDANT PABLO MARTINEZ AND DEFENDANT EUGENE MARTELL

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Armando Alonso, *et al.*, the Plaintiffs in the above-captioned matter, to move the Court for Sanctions against Defendant Pablo Martinez and Defendant Eugene Martell for their failure to comply with the Court's November 15, 2004 Order compelling discovery from these Defendants.

### I. STATEMENT OF RELEVANT FACTS

On November 15, 2004, the Court ordered Defendants Martinez and Martell to "provide <u>complete</u> and <u>accurate</u> answers" to specified interrogatories and to provide plaintiffs with "<u>specific</u> responses" to the requests in Plaintiffs' First Request for Production before December 1, 2004. The Order is on file with the Court. The Order also required Defendant Martinez to file answer in accordance with the requirements of Rule 8(b) of the Federal Rules of Civil Procedure ("FRCP"). [1]

---

[1] Plaintiffs' attempts to resolve these matters without the Court's intervention are detailed in these motions to compel, in Plaintiffs' replies to Defendants' responses to the motions, and in exhibits attached to these pleadings. These pleadings are on file with the Clerk and are hereby incorporated by reference.

**EXHIBIT E**

On December 1, 2004, Plaintiffs received Defendants' Answer to Plaintiffs' First Amended Complaint, Defendants Pablo Martinez and Eugene Martell's Supplemental Responses and Objections to Plaintiffs' First Request for Production of Documents, Defendant Eugene Martell's Supplemental Answers to Plaintiffs' First Set of Interrogatories, and Defendant Pablo Martinez's Supplemental Answers to Plaintiffs' First Set of Interrogatories.

## II. ARGUMENT

The pleading and discovery responses referred to above do not comply with the Court's November 15, 2004 Order. On December 15, 2004, Plaintiffs' counsel sent Defendants a detailed letter explaining the deficiencies in each document and asking Defendants to immediately cure the defects. A copy of this letter is attached as Exhibit A and is hereby incorporated by reference. Defendants have violated the Court's Order in the manner set forth below.

### A.    Answer

The Court's Order requires Defendant Martinez to file answer admitting or denying each averment made in Plaintiffs' amended complaint in accordance with the requirements of FRCP 8(b). Defendants' Answer made no responses at all to paragraphs 4.2 through 4.20 of the complaint. This answer is attached as Exhibit B. Further, it purports to provide an answer for Defendants Martinez and Martell, but the status of the document in this regard is unclear. Defendant Martinez has apparently only signed a faxed copy of the Certificate of Service.

## B.    Requests for Production

Defendants Pablo Martinez and Eugene Martell's Supplemental Responses and Objections to Plaintiffs' First Request for Production of Documents were also deficient. They filed a joint response to separate requests sent to each Defendant. This supplemental response is attached as Exhibit C. The response read, "RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1-50: See DEF 0093-0105." The documents referenced (i.e., DEF 0093-0105) were provided in a .pdf file attached to an e-mail from Frank Hill, counsel for Defendant Agrigenetics, on October 13, 2004.

This response does not comply with the Court's Order for several reasons. First, the Defendants were ordered to provide <u>specific</u> responses to our discovery requests. They did not provide a specific answer to each request for production stating specifically which documents provided are responsive to each request. Second, the response suggests that every one of documents DEF 0093 through DEF 0105 is responsive to each and every request for production. This is not the case as those documents are all records from a payroll company and many of the requests have nothing to do with pay or pay records. Third, no additional documents were provided. Fourth, there are still requests to which Defendants have provided no response or relevant documents. For instance, request number 44 asks for 2000, 2001, and 2002 tax returns, including all attachments, schedules, and supporting documents. No tax documents were provided.

The Defendants' failures to provide documents in compliance with the Court's Order present the most serious problem for Plaintiffs. The Defendants' depositions were scheduled for December 20th and 21st in Florida. As a result of Defendants' failure to comply with the Order, Plaintiffs' counsel went into the depositions without all of the

documents they would have liked to use to question Defendants. Many documents that were responsive to Plaintiffs' requests for production, but that have not been produced, were referenced by Defendants Martinez and Martell during their depositions.

Defendant Martell's took place on December 20, 2004. In his deposition he referenced the following documents that are in his or Defendant Martinez's possession or control, which are responsive and have not been produced: Defendant Martell's notebook for the 2002 detasseling season containing the names of workers, the amount of work done by each per day, the field where such work was done, the amount paid to each worker, relevant telephone numbers, and other information; the business card of the Defendants' contact at the payroll company; the business card of the manager and/or owner of the motel where Plaintiffs were housed; documents showing advances in 2002 other than the advances for which Plaintiffs already have documentation; complete versions of forms provided by the payroll company in 2002; written records made in the fields in 2002 indicating which workers detasseled which rows; and a document, other than those produced, showing the correct employee number for each worker in 2002.

Defendant Martell also referenced the following documents that are in the possession or control of Defendant Martell, Defendant Martinez, and/or Defendant Agrigenetics, which are responsive and have not been produced: photocopies of Plaintiffs' identifications made at an Agrigenetics' facility and provided to Agrigenetics; 2002 field maps; applications filled out by Plaintiffs and submitted to Agrigenetics; and worker disclosure statements signed by Plaintiffs.[2]

---

[2] These lists come from notes of the deposition of Eugene Martell written by counsel for Plaintiffs, Nathaniel Norton. The deposition transcript is not yet available but appropriate pages from it will be provided to the Court upon request once Plaintiffs' counsel receives the transcript.

Defendant Martinez's deposition took place on December 21, 2004. In his deposition he referenced the following documents that are in his or Defendant Martell's possession or control, which are responsive and have not been produced: documents showing the name amount and hours of work done, pay rate, and bonus paid for each worker in 2002; documents showing the amount and hours of work done by each worker each day in 2002; and documents showing payments of rent to the motel where the Plaintiffs were housed.

Defendant Martinez referenced the following documents that are in the possession or control of Defendant Martinez, Defendant Martell, and/or Defendant Agrigenetics, which are responsive and have not been produced: disclosure forms signed by each worker in 2002; records showing the name, address, and social security numbers of all workers in 2002; and farm labor contractor certificates for Roberto Renderos.[3]

## C.    Interrogatories

Defendant Eugene Martell's Supplemental Answers to Plaintiffs' First Set of Interrogatories is deficient for each of the interrogatories, other than numbers 14, 17, and 20, to which he was ordered to provide "complete and accurate answers." See November 15th Order. These supplemental answers are attached as Exhibit D. A detailed explanation of how each of Defendant Martell's responses is deficient can be found in Exhibit A.

Defendant Pablo Martinez's Supplemental Answers to Plaintiffs' First Set of Interrogatories is similarly deficient. He has also only provided Plaintiffs with a faxed copy of his verification. Defendant Martinez's supplemental answers are attached as

---

[3] These lists come from notes of the deposition of Pablo Martinez written by counsel for Plaintiffs, Nathaniel Norton. The deposition transcript is not yet available but appropriate pages from it will be provided to the Court upon request once Plaintiffs' counsel receives the transcript.

Exhibit E.  A detailed explanation of how each of Defendant Martinez's responses is deficient can be found in Exhibit A.

## III. CONCLUSION

Defendants have failed to comply with the Court's November 15, 2004 Order and with FRCP 8(b) and the various discovery rules of the Federal Rules of Civil Procedure. The Court, in the same order, granted Plaintiffs' request for costs and fees incurred in resolving this dispute up to the time the Order was issued.  In order to ensure Defendants' compliance with the Court's Order and with the Rules, and to punish Defendants' disobedience, Plaintiffs believe it is necessary for the Court to impose greater sanctions on Defendants.

If the Court finds that the Defendants have failed to obey the November 15th Order, FRCP 37(b)(2) allows the Court to impose the following further sanctions, among others:  A) order that the matters regarding which the November 15th Order was made or any other facts be taken as established; B) issue an order refusing to allow Defendants Martinez and Martell to support or oppose designated claims or defenses, or prohibiting them from introducing designated matters in evidence; C) issue an order striking out pleadings or parts thereof, or staying further proceedings until the Order is obeyed, or dismissing any part of the action, or rendering a default judgment against Defendants Martinez and Martell; D) issue an order treating Defendants' failure to obey the November 15th Order as contempt of court.  See FRCP 37(b)(2)(A)-(D).  FRCP 37(b)(2) would also require the Court to order the Defendants to pay reasonable expenses, including attorney's fees, caused by their failures to obey the Order, unless the Court

finds that the failures were substantially justified or that other circumstances would make an award of expenses unjust.

## IV.    PRAYER

WHEREFORE, Plaintiffs' respectfully request that this Court issue an order granting the following relief pursuant to FRCP 37:

    a.  find Defendants Martinez and Martell in contempt for their failures to obey the Court's November 15, 2004 Order;

    b.  award Plaintiffs their expenses and fees incurred as a result of Defendants' failures to obey the Court's November 15, 2004 Order; and

    c.  grant such further relief under FRCP 37(b)(2) as the Court decrees just and necessary.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 200 5, a true and correct copy of the foregoing document with attached exhibits was served on Defendants as listed below by first class U.S. mail.

Frank L. Hill
Thompson & Knight
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Eugene Martell
620 N. Nevada St.
Weslaco, TX 78596

Pablo Martinez
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Nathaniel Norton

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, | § | |
| Rogelio Sanchez, Santos Martinez as next | § | |
| friend of G.M., Hugo Martinez, | § | |
| Jose Aguilon, and Higinio Sanchez-Ramos | § | Civil Action No. B-04-005 |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | **Jury Trial Requested** |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Pablo Martinez and Eugene Martell, (hereinafter "Defendants"), hereby answer Plaintiffs' First Amended Complaint (hereinafter the "Complaint") as follows.

1.1    Defendants admit that Plaintiffs have brought this suit, but deny that Defendants violated any law or that they are liable to Plaintiffs for any reason.  Defendants admit that Pablo Martinez was a Farm Labor Contractor and deny that Eugene Martell was a Farm Labor Contractor.

1.2    Defendants admit that Plaintiffs seek relief, but deny that Plaintiffs are entitled to any relief.

2.1    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.1 of the Complaint.

2.2    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.2 of the Complaint.

2.3    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.3 of the Complaint.

2.4    Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.4 of the Complaint.

2.5    Defendants admit the allegations contained in Paragraph 2.5 of the Complaint.

3.1    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.1 of the Complaint.

3.2    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.1 of the Complaint.

3.3    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.3 of the Complaint.

3.4    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.4 of the Complaint.

3.5    Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3.5 of the Complaint.

3.6    Defendants admit the allegations in the first Paragraph 3.6 of the Complaint. Defendants admit that Pablo Martinez did business in Texas and Illinois and contracted with Mycogen as an independent contractor to provide agricultural labor in 2002 for work performed at an agricultural site in Illinois. Defendants otherwise deny the remaining allegations set forth in the second Paragraph 3.6 in the Complaint.

3.7.    Defendants admit the allegations in Paragraph 3.7 of the Complaint.

3.8    Defendants deny the allegations contained in Paragraph 3.8 of the Complaint.

4.1    Defendants admit the allegations contained in Paragraph 4.1 of the Complaint.

4.2    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph .2 of the Complaint.

4.3    Defendants admit the allegations contained in Paragraph 4.3 of the Complaint.

4.4    Defendants deny the allegations contained in Paragraph 4.4 of the Complaint.

4.5    Defendants admit the allegations contained in Paragraph 4.5 of the Complaint.

4.6    Defendants deny the allegations contained in Paragraph 4.6 of the Complaint.

4.7    Defendants deny the allegations contained in Paragraph 4.7 of the Complaint except as to Pablo Martinez.

4.8    Defendants deny the allegations contained in Paragraph 4.8 of the Complaint.

4.9    Defendants deny the allegations contained in Paragraph 4.9 of the Complaint except as to Pablo Martinez

4.10.    Defendants deny the allegations contained in Paragraph 4.10 of the Complaint except as to Pablo Martinez.

4.11    Defendants deny the allegations contained in Paragraph 4.11 of the Complaint.

4.12    Defendants deny the allegations contained in Paragraph 4.12 of the Complaint.

4.13    Defendants deny the allegations contained in Paragraph 4.13 of the Complaint.

4.14    Defendants deny the allegations contained in Paragraph 4.14 of the Complaint.

4.15    Defendants deny the allegations contained in Paragraph 4.15 of the Complaint.

4.16    Defendants deny the allegations contained in Paragraph 4.18 of the Complaint.

4.17    Defendants deny the allegations contained in Paragraph 4.17 of the Complaint.

4.18    Defendants deny the allegations contained in Paragraph 4.18 of the Complaint.

4.19    Defendants deny the allegations contained in Paragraph 4.19 of the Complaint.

4.20    Defendants deny the allegations contained in Paragraph 4.20 of the Complaint.

4.21    Defendants deny the allegations contained in Paragraph 4.21 of the Complaint.

4.22    Defendants deny the allegations contained in Paragraph 4.22 of the Complaint.

4.23    Defendants admit the allegations contained in Paragraph 4.23 of the Complaint.

4.24    Defendants deny the allegations contained in Paragraph 4.24 of the Complaint.

4.25    Defendants deny the allegations contained in Paragraph 4.25 of the  Complaint.

4.26    Defendants deny the allegations contained in Paragraph 4.26 of the Complaint.

4.27    Defendants deny the allegations contained in Paragraph 4.27 of the Complaint.

4.28    Defendants admit that Plaintiffs were housed in Iowa in public accommodations that were owned and controlled by others.  Defendants deny that they owned or controlled the housing.

4.29    Defendants deny the allegations contained in Paragraph 4.29 of the Complaint.

4.30    Defendants admit that no housing certification was obtained, but deny that such was required.

4.31    Defendants admit the allegations contained in Paragraph 4.31 of the Complaint, but deny that such a posting was required at public housing.

4.32.    Defendants admit the allegations contained in Paragraph 4.32 of the Complaint, but deny that such a posting was required at public housing.

4.33    Defendants deny the allegations contained in Paragraph 4.33 of the Complaint.

4.34    Defendants deny the allegations contained in Paragraph 4.34 of the Complaint.

4.35    Defendants deny the allegations contained in Paragraph 4.35 of the Complaint.

4.36    Defendants deny the allegations contained in Paragraph 4.36 of the Complaint.

4.37    Defendants deny the allegations contained in Paragraph 4.37 of the Complaint.

4.38    Defendants deny the allegations contained in Paragraph 4.38 of the Complaint.

4.39    Defendants deny the allegations contained in Paragraph 4.39 of the Complaint.

5.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 4.39 of the Complaint as if fully set forth herein.

5.2    Defendants deny each and every allegation contained in Paragraph 5.2 of the Complaint.

5.3    Defendants deny each and every allegation contained in Paragraph 5.3 of the Complaint.

5.4    Defendants deny each and every allegation contained in Paragraph 5.4 of the Complaint.

5.5    Defendants deny each and every allegation contained in Paragraph 5.5 of the Complaint.

5.6    Defendants admit that the AWPA allows for recovery of actual damages or up to $500.00 in statutory damages for certain violations of the Act, but deny that they violated any of the Plaintiffs' rights under the AWPA and further deny that Plaintiffs are entitled to any type of relief.

5.7    Defendants deny the allegations contained in Paragraph 5.7 of the Complaint.

6.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 5.7 of the Complaint as if fully set forth herein.

6.2    Defendants admit the allegations contained in Paragraph 6.2 of the Complaint as to Pablo Martinez.  Defendants deny the allegations as to Eugene Martel and Agrigenetics.

6.3    Defendants deny the allegations contained in Paragraph 6.3 of the Complaint.

6.4.    Defendants deny the allegations contained in Paragraph 6.4

7.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 6.4 of the Complaint as if fully set forth herein.

7.2    Defendants deny the allegations contained in Paragraph 7.2 of the Complaint.

7.3    Defendants deny the allegations contained in Paragraph 7.3 of the Complaint.

7.4    Defendants deny the allegations contained in Paragraph 7.4 of the Complaint.

7.5    Defendants deny the allegations contained in Paragraph 7.5 of the Complaint.

8.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 7.5 of the Complaint as if fully set forth herein.

8.2    Defendants deny any and all allegations contained in Paragraph 8.2 of the Complaint.

8.3    Defendants deny any and all allegations contained in Paragraph 8.3 of the Complaint.

8.4    Defendants deny any and all allegations contained in Paragraph 8.4 of the Complaint.

8.5    Defendants deny any and all allegations contained in Paragraph 8.5 of the Complaint.

9.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 8.5 of the Complaint as if fully set forth herein.

9.2    Defendants deny the allegations contained in Paragraph 9.2 of the Complaint.

9.3    Defendants deny the allegations contained in Paragraph 9.3 of the Complaint.

10.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 9.3 of the Complaint as if fully set forth herein.

10.2    Defendants deny the allegations contained in Paragraph 10.2 of the Complaint except as to Pablo Martinez.

10.3    Defendants deny the allegations contained in Paragraph 10.3 of the Complaint.

10.4    Defendants deny the allegations contained in Paragraph 10.4 of the Complaint.

10.5    Defendants deny the allegations contained in Paragraph 10.5 of the Complaint.

11.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 10.5 of the Complaint as if fully set forth herein.

11.2    Defendants deny the allegations contained in Paragraph 11.2 of the Complaint.

11.3    Defendants deny the allegations contained in Paragraph 11.3 of the Complaint.

11.4    Defendants deny the allegations contained in Paragraph 11.4 of the Complaint.

11.5    Defendants deny the allegations contained in Paragraph 11.5 of the Complaint.

11.6    Defendants deny the allegations contained in Paragraph 11.6 of the Complaint.

11.7    Defendants deny the allegations contained in Paragraph 11.7 of the Complaint.

11.8    Defendants deny the allegations contained in Paragraph 11.8 of the Complaint.

12.1    Defendants reincorporate by reference their responses to Paragraphs 1.1 through 11.8 of the Complaint as if fully set forth herein.

12.2    Defendants deny the allegations contained in Paragraph 12.2 of the Complaint.

12.3 Defendants deny the allegations contained in Paragraph 12.3 of the Complaint.

12.4    Defendants deny the allegations contained in Paragraph 12.4 of the Complaint.

12.5    Defendants deny the allegations contained in Paragraph 12.5 of the Complaint.

12.6    Defendants deny the allegations contained in Paragraph 12.6 of the Complaint.

13.1    Defendants deny that Plaintiffs are entitled to any type of relief whatsoever.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs and that Plaintiffs take nothing by way of their Complaint.

Respectfully submitted,

Pablo Martinez, Defendant
c/o County Store
1800 East Canal Street
Belle Glade, Florida  33430

Eugene Martel, Defendant
620 N. Nevada
Weslaco, Texas  78596

### CERTIFICATE OF SERVICE

I hereby certify that on November ____, 2004, a true and correct copy of the foregoing document was served on Plaintiffs by certified United States mail to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

Pablo Martinez

**LSC**

**LAW OFFICE OF**
# TEXAS RIOGRANDE LEGAL AID, INC.
**WESLACO**
**300 SOUTH TEXAS BLVD**
**WESLACO, TX 78596**
**TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574**
**FAX (956) 968-8823**

Via U.S. Mail and
CM/RRR: 7002 2030 0005 5901 7476

August 17, 2004

Pablo Martinez
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Re:    Alonso, et al. v. Agrigenetics, Inc., et al.

Dear Mr. Martinez:

Thank you for providing your responses and objections to Plaintiffs' first sets of interrogatories, request for admissions, and requests for production of documents. I also received a copy of your original answer. I have reviewed the answer and your responses to discovery and I am writing to see if we can resolve several problems we have with them.

First, I believe that your answer is improper under Federal Rules of Civil Procedure ("FRCP") 8(b) and 11. Copies of these rules are attached for your convenience. The rules permit a general denial such as the one you filed only if you are in good faith denying each and every contention made in Plaintiffs' complaint. As you admit several of the contentions made in the complaint in your response to our request for admissions, I believe a general denial is inappropriate and I am requesting that you amend your answer to specifically state by paragraph number which contentions in Plaintiffs' amended complaint that you dispute.

Second, your responses to the interrogatories and requests for production are problematic. As I believe that almost all of your responses are evasive and/or incomplete and many of your objections are improper, I would like you to clarify and supplement your responses. If we cannot resolve the concerns raised in this letter, I intend to present our dispute to the Court so that the Court can consider our respective positions. In this respect, I believe that your responses are deficient in the following ways:

Responses to Interrogatories

Inerrogatory 2:    The interrogatory asks for the duties that accompanied your job with Agrigenetics. You answer that you were a farm labor contractor. You are still obligated to describe the duties as a farm labor contractor. The fact that you may contest that you were an employee of Agrigenetics does not relieve you from the duty to respond with a



**EXHIBIT G**

August 17, 2004
Page 2 of 6

description of your job duties, as a "job," as defined by the Merriam-Webster dictionary, is simply a "piece of work" which may be performed as an employee or as an independent contractor.

**Interrogatory 3:**    The interrogatory asks you to identify certain documents. First, you can identify them whether or not they presently exist. For instance, if you claim you posted a certain document, but you do not presently have it, you need to identify that document as required by the rules and the definitions provided with the Interrogatories. Second, you answer that you will produce the documents if they exist. As you have produced no documents, am I to assume that no documents exist? Please identify any responsive documents, and state whether these documents exist. In response to the requests for production you are required to provide them if they do exist.

**Interrogatory 4:**    The interrogatory asks you to identify the communications you have had with Agrigenetics and their employees or agents and with Eugene Martell concerning the subject matter of this lawsuit. You object, do not answer, and assert the "party communication and joint defense privilege." Please explain this privilege, provide authority for it, and explain how it applies in this case. I do not believe this is a valid privilege in this case. If you cannot provide this information, please fully answer the interrogatory.

**Interrogatory 5:**    The interrogatory asks for you to describe in detail your role in the recruitment and/or hiring of each Plaintiff. You provide no detail for the recruitment portion of the question, stating only that the Plaintiffs came to you looking for work. You do not state where you were when the recruitment took place or who else was present. Clearly, that is not your complete role in their recruitment, as you admit, for instance, that you promised Plaintiffs motel rooms. As for the hiring portion of the interrogatory you provide no answer at all. Please fully answer the interrogatory in accordance with the rules and the definitions that accompanied the interrogatories.

**Interrogatory 6:**    You have not fully answered the interrogatory. You did not break down your answer by Plaintiff. You provided neither room numbers for each Plaintiff nor your relationship to the housing facility.

**Interrogatory 7:**    Again, you have not fully answered the interrogatory. You did not break down your answer by Plaintiff or provide the identity of each occupant of each housing unit. You did not state the condition and number of rooms in each unit, the square footage of each room, the condition the beds in each unit, the condition and number of mattresses in each unit, the condition of furnishings provided, the number of lights in each room. You also did not state whether or not the housing was licensed by the appropriate state and/or federal agencies and if they were, by which agencies. Please respond fully to the interrogatory. Also, the spottiness of your response makes it difficult to be sure that no furnishings other than those listed were provided. If you do not amend the list of furnishings I will assume no others (such as dressers, chairs, etc.) were provided.

August 17, 2004
Page 3 of 6

Interrogatory 8:    The interrogatory asks you to describe your role in obtaining Plaintiffs' housing.  Stating that you obtained housing for Plaintiffs is not a description. You also state that the amount of payments for the housing are (sic) reflected in the documents produced.  You have produced no documents.  Further, the interrogatory asks for more than just the amounts of the payments.  It asks for a listing of each payment with the date, amount, and payee for each Plaintiff's housing.

Interrogatory 10:  The interrogatory asks you to provide the procedures you used to verify any driver's certification to provide transportation.  You did not provide that.  It also asks for the kind and dates of payments for transportation services.  You state that you rented a bus from Mycogen, but do provide the amount, kind, and dates of payment(s) for this rental.  You state that you paid Roberto Randeros approximately $2000 to drive for the 2002 session, but you do not provide the kind and dates of your payment(s) to him.  There is also no indication of what or how long a "session" is.

Interrogatory 11:  The interrogatory asks for a detailed explanation of how, why and when each Plaintiff's employment was terminated.  You provide the why, but not the how or when.

Interrogatory 12:.  In response to a request for a detailed description of your relationship to Agrigenetics you state only, "Farm Labor Contractor."  Your answer is incomplete because you do not describe in detail what your position as farm labor contractor entails. For instance, you do not state whether your position as farm labor contractor is permanent or seasonal or for how long you have been Agrigenetics' farm labor contractor.

Interrogatory 13:  In response to a request for a detailed description of your relationship to each Plaintiff and how each came to be associated with you and hired, you state simply that the Plaintiffs approached you for work and that you employed them.  Presumably this is not a complete response as you elsewhere admit that you also provided housing for Plaintiffs. Please provide a complete, detailed response detailing your relationship to each Plaintiff and how they came to be associated with you and Agrigenetics and how they were hired.

Interrogatory 14:  The interrogatory asks for the duties that accompanied each Plaintiff's job with Agrigenetics.  The fact that you contest that they were employees of Agrigenetics does not relieve you from the duty to respond with a description of their job duties, as a "job," as defined by the Merriam-Webster dictionary, is simply a "piece of work" which may be performed as employees of yours or of Agrigenetics or as independent contractors.

Interrogatory 15:  The interrogatory asks you to identify each communication you had with any Plaintiff over a specified period of time and state the method, date, subject matter of each communication, and state whether the communication was in person.  You responded only, "My communications with Plaintiffs involved the job."  Beside the fact that the subject matter "job" is not sufficiently specific, you have not answered the interrogatory at all with regard to the method, date, where it took place, and whether each

such communication was in writing. Please also see the definition of "identify" that was provided with the Interrogatories.

Interrogatory 16: The interrogatory asks for a detailed description of the business structure of your farm labor contracting business (or any that you were associated with that performed farm labor contracting activities) and your relationship to any such business in 2002. You responded, "I was a Farm Labor Contractor." That is clearly not a complete answer and is almost no answer at all.

Interrogatory 17: You did not provide the job title or source of pay for Mr. Martell. It is unclear what his rate of pay is given that there is no indication of what "session" means. Also, in your answers to interrogatories 9 and 10 you state that you hired Roberto Randeros, but in your answer to this interrogatory you provide none of the requested information. Further, the spottiness of your response makes it difficult to be sure, even assuming you supplement your answer to include Roberto Randeros, that there are no other people who worked for your farm labor contracting business. Please fully answer the interrogatory.

Interrogatory 18: You answer is not complete as it does not include a statement of each specific farm labor contracting activity you were licensed or certified to perform and whether, for each such activity, you were licensed or certified by the federal government, the State of Illinois, or both.

Interrogatory 19: Your complete answer to this interrogatory is, "Documents are produced." I received no documents.

Interrogatory 20: My concerns with this interrogatory are the same as those given above for Interrogatory 4.

Interrogatory 21: In response you state you don't understand and therefore do not answer. For clarification, by "employment" in this interrogatory I mean any role you had in terminating any Plaintiff who detasseled Agrigenetics' seed corn as part of your crew. Please respond to the interrogatory.

Interrogatory 22: The interrogatory asks you to identify by name, address, and phone number any person who may have knowledge of relevant facts or discoverable information and to state the substance of the information you believe each has. You have not provided complete information for any person you have identified. For the final twelve names on the list you have not provided any complete addresses (no addresses for several of them) or any statement of what information you believe each person has. You have provided telephone numbers for four of them, but not the other eight. Please provide complete information for the final twelve names on the list. If you do not have certain information for a certain individual please state what information you do not have. Your answer is also incomplete because you do not identify anyone you dealt with at Mycogen or at the Heidelberg Motel.

August 17, 2004
Page 5 of 6

<u>Responses to Requests for Production</u>

For most of your responses you state, "To the extent that such documents exist and are in Defendant's possession, they are attached." I received no documents. Please provide the documents you reference or state that they do not exist.

Further, under FRCP 34(a)(1), you are required to produce the documents and things requested that are in your possession, custody, or control, not only those documents in your possession. This thereby includes not only documents and things in your physical possession, but also documents and things that you have constructive possessive of or those that you have the right to obtain the possession of from others. Please produce all responsive documents within this broader requirement. A copy of rule 34 is attached for your convenience.

For several requests you object "to any year other than 2002 since that is the year in question." This is not a proper objection under FRCP 26. A copy of this rule is attached for your convenience. To the extent you may have raised a valid objection, the requested documents from years other than 2002 are discoverable in that they are not privileged and they are relevant to a claim or defense in this case. The requested documents are relevant in that your relationships with Agrigenetics, Mr. Martell, and the individual Plaintiffs and the structure of you farm labor contracting business are issues in this case as the employer-employee relationship between and among the parties is contested. The requested documents will support Plaintiffs' contentions that they were jointly employed by all of the Defendants. Documents for years prior to 2002 will show not only that this joint employment existed prior to 2002, but also bolster Plaintiffs' claim that it continued to exist in 2002.

In further response to your objections to Requests for Production 13 and 42, documents for years prior to 2002 may also show a pattern of violations that continued through 2002. This is relevant not only to prove violations alleged in this complaint, but also to support Plaintiffs' request for maximum statutory damages for Defendants' violations of law.

In your response to Request for Production 44 you object that the request is overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Your tax returns for the years 2000 through 2002 are relevant for the same reasons listed two paragraphs above and also to support Plaintiffs' request for maximum statutory damages for Defendants' violations of law.

For Request for Production 46 you again assert the party communication and joint defense privilege. Again, please see the concerns given above for Interrogatory 4.

<u>Answers to Requests for Admission</u>

Plaintiffs will reserve their challenges to the sufficiency of your responses to requests for admission to be taken up by the Court.

August 17, 2004
Page 6 of 6

     Please amend your answer and your responses the Plaintiffs' discovery requests in light of the deficiencies outlined above within ten days.  If you do not provide amended responses or an explanation of why your responses are accurate and complete, I will assume that you are not willing to discuss this matter further and I will seek guidance from the Court.

                    Sincerely,

                    Nathaniel Norton
                    Attorney for Plaintiffs

**LSC**

**LAW OFFICE OF**
**TEXAS RIOGRANDE LEGAL AID, INC.**
WESLACO
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

Via U.S. Mail and
CM/RRR: 7002 2030 0005 5901 7407

August 18, 2004

Eugene Martell
620 N. Nevada
Weslaco, TX 78596

    Re:    Alonso, et al. v. Agrigenetics, Inc., et al.

Dear Mr. Martell:

    Thank you for providing your responses and objections to Plaintiffs' first sets of interrogatories, request for admissions, and requests for production of documents. I also received a copy of your original answer. I have reviewed the answer and your responses to discovery and I am writing to see if we can resolve several problems we have with them.

    First, I believe that your answer is improper under Federal Rules of Civil Procedure ("FRCP") 8(b) and 11. Copies of these rules are attached for your convenience. The rules permit a general denial such as the one you filed only if you are in good faith denying each and every contention made in Plaintiffs' complaint. As you admit several of the contentions made in the complaint in your response to our request for admissions, I believe a general denial is inappropriate and I am requesting that you amend your answer to specifically state by paragraph number which contentions in Plaintiffs' amended complaint that you dispute.

    Second, your responses to the interrogatories and requests for production are problematic. As I believe that almost all of your responses are evasive and/or incomplete and many of your objections are improper, I would like you to clarify and supplement your responses. If we cannot resolve the concerns raised in this letter, I intend to present our dispute to the Court so that the Court can consider our respective positions. In this respect, I believe that your responses are deficient in the following ways:

<u>Responses to Interrogatories</u>

Interrogatory 2:    The interrogatory asks for the duties that accompanied your job with Agrigenetics and Pablo Martinez. You answer that you worked for Martinez and helped with paperwork and registration. You did not answer completely as you did not provide your rate of pay or the source of your pay. You also have not stated your job duties with regard to the recruitment and hiring of workers. You have previously sworn that you met



and talked to workers with Martinez in Texas about the employment with Mycogen in 2002.

Interrogatory 3:   The interrogatory asks you to identify certain documents.  You state that any such document has been produced.  It seems that this is an incomplete answer as you can identify them whether or not they presently exist.  For instance, if you claim you posted a certain document, but you do not presently have it, you need to identify that document as required by the rules and the definitions provided with the Interrogatories. As you state that you did paperwork and helped with registration and we do not have registration documents for each Plaintiff, you have not identified all documents you made. Please identify any responsive documents, and state whether these documents exist.  In response to the requests for production you are required to provide them if they do exist.

Interrogatory 4:   The interrogatory asks you to identify the communications you have had with Agrigenetics and their employees or agents and with Pablo Martinez concerning the subject matter of this lawsuit.  You object, do not answer, and assert the "party communication and joint defense privilege."  Please explain this privilege, provide authority for it, and explain how it applies in this case.  I do not believe this is a valid privilege in this case.  If you cannot provide this information, please fully answer the interrogatory.

Interrogatory 5:   The interrogatory asks for you to describe in detail your role in the recruitment and/or hiring of each Plaintiff.  You state, "None."  You should be aware that this contradicts a previous sworn statement you made in this case where you stated that you met with and talked to workers in Texas about the employment with Mycogen.  I ask that you reconsider your response and if necessary I would like you to provide an amended answer.

Interrogatory 10:  The interrogatory asks you how each Plaintiff was transported.  You answer, "None."  This is non-responsive.  Whether or not you claim you provided transportation to each Plaintiff, you must respond to the interrogatory.

Interrogatory 11:  The interrogatory asks for a detailed explanation of how, why and when each Plaintiff's employment was terminated.  You provide the why, but not the how or when.

Interrogatory 13:  In response to a request for a detailed description of your relationship to each Plaintiff and how each came to be associated with you and hired, you state simply that Mr. Martinez hired the Plaintiffs.  You have not responded to the interrogatory as you have not given a detailed description of your relationship to each Plaintiff.  You have also not explained where, how, or when you met each Plaintiff.

Interrogatory 14:  The interrogatory asks for the duties that accompanied each Plaintiff's job with Agrigenetics.  The fact that you contest that they were employees of Agrigenetics does not relieve you from the duty to respond with a description of their job duties, as a "job," as defined by the Merriam-Webster dictionary, is simply a "piece of

work" which may be performed as employees of yours, of Mr. Martinez, or of Agrigenetics or as independent contractors.

Interrogatory 15:  The interrogatory asks you to identify each communication you had with any Plaintiff over a specified period of time and state the method, date, subject matter of each communication, and state whether the communication was in person. You responded only, "My communications with Plaintiffs involved the job." Beside the fact that the subject matter "job" is not sufficiently specific, you have not answered the interrogatory at all with regard to the method, date, where it took place, and whether each such communication was in writing. Please also see the definition of "identify" that was provided with the Interrogatories.

Interrogatory 16:  The interrogatory asks for a detailed description of the business structure of your farm labor contracting business (or any that you were associated with that performed farm labor contracting activities) and your relationship to any such business in 2002. You responded, "None." However, you have already acknowledged that you were an employee of Mr. Martinez who is in the business of farm labor contracting and that you were employed in relation to that business. Please amend your answer.

Interrogatory 17:   You answer is not complete as it does not include a statement of each specific farm labor contracting activity Pablo Martinez was licensed or certified to perform and whether, for each such activity, he was licensed or certified by the federal government, the State of Illinois, or both.

Interrogatory 18:   You have previously signed a sworn statement that you met with and talked to workers in Texas about employment with Mycogen in 2002. Please amend your answer.

Interrogatory 19:   My concerns with this interrogatory are the same as those given above for Interrogatory 4.

Interrogatory 20:  In response you state you don't understand and therefore do not answer. For clarification, by "employment" in this interrogatory I mean any role you had in terminating any Plaintiff who detasseled Agrigenetics' seed corn as part of Mr. Martinez's crew. Please respond to the interrogatory.

Interrogatory 21:  The interrogatory asks you to identify by name, address, and phone number any person who may have knowledge of relevant facts or discoverable information and to state the substance of the information you believe each has. You have not provided complete information for any person you have identified.  For the final twelve names on the list you have not provided any complete addresses (no addresses for several of them) or any statement of what information you believe each person has. You have provided telephone numbers for four of them, but not the other eight. Please provide complete information for the final twelve names on the list. If you do not have certain information for a certain individual please state what information you do not have. You also need to identify other people who may have knowledge of relevant facts such as

individuals employed by Agrigenetics that or Mr. Martinez dealt with or individuals at the Heidelberg Motel.

<u>Responses to Requests for Production</u>

For most of your responses you state, "To the extent that such documents exist and are in Defendant's possession, they are attached." I received no documents. Please provide the documents you reference or state that they do not exist.

Further, under FRCP 34(a)(1), you are required to produce the documents and things requested that are in your possession, custody, or control, not only those documents in your possession. This thereby includes not only documents and things in your physical possession, but also documents and things that you have constructive possessive of or those that you have the right to obtain the possession of from others. Please produce all responsive documents within this broader requirement. A copy of rule 34 is attached for your convenience.

For several requests you object "to any year other than 2002 since that is the year in question." This is not a proper objection under FRCP 26. A copy of this rule is attached for your convenience. To the extent you may have raised a valid objection, the requested documents from years other than 2002 are discoverable in that they are not privileged and they are relevant to a claim or defense in this case. The requested documents are relevant in that your relationships with Agrigenetics, Mr. Martinez, and the individual Plaintiffs and the structure of you farm labor contracting business are issues in this case as the employer-employee relationship between and among the parties is contested. The requested documents will support Plaintiffs' contentions that they were jointly employed by all of the Defendants. Documents for years prior to 2002 will show not only that this joint employment existed prior to 2002, but also bolster Plaintiffs' claim that it continued to exist in 2002.

In further response to your objections to Requests for Production 13 and 42, documents for years prior to 2002 may also show a pattern of violations that continued through 2002. This is relevant not only to prove violations alleged in this complaint, but also to support Plaintiffs' request for maximum statutory damages for Defendants' violations of law.

In your response to Request for Production 44 you object that the request is overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence. Your tax returns for the years 2000 through 2002 are relevant for the same reasons listed two paragraphs above and also to support Plaintiffs' request for maximum statutory damages for Defendants' violations of law.

For Request for Production 46 you again assert the party communication and joint defense privilege. Again, please see the concerns given above for Interrogatory 4.

August 18, 2004
Page 5 of 5

### Answers to Requests for Admission

Plaintiffs will reserve their challenges to the sufficiency of your responses to requests for admission to be taken up by the Court.

Please amend your answer and your responses the Plaintiffs' discovery requests in light of the deficiencies outlined above within ten days. If you do not provide amended responses or an explanation of why your responses are accurate and complete, I will assume that you are not willing to discuss this matter further and I will seek guidance from the Court.

Sincerely,

Nathaniel Norton
Attorney for Plaintiffs