UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Armando Alonso, et al. §
§
    Plaintiffs, §
§
versus §          Civil Action No. B-04-005
§
Agrigenetics, Inc. d/b/a Mycogen Seeds, §
Pablo Martinez and Eugene Martell §
§
    Defendants. §

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND AN AMENDED ANSWER
FROM DEFENDANT PABLO MARTINEZ
WITH SUPPORTING AUTHORITIES

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Armando Alonso, *et al.,* the Plaintiffs in the above-captioned matter, to move

the court for an order requiring Defendant Pablo Martinez to fully and completely answer disputed

interrogatories in Plaintiffs' First Set of Interrogatories and to respond to Plaintiffs' Request for

Production of Documents pursuant to Rules 33, 34, and 37(a) of the Federal Rules of Civil Procedure.

Plaintiffs also move for an order requiring Defendant to file and amended original answer. In support of

this Motion, Plaintiffs would respectfully show as follows:

## I. STATEMENT OF RELEVANT FACTS

In January 2004, Plaintiffs filed suit in this Court, alleging that Defendants Agrigenetics, Inc.,

Pablo Martinez and Eugene Martell had violated their rights under the Agricultural Worker Protection

Act, 29 U.S.C. §§ 1801 et seq. ("AWPA"), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

**EXHIBIT H**

201 et seq., several Illinois statutes, and for common law breach of contract, negligent misrepresentation, and negligent hiring, supervising, training, or retention of an employee. Plaintiffs are indigent migrant farmworkers who were recruited in the Rio Grande Valley in the Summer of 2002 to work for the defendants detasseling corn in Illinois.

Plaintiffs generally allege that the defendants promised them work, housing, and transportation on certain terms and that defendants failed to provide them on those terms by not providing the amount of work promised, not paying the Plaintiffs as they were promised and for all the work they performed, providing substandard housing, providing dangerous transportation, and by not complying with many provisions of federal and state law.

On July 16, 2004, Plaintiffs served on Defendant Pablo Martinez their First Request for Production of Documents. On August 12, 2004, Defendant served his responses on Plaintiffs (attached as Exhibit A). Defendant's response to many of the requests for production was, "To the extent that such documents exist and are in Defendant's possession, they are attached." Not a single document was attached. Defendant also objected to several requests. Plaintiffs believe Defendant's objections are improper.

On July 16, 2004, Plaintiffs served on Defendant Pablo Martinez their First Set of Interrogatories. On August 12, 2004, Defendant Pablo Martinez served his responses on Plaintiffs (attached as Exhibit B). Defendant provided non-responsive, incomplete, and/or evasive responses to eighteen of the twenty-two interrogatories. Of the remaining four interrogatories, Defendant objected and did not answer two. Plaintiffs believe these objections are improper.

On August 17, 2004 Plaintiffs, in an attempt to resolve this discovery dispute, sent a letter to

Defendant explaining the deficiencies in his responses and asking him to either amend his responses or explain why his responses were proper and complete. In this letter, attached as Exhibit C, Plaintiffs explained in detail their position on each of the twenty unanswered or incomplete responses to the interrogatories and on the objections made to the requests for production, and asked for a reply by August 27, 2004. To date, Plaintiffs' have not received any response or any documents.

On August 12, 2004, Defendant served his Original Answer on Plaintiffs. The complete body of the answer is, "I deny any wrongdoing alleged by Plaintiffs in their lawsuit against me." Plaintiffs' letter of August 17, 2004 asked Defendant to amend his answer to specifically state by paragraph number which contentions in Plaintiffs' amended complaint he disputed. Defendant did not respond or amend his complaint.

Plaintiffs believe, for the reasons outlined at the end of this brief in part 5, that Defendant's answer is improper and ask the Court to compel Defendant to file an amended answer. Plaintiffs also believe they are entitled to responses to the interrogatories presented and to the documents requested. Thus, Plaintiffs seek an order compelling responses to the interrogatories and further compelling the production of the documents for the reasons stated below.

## II. ARGUMENT

Defendant provided no documents in response to Plaintiffs' requests for production and only provided a complete response to two of Plaintiffs' twenty-two interrogatories. The Plaintiffs addressed each failure to respond and each objection in detail in a letter sent to the defendant, attached as Exhibit C. That letter is hereby incorporated in this motion.

1.    **Defendant Provided No Documents in Response to Plaintiffs' Requests for Production.**

Defendant responded to most of Plaintiffs' requests for production by stating, "To the extent such documents exist and are in Defendant's possession, they are attached." No documents were attached. Further, Defendant is required by Fed.R.Civ.P. 34(a)(1) to produce not only those documents and things in his possession, but also those that are in his custody or control. Therefore, even if Defendant's failure to provide a single document in an assertion that no responsive documents are in his possession, this is not a complete response. Defendant should be ordered to produce the documents that he suggests were attached to his response or state that no responsive documents are in his possession, custody, or control.

2.    **Defendants Objections to Requests for Production are Inappropriate and the Documents Sought Are Relevant.**

The defendant objected to requests for production 10, 11, 12, 13, 20, 42, and 50 stating, "Respondent objects to any year other than 2002 since that is the year in question." These seem to be objections to the relevancy of the documents sought.[1] Nevertheless, the requested documents are relevant to claims and/or defenses in this case and as such are discoverable.

Under Fed.R.Civ.P. 26(b)(1), information is relevant and discoverable where it "encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); *see also Burns v. Thiokol Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (information is relevant if it relates to the

---

[1]Defendant has not made this objection and Plaintiffs believe it is therefore waived.

claim or defense of the party seeking discovery or to the defense of any other party, or to the credibility

of any witness); *Snowden v. Connaught Lab.*, 137 F.R.D. 336, 341 (D.Kan.1991) (a request for

discovery should ordinarily be allowed "unless it is clear that the information sought can have no

possible bearing on the subject matter of the action."). Indeed, a "variety of types of information not

directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given

action. For example, other incidents of the same type ... could be properly discoverable under the

revised standard. Information about organizational arrangements or filing systems of a party could be

discoverable if likely to yield or lead to the discovery of admissible information. Similarly, information

that could be used to impeach a likely witness, although not otherwise relevant to the claims or

defenses, might be properly discoverable." Commentary to Rule Changes, Court Rules, 192 F.R.D.

340, 389. Courts have recognized that even after the recent amendments to Rule 26, the scope of

relevant information remains very broad: "While the pleadings will be important, it would be a mistake

to argue that no fact may be discovered unless it directly correlates with a factual allegation in the

complaint or answer. Such a restrictive approach would run counter to the underlying purpose of the

rule changes, as explained by the commentary, run afoul of Fed. R. Civ. P. 1, and undoubtedly do

disservice to the requirement of notice pleading in Rule 8 ..." *Thompson v. HUD*, 199 F.R.D. 168,

172 (D.Md. 2001).

Under this standard, the information sought by the Plaintiff farmworkers is relevant. Plaintiffs

provided a detailed explication of the relevancy of each request in Exhibit C, reviewing with the

defendant why each Interrogatory and Document Request is appropriate and seeks information relevant

to this litigation.

Request No. 10 asks for documents, including correspondence, memoranda, etc. relating to Agrigenetics and it's predecessor, Cargill, from 1999 to the present. Request No. 11 asks for documents relating to payments made by Agrigenetics to Defendant Pablo Martinez or Defendant Eugene Martell from 1999 to the present. Request No. 12 asks for documents describing his job duties with Agrigenetics and it's predecessor, Cargill, from 1999 to the present. Request No. 20 asks for documents related to the business structure of Defendant's farm labor contracting operation including those showing the identity of persons owning or operating the business and persons performing farm labor contracting activities for the business. The information sought in all four of these requests is relevant to the Defendant's business relationship with Agrigenetics and in turn the relationship of Plaintiffs to Defendants Pablo Martinez and Agrigentics. Documents from years other than 2002 are likely to provide a truer and more complete picture of these relationships. All of these relationships are at issue and are disputed in this case. These documents are also relevant to the defendants' systematic and continuous contacts with the State of Texas. This information is needed to establish personal jurisdiction over the defendants. Personal jurisdiction has been contested by Agrigenetics.

Request No. 13 asks for farm labor contractor certificates for Defendant Pablo Martinez and Defendant Eugene Martell from 1999 through the present. These documents are relevant as Plaintiffs claim, and defendants apparently deny, that Martinez and Martell were not licensed to perform certain farm labor contracting activities which they performed. Plaintiffs also claim that Defendant Agrigenetics did not take reasonable steps to determine whether or not Martinez and Martell were properly certified. Showing that they were not certified for several years before 2002 would tend to strengthen

Plaintiffs' argument. Further, documents from years prior to 2002 may show a pattern of violations that continued through 2002. This is relevant to prove not only the violations alleged in the complaint, but also to support Plaintiffs' request of an award of maximum statutory damages for these violations.

Request No. 42 asks for documents relating the inspection or maintenance of vehicles used to transport agricultural workers. Again, these documents are relevant as Plaintiffs claim that Defendants unsafely transported Plaintiffs. Inspection and maintenance records for only 2002 might not show the problems in the vehicles in 2002. Further, documents from years prior to 2002 may show a pattern of violations that continued through 2002. This is relevant to prove not only the violations alleged in the complaint, but also to support Plaintiffs' request of an award of maximum statutory damages for these violations.

3.   **Defendant Pablo Martinez Has Not Responded or Has Incompletely Responded to Interrogatories 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22.**

Defendant, without objecting or claiming a privilege, failed to answer or did not completely answer Interrogatory Nos. 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, and 22. Defendant's responses to these interrogatories were non-responsive, only partially responsive, and/or were evasive. A detailed explanation of how each individual response is deficient is set out in Exhibit C. In order to save space and avoid repetition, Plaintiffs hereby incorporate Exhibit C by reference. Defendant should be ordered to provide amended and complete responses to these interrogatories.

Defendant objected to Interrogatory Nos. 4 and 20 and did not provide responses. As these objections are inappropriate for the reasons outlined below, Defendant should be ordered to provide amended and complete responses to these interrogatories.

4. **Defendants Objections to Interrogatory 4 and 20 and to Request for Production No. 46 Are Inappropriate.**

Defendant asserts "the party communication and joint defense privilege" for Interrogatory Nos. 4 and 20 and for Request for Production No. 46. As Defendant has provided no authority for the privilege(s), has not cited to any provision of the Federal Rules of Civil Procedure that allows for the privilege(s), and has not explained how the privilege(s) apply to these particular discovery requests. As explained below, Plaintiffs do not believe that the privilege applies in this case, but it is difficult for Plaintiffs to know exactly what privilege(s) are being asserted and consequently difficult for them to respond. This is made even more difficult by Defendant's failure to comply with Fed.R.Civ.Pro. 26(b)(5) by failing to describe the material withheld in a privilege log.[2]

   a. **Party Communication Privilege**

Defendant, in referring to "party communication and joint defense privilege," may be alluding, at least in part, to a Texas party communications exemption.[3]

If Defendant is asserting this Texas party communication privilege and it still exists, the assertion is improper. It is well established that the federal law of privilege governs privileges when the court's jurisdiction is, as here, premised on a federal question. See Virmani v. Novant Health Inc., 259 F.3d

---

[2]Plaintiffs believe that Defendant's failure to properly assert a privilege has resulted in his waiver of any possible privilege he may have had. See In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989). Nevertheless, Plaintiffs will attempt to respond to two privileges Defendant may have been trying to assert.

[3]The party communication privilege, at one time codified in Tex. R. Civ. P. 166(3)(d), protected communications by agents, representatives or employees of a party made subsequent to the event(s) that formed the basis of the lawsuit, and in connection with the lawsuit. See Jackson v. Downey, 817 S.W.2d 858, 859. This section was repealed effective January 1, 1999, by order of No. 9, 1998 (977-78 S.W.2d [Tex. Cases] xxxiii). In 1999, the Texas Supreme Court merged the attorney work product exemption and the party communications into Tex. R. Civ. P. 192.5, which defines work product and its exceptions. Comment 8 to that Rule states specifically that "work product replaces the 'attorney work product' and 'party communication' discovery exemptions from former Rule 166(b)".

284, 286 n.2 (4th Cir. 2001); <u>Pearson v Miller</u>, 211 F.3d 57, 66 (3d Cir. 2000). Plaintiffs are unable

to identify federal common law recognizing a party communication privilege. However, federal work

product doctrine, codified in Fed. R. Civ. P. 26(b)(3), provides that a party may not obtain discovery

of documents or other tangible things prepared in anticipation of litigation or trial by or for another party

or that other party's representation.

Even assuming Defendant had asserted the work product privilege, that privilege would not

protect much of the information sought by Interrogatories No. 4 and 20. Interrogatory No. 4 asks

Defendant to identify every communication he has had with Agrigenetics, its employees, agents, or

attorneys, or with Eugene Martell concerning the subject matter of this lawsuit. Interrogatory No. 20

asks for a description of each communication Defendant had with any other defendant concerning the

existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with

Agrigenetics in Iowa or Illinois. Many of these communications took place before this case was filed

and were not prepared in anticipation of litigation or trial by or for another party or that other party's

representation. None of these communications would be protected by the privilege.

**b.    Joint Defense Privilege**

Defendant may also be referring to the joint defense privilege (frequently referred to as the

common interest doctrine). See <u>Aiken v. Texas Farm Bureau Mut. Ins. Co.</u>, 151 F.R.D. 621, 623

(E.D. Tex. 1993). It is an exception to the general rule that the attorney client privilege is waived upon

disclosure of privileged information to a third party. See <u>Ferko v. National Ass'n for Stock Car Auto

Racing, Inc.</u>, 219 F.R.D. 397, 401 (E.D. Tex. 2003); quoting <u>Katz v AT&T Corp.</u>, 191 F.R.D. 433,

436 (E.D.Pa. 2000). The exception also applies to the work product doctrine. <u>Ferko</u> at 401; <u>Power</u>

Mosfet Techs. V. Siemens AG, 206 F.R.D. 422, 424 (E.D.Tex.2000). As Defendant has not asserted either of these underlying privileges, the attorney client privilege or the work product privilege, he has waived them and the basis for any "party communication and joint defense privilege" collapses.[4]

Again, even assuming that Defendant has properly stated a privilege, the privilege does not apply to most of the information sought by these discovery requests. Many of the communications sought in Interrogatories No. 4 and 20 took place before this suit was filed, and in fact, these communications form the basis for many of the claims alleged in the lawsuit. None of these communications would be privileged. Request for Production No. 46 asks Defendant to produce all documents he provided to any other defendant in 2002. This suit was filed in 2004 so none of the documents requested could have been provided to any other defendant for the purpose of preparing their joint defense. As such, all of the requested documents are discoverable.

Defendant has not asserted any cognizable privilege and so he should be required to respond to the Interrogatory Nos. 4 and 20 and to Request for Production No. 46.

**5.    Defendant's Answer is an Improper General Denial.**

Defendant's answer, attached as Exhibit D, is a general denial. General denials are improper unless a defendant is in good faith controverting all of the averments in a complaint, including the grounds for jurisdiction. Fed.R.Civ.P. 8(b). As Defendant admitted in his responses to requests for admission several of the contentions made in Plaintiffs' complaint, he cannot assert in good faith that he denies each and every averment made in Plaintiffs' amended complaint. Again, Plaintiffs' August 17,

---

[4]Again, Plaintiffs believe that Defendant's failure to properly assert a privilege has resulted in his waiver of any possible privilege he may have had. See In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989).

2004 letter to Defendant, with attached copies of relevant portions of the Federal Rules of Civil Procedure, attempted to make this clear to him.

Defendant should be ordered to amend his answer to specifically admit or deny by paragraph number each averment made in Plaintiffs' First Amended Complaint.

### III. PRAYER

WHEREFORE, Plaintiffs' respectfully request that this Court issue an order granting the following relief pursuant to Fed.R.Civ.P. 33, 34, and 37:

a.    Compel Defendant Pablo Martinez to produce all documents responsive to all document requests in Plaintiffs' First Request for Production of Documents within ten days from when this motion is granted.;

b.    Compel Defendant Pablo Martinez to respond fully to Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 in Plaintiffs' First Set of Interrogatories within ten days from when this motion is granted.;

c.    Compel Defendant Pablo Martinez to file an amended answer specifically admitting or denying by paragraph number each averment made in Plaintiffs' First Amended Complaint;

c.    Award of costs and fees in resolving this discovery dispute; and

d.    Grant such further relief as this court decrees just and necessary.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422

TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs


Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify that I corresponded with Defendant Pablo Martinez, and engaged in a good faith effort to resolve the matters in dispute with him without court action, but was unable to reach an agreement on the discovery issues raised in this Motion.

Nathaniel Norton

## CERTIFICATE OF SERVICE

I hereby certify that on the _1st_ day of _September_, 2004, a true and correct copy of the foregoing document was served on Defendants as listed below by first class U.S. mail.

Frank L. Hill
Thompson & Knight
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Mark W. Clark
Kenneth Yerkes
Barnes & Thornburg
11 S. Meridian St.
Indianapolis, IN 46204

Eugene Martell
620 Nevada St.
Weslaco, TX 78596

Pablo Martinez                cm/rrr: 7002 2030 0005 5901 8183
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Nathaniel Norton

---

*Plaintiffs' Motion to Compel Discovery From Defendant Pablo Martinez*                13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Armando Alonso, et al.                     §
                                           §
          Plaintiffs,                      §
                                           §
versus                                     §                    Civil Action No. B-04-005
                                           §
Agrigenetics, Inc. d/b/a Mycogen Seeds,    §
Pablo Martinez and Eugene Martell          §
                                           §
          Defendants.                      §

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
FROM DEFENDANT EUGENE MATELL
WITH SUPPORTING AUTHORITIES

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Armando Alonso, *et al.*, the Plaintiffs in the above-captioned matter, to move

the court for an order requiring Defendant Eugene Martell to fully and completely answer disputed

interrogatories in Plaintiffs' First Set of Interrogatories and to respond to Plaintiffs' Request for

Production of Documents pursuant to Rules 33, 34, and 37(a) of the Federal Rules of Civil Procedure.

In support of this Motion, Plaintiffs would respectfully show as follows:

I. STATEMENT OF RELEVANT FACTS

In January 2004, Plaintiffs filed suit in this Court, alleging that Defendants Agrigenetics, Inc.,

Eugene Martell and Eugene Martell had violated their rights under the Agricultural Worker Protection

Act, 29 U.S.C. §§ 1801 et seq. ("AWPA"), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 et seq., several Illinois statutes, and for common law breach of contract, negligent

misrepresentation, and negligent hiring, supervising, training, or retention of an employee. Plaintiffs are indigent migrant farmworkers who were recruited in the Rio Grande Valley in the Summer of 2002 to work for the defendants detasseling corn in Illinois.

Plaintiffs generally allege that the defendants promised them work, housing, and transportation on certain terms and that defendants failed to provide them on those terms by not providing the amount of work promised, not paying the Plaintiffs as they were promised and for all the work they performed, providing substandard housing, providing dangerous transportation, and by not complying with many provisions of federal and state law.

On July 16, 2004, Plaintiffs served on Defendant Eugene Martell their First Request for Production of Documents. On August 12, 2004, Defendant served his responses on Plaintiffs (attached as Exhibit A). Defendant's response to many of the requests for production was, "To the extent that such documents exist and are in Defendant's possession, they are attached." Not a single document was attached. Defendant also objected to several requests. Plaintiffs believe Defendant's objections are improper.

On July 16, 2004, Plaintiffs served on Defendant Eugene Martell their First Set of Interrogatories. On August 12, 2004, Defendant Eugene Martell served his responses on Plaintiffs (attached as Exhibit B). Defendant provided non-responsive, incomplete, and/or evasive responses to thirteen of the twenty-one interrogatories. Of the remaining eight interrogatories, Defendant objected and did not answer two. Plaintiffs believe these objections are improper.

On August 18, 2004 Plaintiffs, in an attempt to resolve this discovery dispute, sent a letter to Defendant explaining the deficiencies in his responses and asking him to either amend his responses or

explain why his responses were proper and complete.  In this letter, attached as Exhibit C, Plaintiffs

explained in detail their position on each of the fifteen unanswered or incomplete responses to the

interrogatories and on the objections made to the requests for production, and asked for a reply by

August 28, 2004.  To date, Plaintiffs' have not received any response or any documents.

Plaintiffs believe they are entitled to responses to the interrogatories presented and to the

documents requested.  Thus, Plaintiffs seek an order compelling responses to the interrogatories and

further compelling the production of the documents for the reasons stated below.

## II. ARGUMENT

Defendant provided no documents in response to Plaintiffs' requests for production and only

provided a complete response to four of Plaintiffs' twenty-one interrogatories.  The Plaintiffs addressed

each failure to respond and each objection in detail in a letter sent to the defendant, attached as Exhibit

C.  That letter is hereby incorporated into this motion.

**1.      Defendant Provided No Documents in Response to Plaintiffs' Requests for**

**Production.**

Defendant responded to most of Plaintiffs' requests for production by stating, "To the extent

such documents exist and are in Defendant's possession, they are attached."  No documents were

attached.  Further, Defendant is required by Fed.R.Civ.P. 34(a)(1) to produce not only those

documents and things in his possession, but also those that are in his custody or control.  Therefore,

even if Defendant's failure to provide a single document in an assertion that no responsive documents

are in his possession, this is not a complete response.  Defendant should be ordered to produce the

documents that he suggests were attached to his response or state that no responsive documents are in

his possession, custody, or control.

2.    **Defendants Objections to Requests for Production are Inappropriate and the**

   **Documents Sought Are Relevant.**

The defendant objected to requests for production 10, 11, 12, 13, 20, 42, and 50 stating,

"Respondent objects to any year other than 2002 since that is the year in question." These seem to be

objections to the relevancy of the documents sought.[1]   Nevertheless, the requested documents are

relevant to claims and/or defenses in this case and as such are discoverable.

Under Fed.R.Civ.P. 26(b)(1), information is relevant and discoverable where it "encompasses

any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue

that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); *see also*

*Burns v. Thokol Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (information is relevant if it relates to the

claim or defense of the party seeking discovery or to the defense of any other party, or to the credibility

of any witness); *Snowden v. Connaught Lab.*, 137 F.R.D. 336, 341 (D.Kan.1991) (a request for

discovery should ordinarily be allowed "unless it is clear that the information sought can have no

possible bearing on the subject matter of the action."). Indeed, a "variety of types of information not

directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given

action. For example, other incidents of the same type ... could be properly discoverable under the

revised standard. Information about organizational arrangements or filing systems of a party could be

---

[1]Defendant has not made this objection and Plaintiffs believe it is therefore waived. See In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989).

discoverable if likely to yield or lead to the discovery of admissible information. Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Commentary to Rule Changes, Court Rules, 192 F.R.D. 340, 389. Courts have recognized that even after the recent amendments to Rule 26, the scope of relevant information remains very broad: "While the pleadings will be important, it would be a mistake to argue that no fact may be discovered unless it directly correlates with a factual allegation in the complaint or answer. Such a restrictive approach would run counter to the underlying purpose of the rule changes, as explained by the commentary, run afoul of Fed. R. Civ. P. 1, and undoubtedly do disservice to the requirement of notice pleading in Rule 8 ..." *Thompson v. HUD*, 199 F.R.D. 168, 172 (D.Md. 2001).

Under this standard, the information sought by the Plaintiff farmworkers is relevant. Plaintiffs provided a detailed explication of the relevancy of each request in Exhibit C, reviewing with the defendant why each Interrogatory and Document Request is appropriate and seeks information relevant to this litigation.

Request No. 10 asks for documents, including correspondence, memoranda, etc. relating to Agrigenetics and it's predecessor, Cargill, from 1999 to the present. Request No. 11 asks for documents relating to payments made by Agrigenetics to Defendant Pablo Martinez or Defendant Eugene Martell from 1999 to the present. Request No. 12 asks for documents describing his job duties with Agrigenetics and it's predecessor, Cargill, from 1999 to the present. Request No. 20 asks for documents related to the business structure of Defendant's farm labor contracting operation including those showing the identity of persons owning or operating the business and persons

performing farm labor contracting activities for the business. The information sought in all four of these requests is relevant to the Defendant's business relationship with Agrigenetics and in turn the relationship of Plaintiffs to Defendants Pablo Martinez, Eugene Martell, and Agrigentics. Documents from years other than 2002 are likely to provide a truer and more complete picture of these relationships. All of these relationships are at issue and are disputed in this case. These documents are also relevant to the defendants' systematic and continuous contacts with the State of Texas. This information is needed to establish personal jurisdiction over the defendants. Personal jurisdiction has been contested by Agrigenetics.

Request No. 13 asks for farm labor contractor certificates for Defendant Eugene Martell and Defendant Pablo Martinez from 1999 through the present. These documents are relevant as Plaintiffs claim, and defendants apparently deny, that Martinez and Martell were not licensed to perform certain farm labor contracting activities which they performed. Plaintiffs also claim that Defendant Agrigenetics did not take reasonable steps to determine whether or not Martinez and Martell were properly certified. Showing that they were not certified for several years before 2002 would tend to strengthen Plaintiffs' argument. Further, documents from years prior to 2002 may show a pattern of violations that continued through 2002. This is relevant to prove not only the violations alleged in the complaint, but also to support Plaintiffs' request of an award of maximum statutory damages for these violations.

Request No. 42 asks for documents relating the inspection or maintenance of vehicles used to transport agricultural workers. Again, these documents are relevant as Plaintiffs claim that Defendants unsafely transported Plaintiffs. Inspection and maintenance records for only 2002 might not show the problems in the vehicles in 2002. Further, documents from years prior to 2002 may show a pattern of

violations that continued through 2002. This is relevant to prove not only the violations alleged in the complaint, but also to support Plaintiffs' request of an award of maximum statutory damages for these violations.

**3.    Defendant Eugene Martell Has Not Responded or Has Incompletely Responded to Interrogatories 2, 3, 4, 5, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, and 21.**

Defendant, without objecting or claiming a privilege, failed to answer or did not completely answer Interrogatory Nos. 2, 3, 5, 10, 11, 13, 14, 15, 16, 17, 18, 20 and 21. Defendant's responses to these interrogatories were non-responsive, only partially responsive, and/or were evasive. A detailed explanation of how each individual response is deficient is set out in Exhibit C. In order to save space and avoid repetition, Plaintiffs hereby incorporate Exhibit C by reference. Defendant should be ordered to provide amended and complete responses to these interrogatories.

Defendant objected to Interrogatory Nos. 4 and 19 and did not provide responses. As these objections are inappropriate for the reasons outlined below, Defendant should be ordered to provide amended and complete responses to these interrogatories.

**4.    Defendants Objections to Interrogatory 4 and 19 and to Request for Production No. 46 Are Inappropriate.**

Defendant asserts "the party communication and joint defense privilege" for Interrogatory Nos. 4 and 20 and for Request for Production No. 46. As Defendant has provided no authority for the privilege(s), has not cited to any provision of the Federal Rules of Civil Procedure that allows for the privilege(s), and has not explained how the privilege(s) apply to these particular discovery requests. As explained below, Plaintiffs do not believe that the privilege applies in this case, but it is difficult for

Plaintiffs to know exactly what privilege(s) are being asserted and consequently difficult for them to respond. This is made even more difficult by Defendant's failure to comply with Fed.R.Civ.Pro. 26(b)(5) by failing to describe the material withheld in a privilege log.[2]

### a.    Party Communication Privilege

Defendant, in referring to "party communication and joint defense privilege," may be alluding, at least in part, to a Texas party communications exemption.[3]

If Defendant is asserting this Texas party communication privilege and it still exists, the assertion is improper. It is well established that the federal law of privilege governs privileges when the court's jurisdiction is, as here, premised on a federal question. See <u>Virmani v. Novant Health Inc.</u>, 259 F.3d 284, 286 n.2 (4th Cir. 2001); <u>Pearson v Miller</u>, 211 F.3d 57, 66 (3d Cir. 2000). Plaintiffs are unable to identify federal common law recognizing a party communication privilege. However, federal work product doctrine, codified in Fed. R. Civ. P. 26(b)(3), provides that a party may not obtain discovery of documents or other tangible things prepared in anticipation of litigation or trial by or for another party or that other party's representation.

Even assuming Defendant had asserted the work product privilege, that privilege would not protect much of the information sought by Interrogatories No. 4 and 19. Interrogatory No. 4 asks

---

[2]Plaintiffs believe that Defendant's failure to properly assert a privilege has resulted in his waiver of any possible privilege he may have had. <u>See</u> <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989). Nevertheless, Plaintiffs will attempt to respond to two privileges Defendant may have been trying to assert.

[3]The party communication privilege, at one time codified in Tex. R. Civ. P. 166(3)(d), protected communications by agents, representatives or employees of a party made subsequent to the event(s) that formed the basis of the lawsuit, and in connection with the lawsuit. <u>See</u> <u>Jackson v. Downey</u>, 817 S.W.2d 858, 859. This section was repealed effective January 1, 1999, by order of No. 9, 1998 (977-78 S.W.2d [Tex. Cases] xxxiii). In 1999, the Texas Supreme Court merged the attorney work product exemption and the party communications into Tex. R. Civ. P. 192.5, which defines work product and its exceptions. Comment 8 to that Rule states specifically that "work product replaces the 'attorney work product' and 'party communication' discovery exemptions from former Rule 166(b)".

Defendant to identify every communication he has had with Agrigenetics, its employees, agents, or attorneys, or with Eugene Martell concerning the subject matter of this lawsuit. Interrogatory No. 19 asks for a description of each communication Defendant had with any other defendant concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Agrigenetics in Iowa or Illinois. Many of these communications took place before this case was filed and were not prepared in anticipation of litigation or trial by or for another party or that other party's representation. None of these communications would be protected by the privilege.

### b.    Joint Defense Privilege

Defendant may also be referring to the joint defense privilege (frequently referred to as the common interest doctrine). See Aiken v. Texas Farm Bureau Mut. Ins. Co., 151 F.R.D. 621, 623 (E.D. Tex. 1993). It is an exception to the general rule that the attorney client privilege is waived upon disclosure of privileged information to a third party. See Ferko v. National Ass'n for Stock Car Auto Racing, Inc., 219 F.R.D. 397, 401 (E.D. Tex. 2003); quoting Katz v AT&T Corp., 191 F.R.D. 433, 436 (E.D.Pa. 2000). The exception also applies to the work product doctrine. Ferko at 401; Power Mosfet Techs. V. Siemens AG, 206 F.R.D. 422, 424 (E.D.Tex.2000). As Defendant has not asserted either of these underlying privileges, the attorney client privilege or the work product privilege, he has waived them and the basis for any "party communication and joint defense privilege" collapses.[4]

Again, even assuming that Defendant has properly stated a privilege, the privilege does not apply to most of the information sought by these discovery requests. Many of the communications sought in Interrogatories No. 4 and 19 took place before this suit was filed, and in fact, these

---

[4]Again, Plaintiffs believe that Defendant's failure to properly assert a privilege has resulted in his waiver of any possible privilege he may have had. See In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989).

communications form the basis for many of the claims alleged in the lawsuit. None of these communications would be privileged. Request for Production No. 46 asks Defendant to produce all documents he provided to any other defendant in 2002. This suit was filed in 2004 so none of the documents requested could have been provided to any other defendant for the purpose of preparing their joint defense. As such, all of the requested documents are discoverable.

Defendant has not asserted any cognizable privilege and so he should be required to respond to the Interrogatory Nos. 4 and 19 and to Request for Production No. 46.

### III. PRAYER

WHEREFORE, Plaintiffs' respectfully request that this Court issue an order granting the following relief pursuant to Fed.R.Civ.P. 33, 34, and 37:

a.    Compel Defendant Eugene Martell to produce all documents responsive to all document requests in Plaintiffs' First Request for Production of Documents within ten days from when this motion is granted.;

b.    Compel Defendant Eugene Martell to respond fully to Interrogatories Nos. 2 2, 3, 4, 5, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, and 21 in Plaintiffs' First Set of Interrogatories within ten days from when this motion is granted.;

c.    Award of costs and fees in resolving this discovery dispute; and

d.    Grant such further relief as this court decrees just and necessary.

Respectfully submitted,

_____

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs


Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify that I corresponded with Defendant Eugene Martell, and engaged in a good faith effort to resolve the matters in dispute with him without court action, but was unable to reach an agreement on the discovery issues raised in this Motion

Nathaniel Norton

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of _September_, 2004, a true and correct copy of the foregoing document was served on Defendants as listed below by first class U.S. mail.

Frank L. Hill
Thompson & Knight
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Mark W. Clark
Kenneth Yerkes
Barnes & Thornburg
11 S. Meridian St.
Indianapolis, IN 46204

Eugene Martell            cm/rrr: 7002 2030 0005 5901 8190
620 Nevada St.
Weslaco, TX 78596

Pablo Martinez
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

Nathaniel Norton

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades | § | |
| Rodriguez, Rogelio Sanchez, Santos | § | |
| Martinez as next friend of G.M., Hugo | § | |
| Martinez, Jose Aguilon and Higinio | § | |
| Sanchez- Ramos, | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF FRANK L. HILL IN OPPOSITION TO
## PLAINTIFFS' REQUEST FOR ATTORNEYS FEES

BEFORE ME, the undersigned authority, on this day personally appeared Frank

L. Hill, who, after being duly sworn, stated the following:

1.    My name is Frank L. Hill. I am of legal age and sound mind, and I am

competent to give this declaration. Except where expressly stated to the

contrary, all of my statements herein are based on my own personal

knowledge.

2.    I have been licensed to practice law in Texas since 1987 and in Oklahoma

since 1982. I am certified in Civil Trial Law and Labor and Employment

Law by the Texas Board of Legal Specialization. I am a Senior Partner in

Thompson & Knight, LLP.

3.    I oppose Plaintiffs' request for attorneys fees for the following reasons:

**EXHIBIT I**

A.    Pablo Martinez ("Martinez") and Eugene Martell ("Martel") have always been forthright with Plaintiffs' counsel about this case.  For instance, it is well documented that Martinez and Martell visited Plaintiffs' counsel after the suit was filed in order to provide documents and information, and Martell even rendered an affidavit dated April 29, 2004. On June 16, 2004, I traveled with Martinez and Martell to the office of Plaintiffs' counsel so that they could communicate directly with Plaintiffs' counsel about the case, rather than try to deal with the growing avalanche of paperwork which they had difficulty understanding.  At the meeting with Plaintiffs' counsel, Martinez and Martell answered every question that was asked of them.  Speaking in Spanish, Mr. Martinez even drew diagrams for Plaintiffs' attorney in order to convey to them how corn rows were kept track of so that Plaintiffs' bonus could be calculated.  In truth, Martinez and Martell have always been ready, if not eager, to share the facts of this case with Plaintiffs' counsel.

B.    Martinez reads and writes minimal English and has a sixth grade education from a school in Mexico.  Neither Martinez nor Martell has even a rudimentary knowledge of legal procedure.  They spend considerable time reading, and then re-reading, legal documents, trying to understand the most basic terms.  I believe that any failure on the part of Martinez and Martell to comply with Plaintiffs' discovery requests results from a lack of skill on their part and not from a lack of diligence.

C.    I do not dispute that Plaintiffs' counsel worked the number of hours indicated by affidavit evidence, or that  a reasonable hourly fee for their service is $150.00 per hour.  However, I dispute the reasonableness and necessity of the fee.  In my opinion, it was neither reasonable, not necessary, nor fair, for Plaintiffs' counsel to launch a paper discovery war against pro se defendants who lacked the skills to respond to such a maneuver.

D.    The constitutional guarantee of equal protection under the law should allow Martinez and Martell to have their day in court. They are forthright men who are more than willing to tell their version of the facts. They should not be punished, and/or silenced, because they cannot afford to retain counsel.

4.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _19th_ day of January, 2005.

_____
Frank L. Hill