UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Gabino Martinez, Hugo Martinez, Jose Aguillon, Higinio Sanchez-Ramos, Edilberto Martinez, Jaime Pacheco, Enrique Rodriguez, Rodolfo Rodriguz, Francisco Rodriguez, Armando Cisneros, Everardo Garcia, and Agustin Martinez<br><br>    Plaintiffs,<br><br>*versus*<br><br>Agrigenetics, Inc. d/b/a Mycogen Seeds, Pablo Martinez and Eugene Martell<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No. B-04-005 |

PLAINTIFFS' REPLY TO DEFENDANT MYCOGEN SEEDS' OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS AGAINST PRO SE DEFENDANTS
PABLO MARTINEZ AND EUGENE MARTELL AND MOTION TO SET
AMOUNT OF RULE 37(a)(4)(A) ATTORNEYS' FEES

I. INTRODUCTION

Come now Plaintiffs, Armando Alonso, *et al.*, and files this Reply to Defendant Mycogen Seeds' Opposition to Plaintiffs' Motion for Sanction Against Pro Se Defendants Pablo Martinez and Eugene Martell and Motion to Set Amount of Rule 37(a)(4)(A) Attorneys' Fees. The motion is filed by Defendant Mycogen Seeds ("Mycogen"), but Defendants Pablo Martinez ("Martinez") and Eugene Martell ("Martell") have joined in Defendant's Opposition. Mycogen filed this pleading even though Mycogen will not be adversely affected if Martinez and Martell are sanctioned and/or ordered to pay attorney's fees pursuant to FRCP 37(a)(4)(A). In this respect,

while Mycogen claims that any restrictions imposed by the Court on Martinez and Martell in how they can present their defense will limit Mycogen' ability to present its' case, that simply is not true because those penalties would only run to Martinez and Martell. Nonetheless, Plaintiffs file this response because Mr. Martinez and Martell have filed a joinder to this motion.

Mycogen filed a single motion in opposition to two separate and distinct motions filed by Plaintiffs. Despite the fact that Plaintiffs' original motions are only marginally related, since Mycogen filed a single document, Plaintiffs will reply to Defendants' responses in opposition to these two motions separately below.

## II. REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

A. Procedural Background

In July 2004, Plaintiffs served written discovery on Defendants Martinez and Martell. Defendants served non-responsive, incomplete, and/or evasive responses on Plaintiffs in August 2004. Additionally, Defendant Martinez had filed an improper answer. Plaintiffs sent each Defendant a six-page letter detailing the deficiencies in their responses and answer and asked them to amend their responses. Mr. Martinez and Martell did not respond to the letter and neither tendered amended responses; therefore, Plaintiffs filed motions to compel discovery from each and to compel an amended answer from Mr. Martinez. Mr. Martinez and Mr. Martell filed responses to these motions and Plaintiffs filed a reply. On November 15, 2004, the Court granted Plaintiffs' motions. The order issued on that date specifically determined that the allegations raised by Mr.

Martinez and Mr. Martell did not outweigh Plaintiffs' right to adequate discovery responses. The Court found that Mr. Martinez and Mr. Martell had improperly objected to Plaintiffs' discovery requests and the Court ordered them to "provide <u>complete</u> and <u>accurate</u> answers" to interrogatories and to "provide plaintiffs with <u>specific</u> responses to the requests for documents." The order granted Plaintiffs their costs and fees. The order also stated, "The defendants are admonished that if the discovery requests are not satisfied in the allotted time period, this Court may impose additional costs, sanctions or take other actions to remedy the defendants' failures." The order further stated, "[p]roviding false or incomplete discovery responses violated the Federal Rules of Civil Procedure and subjects the offending party . . . to sanctions."

The issue before the Court is whether the supplemental discovery responses and amended answers tendered by Mr. Martinez and Mr. Martell complies with the dictates of this Court's November 15, 2004 Order. Plaintiffs do not believe that the responses are in compliance with the Court's Order because, as noted in Plaintiffs' Motion for Sanctions, Mr. Martell and Mr. Martinez' supplemental responses are still incomplete and/or misleading. Thus, on December 15, 2004, Plaintiffs sent a detailed five-page letter to both Mr. Martinez and Mr. Martell detailing how their responses failed to comply with the Court's November 15th order, asking them to correct the deficiencies, and warning them that the Court might impose further sanctions against them should they fail to comply with the order. The Defendants did not respond to the letters. On January 3, 2005, Plaintiffs filed the motion for sanctions at issue here.

B. Argument

Defendants Martell and Martinez violated the Court's November 15, 2005 order, they are still not in compliance with the order, their continued refusal to provide complete and accurate responses to Plaintiffs' discovery requests has prejudiced the Plaintiffs ability to prosecute this case, and Mr. Martinez and Mr. Martell should be sanctioned.

    i.    <u>Much of Mycogen'Motion in Opposition is Factually Untrue and Irrelevant to the Motion for Sanctions and Has Already Been Considered and Rejected by the Court.</u>

Mycogen raises many issues in their Motion in Opposition that are more appropriate for a summary judgment motion or a trial brief. For instance they characterize Plaintiffs' allegations of violations of the Agricultural Worker Protection Act ("AWPA") as technical and they argue that Plaintiffs have only made vague, conclusory allegations. Plaintiffs disagree with the Mycogen's characterization of the facts and the claims in this case; however, the Plaintiffs will not belabor this point because this is simply an attempt to cloud the issues at hand, that is – Did Mr. Martinez and Mr. Martell comply with this Court's November 15th Order to: respond to Plaintiffs' complaint in accordance with the requirements of FRCP 8(b); provide complete and accurate answers to Plaintiffs' first set of interrogatories; and to provide specific responses to Plaintiffs' request of production of documents?

Mycogen also claims that Plaintiffs are attempting to wear down Mr. Martinez and Mr. Martell with paper discovery. However, what Mycogen fails to point out is that most of the paperwork generated in this case, including this brief, arose directly out of the Mr. Martinez and Mr. Martells' continued willful failure to respond to discovery, the provision of evasive and incomplete responses when responses were provided, their own

assertion of technical objections without evidentiary support (with Mycogen's counsel providing typewriting services), their failure to respond to Plaintiffs' letters asking them to resolve the discovery disputes informally, and their failure to obey this Court's orders to provide complete and accurate responses to Plaintiffs' discovery requests. What Mycogen also fails to point out is that Mr. Martinez and Martell's continued refusal to cooperate in the discovery phase of this litigation has prejudiced Plaintiffs' ability to prosecute this case. Had Defendants Martinez and Martell at any time provided complete answers to Plaintiffs' discovery requests, Plaintiffs' counsel would be able to focus on the merits of this dispute and would not be forced to spend so much time drafting pleadings and discovery in an attempt to obtain discoverable information.

Mycogen also argues that Mr. Martinez is relatively uneducated, has limited abilities to speak English, and does not have the funds to hire an attorney. In making these factual allegations, Mycogen implies that the Plaintiffs are taking unfair advantage of Mr. Martinez. This is incorrect. First, while Mycogen helped Mr. Martinez prepare an affidavit that suggests that Mr. Martinez does not have money to hire an attorney, the affidavit does not provide any direct statements of what Mr. Martinez's earnings are or how much cash he has on hand, and the record evidence shows that Mr. Martinez has more resources than the he would have the Court believe.[1] Second, Mycogen's concern over the fact that Mr. Martinez has little formal education and/or his claimed inability to

---

[1] See, Plaintiffs' Motion to Compel filed on September 2, 2004, which shows that among other things that in 2001 Mr. Martinez employed almost 70 workers and he was paid over $120,000 for one month's work. See also Deposition of Pablo Martinez, Exhibit A, at page 8, line 16 through page 9, line 4, where Mr. Martinez testified that he has two houses in Mercedes, Texas and not just one as stated in his affidavit, and that he also operates a store in Florida. Mr. Martinez also testified that he has been employed by DUDA for the past thirty years and that he is a supervisor of their workers and fields in their lettuce department. See Exhibit A, at page 10, lines 15-17 and page 11, lines 7-11. Mr. Martinez also testified that he oversees millions of dollars worth of production, and that he supervisors 6 buses of workers each with its' own foreman. Id. at page 137, line 12 through page 138, line 1.

speak English, is puzzling in light of the fact that Mycogen had Mr. Martinez sign a 14 page contract written solely in English, and which among other things: 1) obligated Martinez to make and preserve for three years the records being sought by the Plaintiffs such as names, addresses, social security numbers, W-4 forms, days and hours worked, OSHA records, workers compensation records, proper tax withholding, payment of FICA and unemployment taxes, and end of year W-2 forms for workers recruited to detassel Mycogen's seed corn (page 3 of 14);[2] 2) obligated Mr. Martinez to understand and comply with laws that the plaintiffs claim were broken (page 2 of 14); 3) obligated Mr. Martinez to indemnify Mycogen for any and all claims and demands on account of injury or death of workers hired by Mr. Martinez to fulfill the terms of his agreement with Mycogen (page 4 of 14); and 4) attempts to shift liability for employment related claims from Mycogen to Mr. Martinez. This agreement is attached in its entirety as Exhibit B.

Mycogen generally makes the same claims for Defendant Martell; that he does not have the funds for an attorney and that he not able to understand the discovery and pleadings served upon him. Again, Mycogen does not point to any direct evidence that shows that Martell cannot afford an attorney. Plaintiffs' requested the Defendants' tax returns in their requests for production, but the Defendants' have not provided them and it is unclear what Mr. Martell earned from working with Mr. Martinez and Mycogen. In this regard, payroll records show Martell earning $2000 for the 2002 season, but in Mr. Martell's deposition he speaks of "loans," and there is at least one "loan" of $1000 given by Mr. Martinez to Mr. Martell during the 2002 detasseling season.[3] Despite Mr.

---

[2] These are precisely the type of records that Plaintiffs have been trying to obtain. Mr. Martinez testified in his deposition that he had these documents at his house in Texas. See Exhibit A, page 33, line 19 through page 34, line 25.
[3] See Deposition of Eugene Martell, Exhibit C, page 187, line 9 through page 188, line 15.

Martells' claims to the contrary, these "loans" actually appear to be wages because Martell does not pay back Mr. Martinez in cash, but rather performs work for the money.[4] It is also odd that Mycogen asserts that Martell is unable to comprehend the paperwork associated with this lawsuit, including understanding which wage and hour documents Plaintiffs are seeking, considering that most of the tasks delegated to Martell by Martinez and Mycogen were paperwork duties including helping workers with applications and performing all of the payroll duties for the workers in Martinez's crew.[5]

Nonetheless, these claims are not relevant to the Court's determination of whether Mr. Martinez and Mr. Martell have complied with this Court's directive to provide complete and accurate responses to Plaintiffs discovery requests. Moreover, these are the same sort of claims that were made by Mr. Martinez and Mr. Martell in explaining their initial failure to provide responsive discovery responses. The Court considered those arguments in the November 15th order and rejected them as excuses for Martinez's and Martell's failures to comply with the Federal Rules of Civil Procedure.

ii. <u>Defendants Martinez and Martell Have Failed to Comply With the Court's November 15th Order.</u>

Mycogen also claims that Mr. Martinez and Mr. Martell have complied with the Court's November 15th order. Plaintiffs' Motion for Sanctions and the attached exhibits demonstrate that they have not. Plaintiffs have specifically pointed out the deficiencies in their motion; however, we would make a few additional points in response to Mycogen's assertions.

---

[4] See <u>Id</u>.
[5] See Exhibit C, page 54, line 9 through page 57, line 20.

First, with respect to the Request for Production of Documents, in the November 15th Order compelling a response, the Court refused to consider any of the objections made by either Mr. Martinez or Mr. Martell and than instructed them to provide specific responses to the requests. On the day that the responses were due, both Mr. Martinez and Mr. Martell tendered a response that was in essence the very same response that the Court had already found to be deficient. Specifically, Mr. Martinez and Mr. Martell provided the following one sentence response: "RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1-50: See DEF 0093 – 0105." This response does not comply with the Court's November 15th Order, and when informed by the Plaintiffs that this response was deficient, Mr. Martell and Mr. Martinez both chose to ignore Plaintiffs' letter asking them to amend their responses.

Second, with respect to Mr. Martinez' answer to the complaint, Mr. Martinez was ordered to provide a response that complied with FRCP 8. Mr. Martinez tendered a response but he did not address paragraphs 4.2 through 4.20. Whether this failure was deliberate or accidental misses the point because Plaintiffs pointed out this deficiency and asked for the missing information; however, Mr. Martinez did not respond to our request. He only tendered the missing information and provided an explanation in Mycogen's motion in opposition, six weeks after the information was due and only after Plaintiffs filed a motion for sanctions.

Third, contrary to Mycogen's assertion, Mr. Martinez and Mr. Martell have not been forthright and helpful. Plaintiffs' discovery was served in July 2004. Seven months later we have still not received adequate responses, either in writing or otherwise, to this discovery. This is true despite the fact that: 1) Plaintiffs have sent several detailed letters

explaining our specific concerns (these letters were ignored); and 2) Plaintiffs obtained a court order that requires Martinez and Martell to provide full and complete responses. Where the Court ordered them to provide a specific response to our document request, they provided a one sentence supplemental response which referenced a set of documents provided months earlier by Mycogen's counsel, but provided no new documents. Defendants' behavior, far from being helpful and forthright, has prejudiced Plaintiffs ability to prosecute this case. Discovery closes in about six weeks and Plaintiffs still have not been provided documents, such as pay records, that Defendants admit that they kept and maintained.[6]

Mr. Martinez's refusal to be "helpful and forthright" is reflected in his deposition when at one point he implies that the records he kept were "stolen" from his house.[7] Similary, Mr. Martell's refusal to be "helpful and forthright" is reflected in his deposition when he admitted he kept a notebook containing much of the information requested by the Plaintiffs, and acknowledging that he has not tendered this notebook.[8]

C. Conclusion

Mycogen's arguments are not germane to the issue before the Court and their characterization of Plaintiffs' claims and the facts of this case are incorrect. Defendants Martinez and Martell are in violation of the Court's November 15, 2005 order and their continued refusal to provide complete and accurate responses to Plaintiffs' discovery requests has prejudiced the Plaintiffs ability to prosecute this case. Mr. Martinez and Mr. Martell should be sanctioned.

---

[6] Again, please see Plaintiffs' Motion for Sanctions for a detailed list of documents Defendants' admit to having, but have failed to produce.
[7] See Exhibit A, page 33, line 22 through page 35, line 11.
[8] See Exhibit C, page 103, line 5-24 and page 112, line 17 through page 116.

## III. REPLY TO DEFENDANTS' OPPPOSITION TO PLAINTIFFS' MOTION TO SET ATTORNEYS' FEES

A. Attorneys' Fees Incurred Before November 15, 2004.

The Court's November 15th order awarded Plaintiffs their costs and fees in resolving the discovery dispute against Martinez and Martell. Defendants' opposition to the award of fees, at least for the fees incurred before November 15th, is therefore moot. Plaintiffs' Motion to Set Amount of Rule 37(a)(4)(A) Attorneys' Fees asks only that the Court set an amount for the award.

After the Court awarded Plaintiffs their costs and fees, Plaintiffs sent letters to Mr. Martinez and Mr. Martell explaining the amount of fees that Plaintiffs thought were appropriate, the method used to calculate the amount, and the purpose of each hour of work for which Plaintiffs were claiming fees. In these letters, Plaintiffs asked that Mr. Martinez and Mr. Martell pay these monies. Plaintiffs received no responses to these letters, either offering to work out a payment plan or challenging the amount of the fee request.

In Mycogen's response, the Defendants do not dispute the amount of hours spent by Plaintiffs' counsel to resolve this discovery dispute or that $150.00 per hour is a reasonable hourly rate.[9] As the Court's November 15th order has already awarded fees, and the amount of hours and the fee per hour is not in dispute, attorneys' fees for work done before November 15th should be awarded in the amount requested by Plaintiffs in their motion.

B. Attorneys' Fees Incurred After November 15, 2004.

---

[9] Declaration of Frank L. Hill in Opposition to Plaintiffs' Request for Attorneys Fees, at para. 3.C.

Plaintiffs' Motions to Compel sought attorneys fees incurred in attempting to resolve the discovery dispute up to that point. The Court's November 15th order awarded these fees to Plaintiffs. Plaintiffs' subsequent Motion for Sanctions also seeks attorneys' fees, but for the fees incurred after November 15th. Plaintiffs' believe the award of these fees is equally appropriate as the previous award because Defendants' continued failure to provide adequate discovery responses and their failure to obey the Court's November 15th order caused Plaintiffs' to incur them.

## IV. CONCLUSION

Plaintiffs' Motion for Sanctions Against Defendant Pablo Martinez and Defendant Eugene Martell should be granted, as should the relief requested therein, for the reasons given in the motion and for the reasons stated above.

Plaintiffs' Motion to Set Amount of Rule 37(a)(4)(A) Attorney's Fees should be likewise be granted, as should the relief requested therein, for the reasons given in the motion and for the reasons stated above.

Respectfully submitted,

/s/ Nathaniel Norton

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs
Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596

Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2005, a true and correct copy of the foregoing document with attached exhibits was served on Defendants as listed below by first class U.S. mail.

Frank L. Hill
Thompson & Knight
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701

Eugene Martell
620 N. Nevada St.
Weslaco, TX 78596

Pablo Martinez
c/o Country Store
1800 E. Canal St.
Belle Glade, FL 33430

_____
Nathaniel Norton