United States District Court
Southern District of Texas
ENTERED

MAR 0 8 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ARMANDO ALONSO, ET AL.** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action B-04-005 |
| | § | |
| **AGRIGENETICS, INC.** | § | |
| **D/B/A MYCOGEN SEEDS, ET AL.** | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on March _8_, 2005, the Court considered the Plaintiffs' following filings: "Motion for Sanctions Against Defendant Pablo Martinez and Defendant Eugene Martell," Dkt. No. 36, and "Motion to Set Amount of Rule 37(a)(4)(A) Attorney's Fees," Dkt. No. 37.

On July 16, 2004, plaintiffs served their first request for production of documents and interrogatories on *pro se* defendants Pablo Martinez ("Martinez") and Eugene Martell ("Martell") separately. On August 12, the defendants served their responses. On August 17 and 18, the plaintiffs sent a detailed letter to Martinez and Martell, respectively, outlining the insufficiencies of their discovery responses and requesting that each make certain amendments. The defendants never replied. Accordingly, on September 2, plaintiffs properly motioned the Court to compel discovery from Martinez and Martell, and for defendant Martinez to conform his answer to the plaintiffs' complaint pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 8(b)'s guidelines. Dkt. Nos. 23 & 24.

On November 15, this Court ordered Martinez and Martell to re-answer specific

1

interrogatories and requests for production. Dkt. No. 30. The Court also required Martinez to answer the plaintiff's complaint pursuant to FRCP 8(b). Id. The Court's order further stated that "[s]imply choosing to proceed *pro se* does not alleviate a party's obligation to produce or reveal discoverable information, or follow the Rules of Civil Procedure." Id. at 4. Additionally, Martinez and Martell were "admonished that if the discovery requests [were] not satisfied in the allotted time period, this Court [could choose to] impose additional costs, sanctions, or take other actions in order to remedy the defendants' failures [pursuant to FRCP 37(d)]." Id. at 5. Lastly, the Court granted plaintiffs' request for reasonable attorney's fees.

On December 1, plaintiffs' counsel received the Court ordered answers to interrogatories and requests for production, and Martinez's amended answer. On December 15, plaintiffs' counsel sent Martinez and Martell another letter detailing the submission's purported insufficiencies. The letter further asked Martinez and Martell to cure the defects. Martinez and Martell failed to respond.

The plaintiffs motioned this Court on January 3, 2005, seeking sanctions against Martinez and Martell. Dkt. No. 36. Specifically, plaintiffs argue that because Martinez and Martell's discovery responses violate the November 15 order, the Court may sanction these defendants pursuant to the provisions of FRCP 37(b)(2)(A)-(D). The plaintiffs further motion this Court to set the amount of attorney's fees that Martinez and Martell were ordered to pay in this Court's November 15 order. Dkt. No. 37.

The parties are hereby **ORDERED** to appear before this Court to argue the aforementioned motions on March 24, 2005, at 9:30 a.m. Specifically, the parties will discuss whether Martinez and Martell's second responses to interrogatories and requests for production, and Martinez's amended answer, violate the Court's November 15 order. If the Court finds that the responses do in fact violate the November 15 order, the parties will be provided an opportunity to argue what sanction under FRCP 37(b)(2)(A)-(D) should be levied. Additionally, the parties shall argue the reasonableness of the amount of

attorney's fees requested by plaintiffs.

The Court recognizes that defendants Martinez and Martell are proceeding *pro se* in this litigation. Although the Court will allow Martinez and Martell some latitude during argument, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. <u>Wynder v. McMahon</u>, 360 F.3d 73, 79 (2d Cir. 2004); <u>Murray v. City of Tahlequah, OK.</u>, 312 F.3d 1196, 1199 (10th Cir. 2002); <u>see</u> <u>also</u> <u>Martinez v. Court of Appeals of Cal.</u>, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out.").

Defendant Agrigenetics, Inc. d/b/a Mycogen Seeds ("Mycogen") has submitted a brief opposing both of the plaintiffs' aforementioned motions claiming that the Court's determination of the discovery issue could severely prejudice its ability to defend itself during trial. Dkt. No. 38. The parties should be prepared to discuss the merits of Mycogen's argument.

DONE at Brownsville, Texas, this _____ day of March, 2005.

Hilda G. Tagle
United States District Judge

3