UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Armando Alonso, et al. § | Civil Action No. B-04-005 |
| § | |
| Plaintiffs, § | |
| § | |
| versus § | Jury Trial Requested |
| § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, § | |
| Pablo Martinez and Eugene Martell § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE COURT:

Now come Plaintiffs, Armando Alonso, et al., and file this Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support would show the Court as follows:

1.　This action is brought by fifteen migrant agricultural workers. Plaintiffs allege that Defendants violated their rights under the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225 ILCS 505/1 et seq., the Illinois Field Sanitation Act ("IFSA"), 210 ILCS 105/1 et seq., and common law.

2.　Plaintiffs have settled their claims against Defendant Agrigenetics and Defendant Agrigenetics has been dismissed from this lawsuit.

3.　Plaintiffs move for summary judgment on the twelve violations of the AWPA, IWPCA, and IFLCCA listed below. Plaintiffs seek the Court's ruling that Defendants

Martinez and/or Martell are liable for these violations, and Plaintiffs intend to address at a later hearing or trial the issue of damages for these violations. There are no disputed issues of material fact concerning Defendants' liability for the violations listed below in ¶ 4. The undisputed facts establish as a matter of law that the Defendants violated the Plaintiffs' rights under the AWPA, IWPCA, and IFLCCA.

4. The pleadings on file with the Court and the summary judgment evidence attached to the accompanying Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment show as a matter of law that:

   a. Martinez and Martell violated 29 U.S.C. § 1823(a) by providing housing that did not comply with federal and state health and safety standards in that there was not a bed provided for each Plaintiff.

   b. Martinez and Martell violated 29 U.S.C. § 1811(a) by housing workers without being registered and authorized to engage in that activity.

   c. Martinez violated 29 U.S.C. § 1842 by utilizing Martell to house workers when he was not licensed to do so.

   d. Martinez and Martell violated 29 U.S.C. § 1823(b)(1) by housing Plaintiffs without first securing certification that the housing met minimum safety and health standards.

   e. Martinez and Martell violated 29 U.S.C. § 1823(b)(1) by failing to post a certificate of compliance with Federal and State health and safety standards.

   f. Martinez and Martell violated 29 U.S.C. § 1821(c) by failing to post a statement in the housing that stated the terms and conditions of Plaintiffs' occupancy.

g. Martinez violated 29 U.S.C. § 1821(d)(1) by failing to provide each Plaintiff with adequate pay statements in that they did not show the number of hours worked and the basis on which wages were paid.

h. Martinez and Martell violated 29 U.S.C. § 1821(a) by providing inadequate recruitment disclosures.

i. Martinez violated 29 U.S.C. § 1822(c) by failing to provide as much work as promised and by failing to comply with housing requirements.

j. Martinez violated 225 ILCS 505/8(c) by failing to comply with the agreements and arrangements they entered into with Plaintiffs in that they failed to provide the amount of work promised.

k. Martinez violated 225 ILCS 505/9(a) by failing to file a statement with the Illinois Department of Labor containing details of the employment.

l. Martinez violated 820 ILCS 115/10 by failing to notify Plaintiffs, in writing at the time they were hired, of time when their wages would be paid and of the place where payment would be made.

5. The accompanying Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment sets out more fully the grounds for this motion. In support of this motion, Plaintiffs have attached to the motion relevant discovery exhibits.

WHEREFORE, Plaintiffs pray that this Court grant this motion and enter judgment that Defendant Martinez is liable for the twelve violations listed in ¶ 4 of this motion and that Defendant Martell is liable for the six violations listed in ¶ 4 of this

motion. Plaintiffs further pray that this Court enter judgment that Defendants are liable to actual or statutory damages in amounts to be determined at a later hearing in this case.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
2201 Post Rd., Ste. 104
Austin, TX 78704
Tel. 512-447-7707
Fax. 512-447-3940
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2005, a true and correct copy of this document was mailed via US Mail cm/rrr to Defendants Martinez and Martell's attorney of record as listed below:

Julia Hernandez
Fernando Saenz
Law Offices of Fernando Saenz
521 E. Pike Blvd.
Weslaco, TX 78596

7004 2510 0003 4385 5979

Nathaniel Norton