UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, Melaquiades Rodriguez, Rogelio Sanchez, Santos Martinez as next Friend of G. M., Hugo Martinez, Jose Aguilon, and Higinio Sanchez-Ramos § § § § § § | § | Civil Action No. B-04-005 |
| Plaintiffs, | § | |
| versus | § § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, Pablo Martinez and Eugene Martell | § § § | Jury Trial Requested |
| Defendants. | § § | |

### DEFENDANT EUGENE MARTELL'S SECOND SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Plaintiffs, by and through their attorney of record, Nathaniel Norton and Rodolfo D. Sanchez, Texas Rio Grande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted,

By: /s/ Eugene Martell
Eugene Martell, Defendant
620 N. Nevada
Weslaco, TX 78596

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2005, a true and correct copy of the foregoing document was served on Plaintiffs by delivery to their attorneys of record, Nathaniel Norton and Rodolfo D. Sanchez, at Texas Rio Grande Legal Aid, Inc., 300 South Texas, Weslaco, Texas 78596.

/s/ Eugene Martell
Eugene Martell

DEFENDANT EUGENE MARTELL'S SECOND SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 1

EXHIBIT 8

# INTERROGATORIES

## INTERROGATORY NO. 2

Please state your 2002 job title(s) with Agrigenetics and Pablo Martinez and describe the duties, rate of pay, and source of pay that accompanied the job(s).

## SUPPLEMENTAL ANSWER:

I worked for Pablo Martinez and had no job title. I did paperwork and helped him with registration. Pablo Martinez paid me approximately $2000.00 for the 2002 season. This was a flat fee. I was not paid an hourly wage. However, with respect to Mr. Martell, he was an independent contractor and farm labor contractor for Agrigenetics ("Mycogen") as reflected in MYC 0023-0036 and DEF 0003-0016. He employed Plaintiffs to detassel corn and supervised their work. Later in the year, he acted as a farm labor contractor for sorting work done at the Congerville facility. However, for that work, Plaintiffs were hourly employees of Mycogen and were not employees of Mr. Martinez.

## INTERROGATORY NO. 3

Please identify each document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Agrigenetics in 2002.

## SUPPLEMENTAL ANSWER:

None. I never employed Plaintiffs. However, with respect to Mr. Martinez, he is attempting to obtain returned paychecks from his bank that Plaintiffs received and a copy of the check he used to pay the hotel bill. Otherwise, I am unaware of any existing documents that have not previously been produced by the Defendants in this litigation.

- **RECRUITMENT DOCS** - I made a list of Mr. Martinez's employees along with their social security numbers. See DEF 46-47. I did not make, keep, preserve or post any other documents related to recruitment.

- **HIRING DOCS** - I made a list of Mr. Martinez's employees along with their social security numbers. See DEF 46-47. I did not make, keep, preserve or post any documents related to hiring.

- **TERMS AND CONDITIONS OF EMPLOYMENT DOCS** - I did not make, keep,

preserve or post any documents related to the terms and conditions of employment.

- **LABOR** - I did not make, keep, preserve or post any documents related to labor.

- **EARNINGS** - I made lists of advances that employees got from Mr. Martinez. See DEF 0043, 0044, 0049, 0054, 0055, 0056. I also made a list of the dates employees worked along with the hours they worked. See DEF 0042. I did not make, keep, preserve or post any other documents related to earnings. I made production charts of each employee with the number of rows done and amount paid. See DEF 194 through 202. See also 203, 245, 242, 253.

- **DEDUCTIONS** - I made lists of advances that employees got from Mr. Martinez. See DEF 0043, 0044, 0049, 0054, 0055, 0056. I did not make, keep, preserve or post any documents related to deductions. See DEF 182, 180, 183.

- **HOUSING TERMS AND CONDITIONS** - I did not make, keep, preserve or post any documents related to housing terms and conditions. See DEF 220 and 221.

- **TRANSPORTATION** - I did not make, keep, preserve or post any documents related to transportation. But see 187 by Agrigenetics

- **RIGHTS** - I did not make, keep, preserve or post any documents related to rights.

- **TERMINATION** - I did not make, keep, preserve or post any documents related to termination.

## INTERROGATORY NO. 4

Please identify every communication you have had with Agrigenetics, its employees, agents, or attorneys, or with Pablo Martinez concerning the subject matter of this lawsuit.

## SUPPLEMENTAL ANSWER:

My conversations with Mycogen's counsel and Pablo Martinez are the same as I told Plaintiffs' counsel at their offices before this suit was commenced. It is impossible for me to identify every communication, but I've related how I worked as a farm laborer myself for many years, I helped Mr. Martinez as his assistant to keep up with paperwork. Plaintiffs met us in Iowa at a hotel and Mr. Martinez paid for their stay there. Plaintiffs arranged their own transportation to Iowa. I've explained how I kept track of time and rows and that Plaintiffs were paid either minimum wage, or more, based upon the rows that they detasseled. That is what I can remember about my conversations.

- I cannot recall, nor do I think I have had any communication with Agrigenetics' employees

**DEFENDANT EUGENE MARTELL'S SECOND SUPPLEMENTAL ANSWERS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES – Page 3**

## INTERROGATORY NO. 16

Please describe in detail the 2002 business structure of your farm labor contracting business or of any business you were associated with in 2002 that performed farm labor contracting activities. In your response please describe your relationship to each business.

## SUPPLEMENTAL ANSWER:

None. I was an employee of Mr. Martinez.

- I did not have a farm labor contracting business in 2002. I was associated with Mr. Martinez's labor contracting business. Mr. Martinez was an independent contractor. I was his employee. I acted as an assistant doing paperwork and translating for him because Mr. Martinez speaks very little English.

## INTERROGATORY NO. 17

Please describe in detail what federal and state licensing and/or certification you and Pablo Martinez had in 2002 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity each person was licensed or certified to perform and whether each person was licensed or certified for each such activity by the federal government, by the State of Illinois, or by both.

## SUPPLEMENTAL ANSWER:

I held no certificates. I understand that Mr. Martinez held a federal and Illinois certificate but do not know the specifics.

- I do not know what activities Mr. Martinez was licensed or certified to perform.

## INTERROGATORY NO. 18

Please identify each person who was recruited by you to perform corn detasseling or corn roguing in 2002.

## SUPPLEMENTAL ANSWER:

None. As to Pablo Martinez, see Def 93-105.

- In your letter to me dated December 15, 2004, you said that recruiting includes providing information related to employment. I did provide information related to employment to each Plaintiff only to the extent that I went over the paperwork with them and helped them fill out