UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, et al. | § | Civil Action No. B-04-005 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | Jury Trial Requested |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME Plaintiffs Armando Alonso et al., to file this Memorandum of law in support of the claims alleged in the above-captioned lawsuit. As explained herein, the Plaintiffs do not believe that the law governing this case is in dispute.

### I.   FACTUAL SUMMARY OF THE CASE[1]

Plaintiffs are fifteen migrant agricultural workers from Hidalgo and Cameron Counties, Texas. In the summer of 2002, Defendants Pablo Martinez and Eugene Martell ("Defendants") recruited Plaintiffs for corn detasseling work for Mycogen Seeds in Illinois. The Plaintiffs were transported by Defendant Martinez ("Martinez") from South Texas to Mount Pleasant Iowa where they were housed at the Heidelberg Motel in motel rooms provided by Defendants. Martinez transported Plaintiffs to and from the housing to corn fields in Illinois in buses rented from Mycogen. Martinez also transported workers to corn fields in several vans he rented from Mycogen, and in vehicles owned by Martinez and/or Martinez' supervisory workers. Martinez

---

[1] This is an abbreviated summary of the facts that the Plaintiffs believe will be established at trial.

supervised Plaintiffs in the fields, and most, if not all of the work performed by the Plaintiffs took place in Illinois. Martinez employed Defendant Martell ("Martell") to assist him in recruiting, housing, and occasionally transporting workers, and to handle Martinez's payroll. Mr. Martell also reviewed the terms and conditions of employment being offered to migrant farm workers and he helped these workers fill out different types of employment paperwork.

Detasseling is unskilled, manual work that involves walking up and down rows of corn plucking tassels from the corn plant so that, instead of it fertilizing itself, the plant is fertilized by a plant of another variety, thus creating a hybrid. Mr. Martinez and Mr. Martell recruited about 60 farm workers, and the plaintiff farm workers allege that when they were recruited by Mr. Martinez and Mr. Martell to do this work, both Mr. Martinez and Mr. Martell violated the recruitment provisions of a federal law that protects migrant and seasonal agricultural workers. This law is called the Agricultural Worker Protection Act. For example, among other things, the farm workers claim that Mr. Martinez and Mr. Martell violated the AWPA because they failed to properly disclose in writing the amount of work that the workers could expect to receive, how much they were going to be paid, and the terms and conditions of the farm worker housing that was going to be provided. The workers also claim that Mr. Martinez and Mr. Martell violated the AWPA because Mr. Martell engaged in farm labor contracting activities without being properly registered with the United States Department of Labor as a either a farm labor contractor or as a farm labor contractor employee. The farm workers also claim that Mr. Martinez and Mr. Martell violated a similar Illinois law called the Illinois Farm Labor Contractor Registration Act (IFLCA).

The farm workers claim that this housing situation violated various AWPA health and safety of housing provisions. For example, neither Mr. Martinez nor Mr. Martell were authorized

by the USDOL to provide migrant farm worker housing, and the housing itself was not inspected or certified by the USDOL as migrant farm worker housing. In addition, the housing was overcrowded and it was not suitable for migrant farm worker housing because of the following: the workers either had to share a bed with unrelated male co-workers or sleep on the floor; and a minimum of four workers were assigned to each room, and some rooms, including one of rooms occupied by some of the plaintiff farm workers, had as many as six occupants. Also, the housing did not have adequate cooking facilities;

The farm workers claim that Mr. Martinez and Mr. Martell failed to properly pay them for the work that they performed. In this regard, during the corn detasseling season, the farm workers were advanced money for the work they did, but based on the pay stubs provided to the workers, the monies that they were advanced was not based on the hours worked by each worker nor was it based on a per acre detasseled piece-rate amount. Also, instead of being paid while still in Illinois at the end of the detasseling season, the workers did not receive their last paycheck until sometime well after the detasseling crew had returned to South Texas. The farm workers allege that the failure to pay them their wages in a timely fashion and the failure to properly record the number of hours and/or acres of corn detasseled by each worker and wages due each worker violated the wage payment and record provisions of the AWPA, wage payment provisions of the federal minimum wage law (the Fair Labor Standards Act "FLSA"), and wage payment provisions of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq.

In this action, Plaintiffs seek monetary, declaratory and injunctive relief to vindicate rights guaranteed them by the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Illinois Wage

Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225 ILCS 505/1 et seq., the Illinois Field Sanitation Act ("IFSA"), 210 ILCS 105/1 et seq., and the common law of breach of contract and negligent misrepresentation.

## II.   ARGUMENT

Defendants have not specifically contested any proposition of law cited in the Joint Pretrial Order, and the only legal assertion that the Defendants appear to argue, is an unsupported claim made by the Defendants in the Joint Pretrial Order that the Plaintiffs have waived their rights to pursue violations of Illinois state law. *See,* Joint Pretrial Order, IX. Contested Propositions of Law. Plaintiffs do not believe that this is a viable contention. Plaintiffs filed a motion for partial summary judgment on May 25, 2005 wherein the Plaintiffs addressed the Defendants' liability for many of the violations alleged in this lawsuit, including several violations of Illinois state law. Defendants did not file a response to this motion. To date, a ruling has not been issued on Plaintiffs' Motion for Partial Summary Judgment. Rather than repeat the arguments made in Plaintiffs' motion for partial summary judgment, the Plaintiffs incorporate by reference the authority cited in their motion for partial summary judgment to support the proposition that the Plaintiffs can seek redress for violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225 ILCS 505/1 et seq., and the Illinois Field Sanitation Act ("IFSA"), 210 ILCS 105/1 et seq.

## III.   CONCLUSION

For the reasons stated above, to determine the Defendants' liability for the claims alleged in this lawsuit, the Court should apply the legal principles stated in Plaintiffs' Motion for Summary Judgment and the Agreed Propositions of Law listed in the Joint Pretrial Order.[2]

Respectfully submitted,

_____
Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
2201 Post Rd., Ste. 104
Austin, TX 78704
Tel. 512-447-7707
Fax. 512-447-3940
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2005, a true and correct copy of this document was mailed via US Mail to Defendants Martinez and Martell's attorney of record as listed below:

---

[2] Plaintiffs intend to file a post-trial brief explaining how the evidence presented at trial establishes the Defendants' liability for the harms alleged in this lawsuit and delineating which violations and injuries were suffered by which plaintiffs

Julia Hernandez
Fernando Saenz
Law Offices of Fernando Saenz
521 E. Pike Blvd.
Weslaco, TX 78596

_____
Nathaniel Norton