UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Armando Alonso, et al. | § | Civil Action No. B-04-005 |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| *versus* | § | Jury Trial Requested |
| | § | |
| Agrigenetics, Inc. d/b/a Mycogen Seeds, | § | |
| Pablo Martinez and Eugene Martell | § | |
| | § | |
| **Defendants.** | § | |

## JOINT PROPOSED JURY INSTRUCTIONS

These instructions were prepared assuming that the parties agree to no stipulations. They were also prepared on the assumption that the Court will deny Plaintiffs' Motion for Partial Summary Judgment in its entirety.

**Instruction No. 1: No Requirement That All Plaintiffs Testify**

Source: <u>Donovan v. The New Floridian Hotel, Inc.</u>, 676 F. 2d 468, 471-72 (11th Cir. 1982); <u>Clarke v. Gardenhour Orchards, Inc.</u>, 108 Lab. Cases paragraph 35,070, at 45,648-9 (D.Md. 1987); <u>Alzalde v. Ocanas</u>, 580 F. Supp. 1394, 1396 (D. Colo. 1984).

There is no requirement that all of the Plaintiffs appear and testify at the trial. A Plaintiff can prove his claim by a by a preponderance of the evidence, even if that Plaintiff does not appear and testify at trial. One Plaintiff can testify about facts that relate to his co-workers, if he has personal knowledge of those facts. If you find that a Plaintiff has proven his claim by a preponderance of the evidence, you should issue a verdict in favor of that Plaintiff, even if he did not appear and testify at trial.

**Instruction No. 2: Multiple Theories of Recovery**

Source: Fifth Circuit Pattern Jury Instructions.

Plaintiffs have brought claims against Pablo Martinez and Eugene Martell under several different legal theories, some of which may have a different legal measure of damages to be applied to a factually similar claim. Therefore, if you answer questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

**Instruction No. 3: Joint Employment**

Source:  29 C.F.R. 500.20(h); Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 237-238 (5th Cir.), cert. denied 414 U.S. 819 (1973); Reich v. Circle C Invs., 998 F.2d 324, 329 (5th Cir. 1993); Gonzalez v. Puente, 705 F. Supp. 331, 333 (W.D. Tex. 1988); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983); Donova v. Grim Hotel Corp., 747 F.2d 966, 971-972 (5th Cir. 1984); Donovan v. Sabine Irrigation Co., 695 F.2d 190, 194 (5th Cir. 1983).

In considering the Agricultural Worker Protection Act (hereinafter "AWPA") and the Fair Labor Standards Act (hereinafter "FLSA"), you should be aware that it is possible for a worker to be the employee of more than one employer at a time.  This is called joint employment.  A worker, performing one job, may work for several individuals and/or businesses at the same time.

**Instruction No. 4: General AWPA**

Source: H.R. Rep. No. 97-885, 97th Cong, 2d Sess. reprinted in 1982 U.S.C.C.A.N. 4547; 29 U.S.C. §§ 1801 et seq.; Soliz v. Plunkett, 615 F.2d 272, 275 (5th Cir. 1980).

The Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") was enacted by Congress with the goal of reducing the abuse and exploitation of migrant farm workers. The AWPA is a remedial (intended to correct or improve) statute that should be construed broadly. Broad construction is in line with the AWPA's humanitarian purpose "to protect all those hired by middlemen to toile in our nation's fields, vineyards and orchards." The AWPA provides protection to migrant farm workers by, among other things, prohibiting farm labor contractors from providing false and misleading information about the terms and conditions of employment, from providing substandard housing to workers, and from violating the terms of any working arrangement. Congress specifically provided farm workers with the right to bring private lawsuits to enforce the AWPA and to recover any damages cause by violations of the law.

The AWPA places certain obligations on farm labor contractors with regard to their relations with agricultural workers.

The Plaintiffs allege that Pablo Martinez has intentionally violated the AWPA by engaging in farm labor contracting activities for which he was not authorized, by failing to disclose in writing the terms and conditions of employment at the time the Plaintiffs were recruited, by knowingly providing them with false and misleading information, by violating the terms of their working agreement, by failing to ensure that the housing provided the Plaintiffs complied with applicable health and safety standards, by failing to post certifications regarding the health and safety of the housing, by failing to post or

provide workers with statements regarding the terms and conditions of the housing, by failing to ensure that workers were transported in properly insured and inspected vehicles driven by properly licensed drivers, by failing to provide each worker with a proper pay statement, and by failing to pay all wages owed when due, and by failing to ensure that Eugene Martell and Roberto Renderos were properly registered to engage in the farm labor contracting activities they performed.

"Intentional" means that the defendant consciously committed the act which violated AWPA; in other words, that the act was not accidental or involuntary.  Under the AWPA, the defendants are responsible for the natural consequences of their actions and their failure to act.  For a violation to be intentional, it is not necessary to show that the defendant intended to violate the law, or even that the defendant knew the law existed.  Ignorance of the law or its requirements does not prevent an act from being intentional.

**Instruction No. 5: AWPA Written Disclosures**

Source: 29 U.S.C. § 1821(a); <u>Contreras v. Mt. Adams Orchards Corp.</u>, 744 F. Supp. 1007 (E.D. Wash. July 19, 1990); <u>Rodriguez v. Jackson</u>, 110 Lab. Cas. (CCH) ¶ 35,137 (D. Ariz. Nov. 9, 1987); <u>Escobar v. Baker</u>, 814 F. Supp. 1491, 1503 (W.D. Wash. 1993).

AWPA requires that each farm labor contractor who recruits any migrant agricultural workers must, at the time of the worker's recruitment, learn about and disclose in writing to each such worker who is recruited for employment the following information:

    (1)    the place of employment;

    (2)    the wage rates to be paid;

    (3)    the crops and kinds of activities on which the worker may be employed;

    (4)    the period of employment;

    (5)    the transportation, housing and any other employee benefit to be provided, if any, and the costs to be charged for each of them;

    (6)    the existence of any strike or other concerted work stoppage, slowdown, or interruption of operations by employees at the place of employment; and

    (7)    the existence of any arrangements with any owner or agent of any establishment in the area of employment under which the agricultural employer is to receive a commission or any other benefit resulting from any sales by such establishment to the workers.

The Plaintiffs allege that neither Pablo Martinez nor Eugene Martell provided any of these written disclosures to the Plaintiffs at the time the Plaintiffs were recruited. If

you find that, at the specific time when the Plaintiffs were recruited, the Defendants

failed to provide these written disclosures that contained all of the information listed

above, then you should find that the Defendants violated this section of the AWPA.

**Instruction No. 6: AWPA False or Misleading Information**

Source: 29 U.S.C. §§ 1821(f) and 1854; Calderon v. Witvoet, 999 F.2d 1101, 1109 (7th Cir. 1993); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 388 (5th Cir.), cert. denied, 493 U.S. 821 (1989) Santida v. Tyre, 783 F.Supp. 1368, 1377 (S.D. Fla. 1992); Colon v. Casco, Inc., 716 F.Supp. 688 (D.Mass. 1989); Guerrero v. Garza, 464 F.Supp. 509, 510 (W.D. Wis. 1978).

AWPA prohibits agricultural employers from knowingly providing false or misleading information to migrant agricultural workers concerning the terms, conditions, or existence of agricultural employment. Plaintiffs allege that Defendant violated this provision of AWPA.

In order to prove that Defendant violated AWPA by providing false and misleading information, Plaintiffs must establish that Defendant intentionally provided false information to Plaintiffs concerning the terms, conditions, or existence of agricultural employment either directly or through an employee or agent. The Plaintiffs allege that neither Pablo Martinez nor Eugene Martell provided any of these written disclosures to the Plaintiffs at the time the Plaintiffs were recruited. If you find that, at the specific time when the Plaintiffs were recruited, the Defendants failed to provide these written disclosures that contained all of the information listed above, then you should find that the Defendants violated this section of the AWPA.

Plaintiffs also contend that in Iowa they were given false or misleading information about how much they would be paid to detassel specific rows of corn. They contend, for instance, that Pablo Martinez would tell them that he would pay them a certain amount of money to detassel a certain row, but that when Plaintiffs were paid, they were paid a lesser amount for that row. If you find that Pablo Martinez, either

directly or through his agents or employees, told Plaintiffs they would be paid one

amount when he knew that they would be paid another amount, then you should find that

he violated this section of the AWPA.

**Instruction No. 7: AWPA Violation of Working Agreement**

Source: 29 U.S.C. § 1822(c); 29 C.F.R. §500.72(a); <u>Aviles v. Kunkle</u>, 765 F. Supp. 358, 366 (S.D. Tex. 1991), <u>rev'd on other grounds</u>, 978 F.2d 201 (5th Cir. 1992); <u>Colon v. Casco, Inc.</u>, 716 F. Supp. 688, 694 (D. Mass. 1989); <u>Elizondo v. Podgorniak</u>, 100 F. Supp. 2d 459, 463 (E.D. Mich. 2000).

The Plaintiffs allege that the Pablo Martinez violated their rights under AWPA by violating, without justification, the terms of the working arrangement that they made with Plaintiffs. The AWPA requires that farm labor contractors not violate, without justification, the terms of any working arrangement they make with any migrant agricultural worker.

The working arrangement is the understanding of the parties, given their mutual knowledge and conduct, as to the expected terms and conditions of employment. The working arrangement also includes heath and safety standards required by law. A working arrangement does not need to be written to be enforceable.

In order to prove their claim, Plaintiffs must establish the following:

(1)    The terms of the working arrangement included any one or any or all of the following:

    (a)    Pablo Martinez would provide suitable housing free of charge;

    (b)    Plaintiffs would be paid for time spent traveling from the housing to the fields;

    (c)    Plaintiffs would work from July 5th to August 10th, 2002;

    (d)    Plaintiffs would be paid $70 for each acre they detasseled;

    (e)    Plaintiffs would earn at least $6.50 per hour they worked;

    (f)    Plaintiffs would earn a certain amount for certain rows detasseled;

(g)    Plaintiffs would work an amount certain, or earn an amount certain, during the course of the detasseling season; and

(h)    Defendants agreed to provide comply with all farmworker health and safety standards, such as field sanitation standards and state and federal health and safety of farmworker standards.

(2)    Pablo Martinez, either directly or through his employees or agents, intentionally violated any term of the working arrangement; and

(3)    any such violation was not justified. Justification for violating a term of the working arrangement is limited to: (a) acts of God; (b) conditions beyond the control of Pablo Martinez; or (c) conditions that Pablo Martinez could not reasonably foresee.

If you find that the Plaintiffs have established that Defendant Pablo Martinez has violated this section of the AWPA, then you must determine the amount of each Plaintiff's actual damages.

Actual damages are sometimes called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole – that is, to fully compensate the Plaintiffs for the damage they have suffered.

The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. You should consider the amount that will fairly compensate the Plaintiffs for any lost earnings and benefits they suffered because of the Defendant's violation of this provision of the AWPA. The law does not require that

Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**Instruction No. 8: AWPA Provision of Substandard Housing**

Source: 29 U.S.C. §§ 1823(a); 20 CFR § 654.404 et seq.

The AWPA prohibits any person who owns or controls housing that is used as housing for migrant agricultural workers to house these workers without first ensuring that the housing complies with applicable health and safety standards. The Plaintiffs allege that Defendants Pablo Martinez and Eugene Martell owned or controlled housing provided to the Plaintiffs that did not meet substantive federal and state health and safety standards.

A person "owns" migrant housing if that person has either a legal or an equitable interest in the housing. A person "controls" migrant housing if he or she is in charge of or has the power or authority to oversee, manage, superintend or administer the housing facility.

Applicable health and safety standards for migrant housing require the following:

(1) The housing must be of adequate size as to prevent overcrowding.

(2) Each room used for a combination of cooking, eating, and sleeping purposes must contain at least 60 square feet of floor space for each occupant.

(3) Sleeping facilities must be provided for each person. Such facilities must consist of comfortable beds, cots, or bunks, provided with clean mattresses.

(4) Beds used for double occupancy may be provided only in family accommodations.

(5) When workers are permitted or required to cook in their individual housing, a space must be provided and equipped for cooking and eating. This space must

be equipped a cookstove or hot plate with a minimum of two burners,

adequate food storage shelves and a counter for food preparation, provisions

for mechanical refrigeration of food at a temperature of not more than 45

degrees Fahrenheit, a table and chairs or equivalent seating and eating

arrangements, all commensurate with the capacity of the housing, and

adequate lighting and ventilation.

If you find that Pablo Martinez and/or Eugene Martell owned or controlled the

housing provided to Plaintiffs and that the housing violated one or more of the

requirements stated above, you should find that Pablo Martinez and/or Eugene Martell

failed to ensure that the housing complied with applicable standards and thereby violated

this section of the AWPA.

**<u>Instruction No. 9: AWPA Certification of Housing Health and Safety</u>**

Source: 29 U.S.C. § 1823(b)(1).

The AWPA requires that any person who own or control housing that is used as housing for migrant agricultural workers (a) secure certification from either a state or local health authority or other appropriate agency stating that the housing meets applicable safety and health standards and (b) post such certification in the housing. Migrant housing may not be occupied if such a certificate is not posted at the housing.

A person "owns" migrant housing if that person has either a legal or an equitable interest in the housing. A person "controls" migrant housing if he or she is in charge of or has the power or authority to oversee, manage, superintend or administer the housing facility.

The Plaintiffs allege that Pablo Martinez and/or Eugene Martell owned or controlled housing provided to the Plaintiffs and failed to obtain and/or post the required certificate. If you find that Pablo Martinez and/or Eugene Martell owned or controlled the housing occupied by the Plaintiffs and failed to obtain and/or post the required certification, you should find that the Defendant(s) violated this section of the AWPA.

**Instruction No. 10: AWPA Posting of Terms and Conditions of Housing**

Source: 29 U.S.C. § 1821(c).

The AWPA requires that farm labor contractors who provide housing to migrant agricultural workers post in a conspicuous place at the housing, or present to each occupant, a statement of the terms and conditions of occupancy of the housing.

To provide housing within the meaning of the AWPA, means to make housing available, procure housing, or furnish housing.

The Plaintiffs allege that Defendants Pablo Martinez and Eugene Martell have violated this provision of the AWPA.

If you find that Pablo Martinez and/or Eugene Martell, acting as farm labor contractors, failed to make the required postings concerning occupancy in a conspicuous place in the housing and failed to present such a statement to each occupant, then you should find that Pablo Martinez and/or Eugene Martell violated this section of AWPA.

**Instruction No. 11: AWPA Housing Without Authorization**

Source: 29 U.S.C. § 1811(a); 29 C.F.R. § 500.48(f); Howard v. Malcolm, 852 F.2d 101, 105-106 (4th Cir. 1988).

The AWPA provides that no person shall perform farm labor contracting activities, including housing any migrant agricultural worker, unless the person has a certificate of registration from the U.S. Department of Labor specifying which of the farm labor contracting activities the person is authorized to perform. To obtain certification to house, farm labor contractors must submit a statement describing the housing, including the location, owner, and compliance with health and safety standards.

The Plaintiffs allege that Defendants Pablo Martinez and Eugene Martell housed the Plaintiffs without being in possession of farm labor contractor certification from the U.S. Department of Labor authorizing them to house migrant agricultural workers.

A person "owns" migrant housing if that person has either a legal or an equitable interest in the housing. A person "controls" migrant housing if he or she is in charge of or has the power or authority to oversee, manage, superintend or administer the housing facility.

If you find that Pablo Martinez and/or Eugene Martell, acting as farm labor contractors, owned or controlled the housing of the Plaintiffs and did not have a certificate of registration from the U.S. Department of Labor with housing authorization, then you should find that the Defendants violated this section of the AWPA.

**Instruction No. 12: AWPA Provision of Transportation**

Source: 29 U.S.C. § 1841(b)(1); 29 C.F.R. §§ 500.70(c), 500.100(a); <u>Deck v. Peter Romein's Sons, Inc.</u>, 109 F.3d 383, 391 (7th Cir. 1997); <u>Alviso-Medrano v. Harloff</u>, 868 F.Supp. 1367, 1374 (S.D. Fla. 1994).

The AWPA provides that a farm labor contractor who uses or causes to be used any vehicle for providing transportation to migrant agricultural workers shall (a) ensure that such vehicle conforms to the standards prescribed by the Secretary, (b) ensure that each driver has a valid and appropriate license, and (c) have an insurance policy or liability bond that is in effect which insures the farm labor contractor against liability. A farm labor contractor causes transportation to be used if the employer directs, arranges, organizes, or procures transportation for its workers.

The standards for the transportation provided by Defendants require that at a seat be provided to each worker transported and that each worker transported have at least eighteen inches of seating room on a seat sixteen to nineteen inches off the floor.

Plaintiffs allege that Pablo Martinez has violated this provision of AWPA by transporting Plaintiffs and not providing a seat for each Plaintiff, by not providing at least eighteen inches of seating off the floor for each worker, and by not ensuring that the driver was appropriately licensed to transport the Plaintiffs.

If you find that Pablo Martinez, acting as a farm labor contractor, provided transportation to the Plaintiffs that did not comply with any or all of the requirements listed above, then you should find that he violated this section of the AWPA.

**Instruction No. 13: AWPA Required Pay Statements**

Source: 18 U.S.C. § 1821(d)(2).

Any farm labor contractor who employs any migrant agricultural worker must provide to each worker for each pay period an itemized written statement including information regarding (a) the basis on which the wages are paid, (b) the number of piecework units earned, if paid on a piecework basis, (c) the number of hours worked, (d) the total pay period earnings, (e) the specific sums withheld and the purpose of each sum withheld, and (f) the net pay.

Plaintiffs allege that Pablo Martinez violated this provision.

If you find that Pablo Martinez failed to provide pay statements that included all of the information listed above each time Plaintiffs were paid, then you should find that he violated this section of the AWPA.

**Instruction No. 14: AWPA Wages Paid When Due**

Source: 29 U.S.C. § 1822(a); 29 C.F.R. § 500.81; <u>Villalobos v. N.C. Growers Ass'n, Inc.</u> <u>II</u>, 252 F. Supp. 2d 1, 37 (D.P.R. 2002).

AWPA requires any farm labor contractor who employs migrant agricultural workers to pay wages owed to such worker when due.

Wages that are owed to a worker include the full amount of what that worker earned in the pay period. Failure to pay wages that are due to a worker under any law (the Fair Labor Standards Act, the AWPA, Illinois state law) violates this provision of the AWPA. Wages are due to a worker on the regularly scheduled payday or every two weeks, whichever is sooner.

Plaintiffs allege that Defendant violated this AWPA provision by not paying Plaintiffs the full amounts they were promised for each row of corn detasseled and by not paying Plaintiffs on time.

If you find that Pablo Martinez failed to pay Plaintiffs any wages owed to them when these wages were due, you should find that he violated this provision of the AWPA.

**Instruction No. 15: AWPA Contractor's Use of Unregistered Employees**

Source: 29 U.S.C. § 1811(b).

The AWPA prohibits a farm labor contractor from hiring, employing, or using an individual to perform farm labor contracting activities (recruiting, soliciting, hiring, employing, furnishing, transporting, driving, or housing agricultural workers) unless the individual has a certificate of registration from the U.S. Department of Labor that authorizes the activity for which the farm labor contractor hires, employs, or uses the individual.

Plaintiffs claim that Pablo Martinez violated this provision of AWPA by hiring, employing and/or using Eugene Martell to recruit, solicit, and/or house Plaintiffs and by hiring, employing and/or using Roberto Renderos to drive Plaintiffs, because neither Eugene Martell nor Roberto Renderos had a certificate of registration from the U.S. Department of Labor which authorized them to perform these activities.

If you find that Pablo Martinez hired, employed or used Eugene Martell to recruit, solicit, or house Plaintiffs and that Eugene Martell was not certified to perform that activity by the U.S. Department of Labor then you should find that Pablo Martinez violated this section of the AWPA.

If you find that Pablo Martinez hired, employed or used Roberto Renderos to drive Plaintiffs and that Roberto Renderos was not certified to perform that activity by the U.S. Department of Labor then you should find that Pablo Martinez violated this section of the AWPA.

**Instruction No. 16: AWPA Failure to Make All Required Disclosures in Spanish**

Source: 29 U.S.C. § 1821(g)

The AWPA requires farm labor contractors to provide the following disclosure statements to their employees:

     (1)     a statement listing the work arrangement, provided at the time of recruitment;

     (2)     a statement of the Plaintiffs' rights under the AWPA, posted at the worksite; and

     (3)     a statement setting forth the terms and conditions of the occupancy of the housing, posted in a conspicuous place at the house or provided directly to the occupants.

All of these disclosures must be written in English and in another language common to migrant agricultural workers who are not fluent or literate in English if necessary and reasonable.

Plaintiffs allege that Pablo Martinez did not provide any of these necessary disclosure statements to Plaintiffs in Spanish, even though Plaintiffs speak Spanish, most are not fluent in English, and providing the disclosures in Spanish would be reasonable because Pablo Martinez speaks Spanish.

If you find that Pablo Martinez failed to provide any of the required disclosure statements to the Plaintiffs, or Pablo Martinez failed to provide them in Spanish, you should find that Pablo Martinez violated this section of the AWPA.

**Instruction No. 17: AWPA Actual Damages**

Source: 29 U.S.C. § 1854(c)(1); <u>Calderon v. Witvoet</u>, 999 F.2d 1101, 1109 (7th Cir. 1993); <u>Calderon v. Presidio Valley Farmers Ass'n</u>, 863 F.2d 384, 388 (5th Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 821 (1989) <u>Santida v. Tyre</u>, 783 F.Supp. 1368, 1377 (S.D. Fla. 1992); <u>Colon v. Casco, Inc.</u>, 716 F.Supp. 688 (D.Mass. 1989); <u>Guerrero v. Garza</u>, 464 F.Supp. 509, 510 (W.D. Wis. 1978). Mental anguish: <u>Birchfield v. Texarkana Mem. Hospital</u>, 747 S.W. 2d 361, 368 (Tex. 1987); <u>LaCoure v. LaCoure</u>, 820 S.W. 2d 228, 234 (Tex.App. - El Paso 1991, writ denied); <u>Auto Ins. Co. of Hartford v. Davila</u>, 805 S.W. 2d 897, 907 (Tex.App. - Corpus Christi 1991, writ denied).

If Plaintiffs have proved that Defendants violated Plaintiffs' rights under AWPA in any of the ways they claim, they are entitled to recover any actual damages they suffered as a result of the AWPA violations you found.

Actual damages are sometimes called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole - that is, to compensate the Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to monetary losses that the Plaintiffs may have suffered. If the Plaintiffs prove a claim under the AWPA, they are also entitled to compensatory damages for mental anguish. Mental anguish consists of the emotional response of the Plaintiffs caused by the wrongful conduct, and may include humiliation, anger, embarrassment, discomfort, fear, or anxiety. You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by the defendant's violations of AWPA.

You are instructed that an act or omission is a proximate cause of the plaintiff's damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the damage, and that the damage was either a direct result or a reasonably foreseeable consequence of the act or omission. There may be more than one proximate cause of an event.

The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. If you decide to award compensatory damages for violations of Plaintiffs' rights under AWPA, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: (1) Monetary damages - the amount which will fairly compensate Plaintiffs for any lost earnings and benefits they suffered because of Defendants' AWPA violations, and (2) Mental anguish - the amount that will fairly compensate Plaintiffs for any mental anguish they suffered in the past because of Defendants' AWPA violations.

**Instruction No. 18: AWPA Statutory Damages**

Source: 29 U.S.C. § 1854(c)(1); <u>Calderon v. Witvoet</u>, 999 F.2d 1101, 1109 (7th Cir. 1993); <u>Beliz v. McLeod</u>, 765 F.2d 1317, 1332 (5th Cir. 1985); <u>Castillo v. Case Farms</u>, 96 F. Supp. 2d. 578, 631 (W.D. Tex. 1999); <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986).

Statutory damages are damages the right to which are created by a statute. The AWPA allows for statutory damages of up to $500.00 per violation. Each Plaintiff may recover up to $500 for each violation of his or her rights. The purpose of statutory damages under AWPA are (1) to compensate each Plaintiff for the violation of his or rights; and (2) to promote enforcement of AWPA and thereby deter and correct the exploitive practices that have historically plagued the migrant farm labor market.

In determining the amount of statutory damages to award for any violations of the AWPA, you may consider that it ought not be cheaper to violate AWPA and be sued than to comply with the statutory requirements in the first instance.

**Instruction No. 19: Fair Labor Standards Act**

Source: Fifth Circuit Pattern Jury Instructions (1998); 29 U.S.C. §§ 201 et seq.; Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1368 (5th Cir. 1973); Osias v. Marc, 700 F.Supp. 842, 845 (D.Md. 1988).

The Fair Labor Standards Act ("FLSA") is a federal law that provides for the payment of minimum wages and time-and-a-half overtime pay. Congress enacted the FLSA in order to correct conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well being of workers. Plaintiffs claim that Pablo Martinez did not pay them the legally required minimum wage.

Plaintiffs must prove the following by a preponderance of the evidence:

(1) That the Pablo Martinez employed the Plaintiffs;

(2) That the Defendant's business was engaged in commerce or the production of goods for commerce; and

(3) That the Defendant failed to pay the Plaintiffs the minimum wage required by law.

The minimum wage during 2002 was $5.15 per hour.

If you find that the Plaintiffs have proved by a preponderance of the evidence all of the elements of this claim, then your verdict must be for the Plaintiffs and you must determine the amount of damages that the Plaintiffs are entitled to recover.

The measure of actual damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer

actually paid.  Under the law, Plaintiffs are also entitled to liquidated damages.  The amount of liquidated damages is equal to the amount of actual damages.

**Instruction No. 20: Illinois Wage Payment and Collection Act (IWPCA)**

Source: 820 ILCS 115/1 et seq.

The IWPCA is a law that requires employers in Illinois to pay their employees in the following manner:

(1) Pay Periods: Employers must pay employees, at least semi-monthly, the wages earned during that semi-monthly period. Employers may have pay periods of shorter duration such as weekly or daily pay periods.

(2) Time for Payment: (a) Employers who have a semi-monthly or bi-weekly pay period must pay employees all wages earned during the pay period no later than thirteen days after the end of the pay period in which the wages were earned. (b) Employers who have a weekly pay period must pay employees all wages earned during the pay period no later than seven days after the end of the pay period in which the wages were earned.

(3) Final Compensation: Employers must pay final compensation to separated employees (when the job ends or the employee quits or is fired) in full at the time of separation if possible. If it is not possible for payment to be made at that time then payment must be made no later than what would have been the next regularly scheduled payday for the employee.

The law also requires employers to notify employees, at the time they are hired, of the rate of pay and the time and place for payment. If it is possible for the employer to do so, this notification must be in writing and must be signed by the employer and the employee.

The Plaintiffs allege that Pablo Martinez violated the IWPCA by (a) not paying Plaintiffs all the wages they earned, (b) not paying Plaintiffs in a timely manner, and (c) not providing the notification of the rate of pay and the time and place for payment as required.

If you find that Pablo Martinez failed to do any one or more of these things, you should find that the violated the IWPCA and award the Plaintiffs the amount of wages that Pablo Martinez failed to pay Plaintiffs.

**Instruction No. 21: Illinois Farm Labor Contractor Certification Act (IFLCCA):**

**Definition of "Farm Labor Contractor"**

Source: 225 ILCS 505/2.

Under the IFLCCA, a person can be a "farm labor contractor," by meeting either of the following two definitions:

(1) any person who for a fee or other valuable consideration recruits, supplies or hires, or transports in connection therewith, into or within Illinois, any farmworker not of such contractor's immediate family to work for, or under the direction, supervision or control of, a third person;

or,

(2) any person who for a fee or other valuable consideration recruits, supplies or hires, or transports in connection therewith, into or within Illinois, any farmworker not of such contractor's immediate family, and who for a fee or other valuable consideration directs, supervises or controls all or any part pf the work of such farmworkers or who disburses wages to such farmworkers.

Plaintiffs allege that Pablo Martinez and Eugene Martell are "farm labor contractors" within the meaning of the IFLCCA.

If you find that one or both of the Defendants is a farm labor contractor under one or both of the definitions above, you must determine whether Pablo Martinez and/or Eugene Martell have violated any of the following provisions of the IFLCCA.

**Instruction No. 22: General IFLCCA**

Source: 225 ILCS 505/1, et seq.

The IFLCCA is a law that requires any farm labor contractor:

(1)    have a certificate of registration from the Illinois Department of Labor in his immediate possession whenever he acts as farm labor contractor;

(2)    show the certificate of registration to any person with whom he intends to deal as a farm labor contractor prior to so dealing;

(3)    file with the Illinois Department of Labor, before recruiting farmworkers, a statement containing all of the following information: (a) location of employment, (b) crops and operations involved, (c) transportation, housing and insurance provided to farmworkers, (d) rates of compensation or wages, and (e) period of employment.

(4)    disclose in writing in Spanish to each farmworker at the time of their recruitment, the same information listed in paragraph (3), above;

(5)    pay promptly when due, all money entrusted to him by a third party for the benefit of farmworkers;

(6)    comply with the terms and provisions of agreements he enters into with farmworkers when he is dealing as a farm labor contractor;

(7)    display prominently at every work site and on all vehicles used by the contractor to transport farmworkers, a written statement in English and Spanish showing the rate of compensation the farm labor contractor is

receiving and the rate of compensation the contractor is paying the farmworkers;

(8)    keep records showing each farmworker's total earnings in each payroll period, all withholdings from wages, and net earnings;

(9)    keep records showing, for each farmworker, the units of time employed and the rate per unit of time for farmworkers employed on a time basis (e.g., hourly);

(10)    keep records showing, for each farmworker, the number of units of work performed and the rate per unit for farmworkers employed on a piece rate basis (e.g., by the acre or by the row); and

(11)    furnish to each farmworker, semi-monthly or at the time of each payment of wages, an itemized statement in writing detailing each and every deduction made from the farmworker's wages.

Plaintiffs allege that Pablo Martinez and Eugene Martell violated the IFLCCA.

If you find that Pablo Martinez and/or Eugene Martell failed to meet any one or more of the requirements listed above, you should find that he/they violated the IFLCCA. The IFLCCA provides that each Plaintiff should be awarded the greater of their actual damages or $500.00 in statutory damages per violation by each Defendant.

**Instruction No. 23: Illinois Field Sanitation Act (IFSA)**

Source: 210 ILCS 105/1, et seq.

The IFSA is a law that requires "farm operators" to provide to provide certain facilities in the fields to agricultural workers.

Under the IFSA, a "farm operator" includes any person, or any agent acting on behalf of such a person, who is the employer of agricultural workers.

Under the IFSA, an "agricultural worker" or "worker" includes any individual who is required to be away from their permanent place of residence overnight, who is engaged in employment involving the harvesting, planting or cultivating of food or nursery products by manual labor.

The IFSA requires farm operators, when ten or more workers are employed, to:

(1)     Provide toilet facilities that are maintained in a clean and sanitary condition and that are stocked with toilet paper;

(2)     Provide handwashing facilities that include drinkable water, soap, and disposable towels or equivalent drying means;

(3)     Provide drinking water facilities that provide water in covered containers with either drinking fountain attachments or with individual sanitary drinking cups provided;

(4)     Provide at least one toilet and handwashing facility be provided for every thirty-five workers, or fraction thereof.

(5)     Provide drinking water in sufficient quantity for all workers for their entire work days.

(6)     Locate toilets, handwashing facilities, and drinking water so that at least

one of each is within ¼ mile of every worker at all times.

Plaintiffs allege that they are workers under the act and that Pablo Martinez is a

farm operator under the act.  Plaintiffs also allege that Pablo Martinez violated the act by

failing to provide facilities in sufficient number, in the required condition, and in

adequate proximity to Plaintiffs in the fields.

If you find that Pablo Martinez failed to do one or more of the six things listed

above, you should find that he violated the IFSA.

**Instruction No. 24: Breach of Contract**

Source: <u>Hussong v. Schwan's Sales Enterprises</u>, 896 S.W.2d 320, 326 (Tex.App. – Houston [1st Dist.] 1995, n.w.h.).

Plaintiffs also claim that they entered into a contract with Pablo Martinez and that Pablo Martinez materially breached the contract. Plaintiffs allege that they each met with Pablo Martinez or his agents and employees and entered into an oral agreement to work for Pablo Martinez under specific terms and conditions. Plaintiffs claim that Pablo Martinez breached the employment contract by failing to comply with the agreed terms.

To establish their claim, Plaintiffs must prove:

(1)  they entered into a contract with Pablo Martinez or his agents;

(2)  what the material terms of the contract were; and

(3)  that Pablo Martinez breached the contract.

If Plaintiffs establish that Pablo Martinez breached a contract with Plaintiffs by failing to comply with its material terms, then Pablo Martinez will be liable for any damages Plaintiffs prove were caused by the breach.

Plaintiffs allege that Pablo Martinez breached his contracts with Plaintiffs by providing them with work on less favorable terms than what was agreed upon, by providing less work than was agreed upon, and/or by paying them less than what was agreed upon.

If you find that Plaintiffs are entitled to damages because their employment contract was breached, you will be asked to determine the amount of money which reasonably, fairly and adequately compensates Plaintiffs for the loss of earnings and benefits Plaintiffs prove were proximately caused by the breach.

If you decide to award damages for the breach of each Plaintiff's employment contract, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**Instruction No. 25: Negligent Misrepresentation**

Source: <u>Clardy Mfg. Co. v. Marine Midland Business Loans</u>, 88 F.3d 347, 359 (5th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1078, 117 S. Ct. 740 (1997).

Plaintiffs allege claims against Pablo Martinez for negligent misrepresentation. Plaintiffs claim that in the course of Pablo Martinez's business, and in a transaction in which he had a pecuniary interest, Pablo Martinez supplied false information for the guidance of Plaintiffs, Plaintiffs justifiably relied upon the information and were injured, and Pablo Martinez failed to exercise reasonable care or competence in communicating the false information to Plaintiffs.

Plaintiffs claim that the false information was supplied by Pablo Martinez and his agents when they recruited Plaintiffs. To prove their claim of negligent misrepresentation, Plaintiffs must prove by a preponderance of the evidence that:

    (1)    Pablo Martinez made a representation, either directly or through an employee or agent, in the course of his business or in a transaction in which Pablo Martinez had a pecuniary interest;

    (2)    the representation supplied false information for the guidance of Plaintiffs in their business; and

    (3)    Pablo Martinez did not exercise reasonable care or competence in obtaining or communicating the information.

If you find that Pablo Martinez is liable for negligent misrepresentation you will be asked to determine an amount that is fair compensation for Plaintiffs' damages that were proximately caused by the negligent misrepresentation. These damages are limited

to monetary losses that the may Plaintiffs prove they have suffered as a result of any

negligent misrepresentation you find Pablo Martinez to be liable for.


Respectfully submitted,


Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
2201 Post Rd., Ste. 104
Austin, TX 78704
Tel.  512-447-7707
Fax.  512-447-3940
Attorney-in-Charge for Plaintiffs

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel.  956-968-9574
Fax.  956-968-8823
Co-Counsel for Plaintiffs


## CERTIFICATE OF CONFERENCE

I hereby certify that I spoke with Julia Hernandez on July 13, 2005 and she stated that Defendants would not file separate jury instructions or interrogatories and that jury instructions and interrogatories should be designated as jointly submitted.


Nathaniel Norton

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2005, a true and correct copy of this document was mailed via US Mail to Defendants Martinez and Martell's attorney of record as listed below:

Julia Hernandez
Fernando Saenz
Law Offices of Fernando Saenz
521 E. Pike Blvd.
Weslaco, TX 78596

Nathaniel Norton