| UNITED STATES DISTRICT COURT | ★ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| Armando Alonso, et al., Plaintiffs | CIVIL ACTION NO. B-04-005 |
| versus<br><br>Pablo Martinez and Eugene Martell | **PROPOSED VOIR DIRE QUESTIONS** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Breck Record |
| List of Defendants<br>Pablo Martinez and Eugene Martell | Proceeding       Date<br>Trial                August 8, 2005 |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Defendants Pablo Martinez and Eugene Martell, submit the following proposed voir dire questions:

1. This is a suit for damages resulting from alleged violations of federal and state laws which protect farm workers as well as common law claims of breach of contract and negligent misrepresentation. The plaintiffs in this case are 15 migrant farm workers who, in 2002, traveled from south Texas to Iowa in order to perform temporary agricultural field work in Illinois for independent contractor, Pablo Martinez. Plaintiffs initially named 3 defendants in this litigation which arose out of the agricultural work they performed in 2002. Of these defendants, Agrigenetics, Inc. d/b/a Mycogen Seed Company ("Mycogen") is no longer part of this lawsuit because it successfully settled its disputes with Plaintiffs. Unfortunately, Plaintiffs have been unable to resolve their claims with the remaining defendants: Pablo Martinez and Eugene Martell.
   The Plaintiffs were recruited to do corn detasseling work in Illinois for Mycogen. Pablo Martinez had a contract with Mycogen to do this work so he accordingly recruited workers to detassel corn in Mycogen's fields. Detasseling is unskilled, manual work that involves walking up and down rows of corn plucking tassels from the corn plant so that, instead of fertilizing itself, the plant is fertilized by a plant of another variety, thus creating a hybrid. The Plaintiffs traveled from their homes in South Texas to Iowa where they were provided with housing at a local hotel for the duration of the job. Martinez rented transportation from Mycogen to transport the workers from the hotel to the fields in Illinois and back on workdays. The work lasted just over three weeks for which the Plaintiffs were paid.
   During the course of these events, the Plaintiffs allege that Mr. Martinez and Mr. Martell violated several provisions of federal and Illinois law concerning farm labor recruitment, migrant labor housing and transportation, sanitation, and wages. For example, Plaintiffs contend that Mr. Martinez and Mr. Martell lacked the proper certifications as required by federal and state law to recruit, transport and house them. Plaintiffs allege that the Defendants did not keep records as required by the law. There are questions as to what the Defendants duties were with respect to lodging accommodations and whether such accommodations were adequate. Plaintiffs and Defendants also dispute whether the appropriate sanitation facilities were provided in the fields. Finally, the parties differ on the issue of whether the Plaintiffs were paid according to the requirements of the law. Do any of you know anything about the facts of this case through either personal knowledge or the media?

2. Do you understand that this is a civil case? This means that it is a civil dispute rather than a criminal prosecution.

3. Do you understand that the role of the jury is to be the "judge" of the disputed facts in the case? This means that each juror must listen to the evidence admitted in court and decide the relative value of that evidence to resolve questions that will be presented to the jury at the conclusion of the evidence.

4. Do you understand that the burden of proof in a civil case is different from that in a criminal case? This means that the party that must prove something to you, as jurors, must do so by a preponderance of the evidence or clear and convincing evidence, not beyond a reasonable doubt.

5. Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents that person from treating both sides of the dispute the same before hearing any evidence? For example, someone who lost a child in an accident involving a drunk driver might have difficulty being a juror in an automobile collision case in which one party alleged the other was intoxicated.

7. Do you understand that the jury-selection process is the sole opportunity that the litigants will have to learn if you have had experiences or have feelings or knowledge that may influence how you view the evidence in this case?

8. Are you acquainted with the plaintiff in this case?

9. Are you acquainted with the defendant in this case?

10. Do you recognize any of the attorneys who are here?

11. The attorneys in this case are JULIA HERNANDEZ and FERNANDO SAENZ of the Law Office of Fernando Saenz; and Nathaniel Norton and Rodolfo Sanchez of Texas Rio Grande Legal Aid. Have you, anyone close to you, or any member of your family (including your spouse, children, stepchildren, parents, brothers, sisters, children-in-law, brothers-in-law, sisters-in-law, or parents-in-law) ever been represented by any of these attorneys?

12. The following are potential witnesses in this case. Pablo Martinez, Eugene Martell, and Jim Sheriff of Mycogen. Do you know, or do you think you know, any of these people?

13. Do you know anyone else on the jury panel?

14. Have you, anyone close to you, or any member of your family ever worked for or been employed by any of the following companies: Mycogen or Agrigenetics?

15. Have you, anyone close to you, or any member of your family ever owned stock in the following companies: Mycogen or Agrigenetics?

16. Have you, anyone close to you, or any member of your family ever studied law?

17. Do any of you have a spouse who is a lawyer or who has studied law?

18. Have you, anyone close to you, or any member of your family ever been employed as a police officer, sheriff, constable, or other law enforcement officer?

20. Have you ever served in the armed forces?

21. Have you ever been a witness at a trial, civil or criminal?

22. Have you ever been a juror in a trial, civil or criminal?

23. If yes, were you the presiding juror?

24. If you were a juror in a civil trial, did the jury reach a verdict?

25. Has anyone close to you or any member of your family ever been involved as a plaintiff, defendant, or witness in a civil case or ever attended court for any reason?

26. If yes, is that civil case still pending?

27. Based on what you have heard about the facts of this case, was the civil action in which your friend or relative was involved similar in any way to this case?

28. Was there anything about the civil case in which your friend or relative was involved that you believe could have an impact on your ability to be a fair and impartial juror in this case?

29. Have you ever been a defendant in a suit brought for damages?

30. If yes, is that case still pending?

31. Based on what you have heard about the facts of this case, is the civil action in which you are or were a defendant similar in any way to this case?

32. Is there anything about the civil case in which you are or were a defendant that you believe could have an impact on your ability to be a fair and impartial juror in this case?

33. Have you ever been a plaintiff in a suit?

34. If yes, is that case still pending?

35. Based on what you have heard about the facts of this case, is the civil action in which you are or were a plaintiff similar in any way to this case?

36. Is there anything about the civil case in which you are or were a plaintiff that you believe could have an impact on your ability to be a fair and impartial juror in this case?

37. Have you read any advertisements, articles, or editorials concerning lawsuits or jury awards?

38. Are you a member of any organization that pertains to the justice system or reform or modification of the justice system?

39. This case is expected to last about a week. Do you have any confirmed vacation plans or other family matters that would conflict with jury service?

40. Do you have any physical disability or condition that would interfere with your serving as a juror in this case?

41. Would you be paid by your employer during jury service?

42. Have you heard anything during this jury-selection process that causes you concern about your ability to be a fair and impartial juror in this case?

43. Is there any matter that you would like to discuss privately that bears on your ability to serve as a juror in this case?

44. Have any of you ever been or anyone in your extended or immediate family ever been a migrant farm worker?

## CERTIFICATE OF SERVICE

I, Julia M. Hernandez, hereby certify that I have served a copy of the foregoing on Plaintiffs counsel, Nathaniel Norton and Rodolfo Sanchez via email and hand delivery respectively on this the 13th day of July 2005.

_____
Julia M. Hernandez